**Electronically Filed**

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY,<br>    Plaintiff, | ) | CASE NO. 3:20-CV-00330-DJH-LLK |
| | ) | |
| v. | ) | JUDGE DAVID J. HALE |
| | ) | MAGISTRATE JUDGE LANNY KING |
| THE AMBASSADOR GROUP LLC d/b/a<br>AMBASSADOR CAPTIVE SOLUTIONS,<br>et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>) | |

| | |
|---|---|
| STATE NATIONAL INSURANCE<br>COMPANY, INC.,<br>    Plaintiff-Intervenor,<br>v. | )<br>)<br>)<br>)<br>) |
| THE AMBASSADOR GROUP LLC d/b/a<br>AMBASSADOR CAPTIVE SOLUTIONS;<br>BRANDON WHITE; and PERFORMANCE<br>INSURANCE COMPANY SPC on behalf<br>Of GOLDENSTAR HOLDINGS<br>COMPANY SP and on behalf of SMART<br>INSURE SP,<br>    Defendants in Intervention. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER OF PERFORMANCE INSURANCE COMPANY SPC TO AMENDED
INTERVENING COMPLAINT, WITH CROSSCLAIM AGAINST BRANDON WHITE
AND THE AMBASSADOR GROUP LLC d/b/a AMBASSADOR CAPTIVE SOLUTIONS**

Defendant Performance Insurance Company SPC ("Defendant" or "Performance"), by counsel, submits its Answer to the Amended Intervening Complaint ("Amended Intervening Complaint") of Plaintiff-Intervenors State National Insurance Company, Inc. and National Specialty Insurance Company (collectively, "State

1

National") and asserts its Crossclaim against Defendants, Brandon White and the Ambassador Group LLC d/b/a Ambassador Captive Solutions.

## ANSWER TO AMENDED INTERVENING COMPLAINT

For its Answer to the Amended Intervening Complaint, Performance states as follows:

Performance has copied the captions utilized by State National in its Amended Intervening Complaint in structuring Performance's Answer, but Performance does not adopt the truth, accuracy or validity of any characterizations or representations in State National's captions.

## NATURE OF ACTION

1.      Performance denies the allegations in paragraph 1 of the Amended Intervening Complaint to the extent those allegations are directed to Performance or allege wrongdoing by Performance. Performance lacks sufficient knowledge or information to admit or deny the allegations to the extent they are directed to other defendants.

2.      In response to paragraph 2 of the Amended Intervening Complaint, Performance admits that the Court granted State National leave to intervene in this action but denies all remaining allegations in paragraph 2 of the Amended Intervening Complaint.

3.      Performance denies the allegations in paragraph 3 of the Amended Intervening Complaint to the extent those allegations are directed to Performance or allege wrongdoing by Performance. Performance lacks sufficient knowledge or

information to admit or deny the allegations to the extent they are directed to other defendants.

4.     Performance denies the allegations in paragraph 4 of the Amended Intervening Complaint to the extent those allegations are directed to Performance or allege wrongdoing by Performance. Performance lacks sufficient knowledge or information to admit or deny the allegations to the extent they are directed to other defendants.

5.     Performance denies the allegations in paragraph 5 of the Amended Intervening Complaint to the extent those allegations are directed to Performance or allege wrongdoing by Performance. Performance lacks sufficient knowledge or information to admit or deny the allegations to the extent they are directed to other defendants.

6.     Performance denies the allegations in paragraph 6 of the Amended Intervening Complaint to the extent those allegations are directed to Performance or allege wrongdoing by Performance. Performance lacks sufficient knowledge or information to admit or deny the allegations to the extent they are directed to other defendants.

**JURISDICTION AND VENUE**

7.     The allegations in paragraph 7 of the Amended Intervening Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Performance denies the allegations.

8.      The allegations in paragraph 8 of the Amended Intervening Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Performance denies the allegations.

9.      The allegations in paragraph 9 of the Amended Intervening Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Performance denies the allegations.

10.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 10 of the Amended Intervening Complaint.

11.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 11 of the Amended Intervening Complaint.

12.     Performance denies the allegations in paragraph 12 of the Amended Intervening Complaint.

13.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 13 of the Amended Intervening Complaint.

14.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 14 of the Amended Intervening Complaint.

**PARTIES**

15.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 15 of the Amended Intervening Complaint.

16.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 16 of the Amended Intervening Complaint.

17.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 17 of the Amended Intervening Complaint.

18.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 18 of the Amended Intervening Complaint.

19.     In response to paragraph 19 of the Amended Intervening Complaint, Performance admits that it is a segregated portfolio company based in the Cayman Islands and denies the remaining allegations in that paragraph.

20.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 20 of the Amended Intervening Complaint.

21.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 21 of the Amended Intervening Complaint.

## BACKGROUND FACTS

### State National Insurance Company.

22.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 22 of the Amended Intervening Complaint.

23.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 23 of the Amended Intervening Complaint.

24.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 24 of the Amended Intervening Complaint.

25.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 25 of the Amended Intervening Complaint.

### The Captive Programs.

26.     The allegations in paragraph 26 of the Amended Intervening Complaint contain no factual averments requiring a response.

27.     The allegations in paragraph 27 of the Amended Intervening Complaint are legal conclusions to which no response is required.  To the extent a response is required, Performance denies the allegations.

28.     The allegations in paragraph 28 of the Amended Intervening Complaint are legal conclusions to which no response is required.  To the extent a response is required, Performance denies the allegations.

29.     The allegations in paragraph 29 of the Amended Intervening Complaint are legal conclusions to which no response is required.  To the extent a response is required, Performance denies the allegations.

30.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 30 of the Amended Intervening Complaint.

31.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 31 of the Amended Intervening Complaint.

32.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 32 of the Amended Intervening Complaint.

33.     Performance lacks sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 33 of the Amended Intervening Complaint. Performance admits that "the [alleged] ePremium Scheme" was not operated through Performance.

**Ambassador Solicited State National.**

34.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 34 of the Amended Intervening Complaint.

35.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 35 of the Amended Intervening Complaint.

36.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 36 of the Amended Intervening Complaint.

37.     Performance denies the allegations in paragraph 37 of the Amended Intervening Complaint to the extent those allegations are directed to Performance or allege wrongdoing by Performance. Performance lacks sufficient knowledge or information to admit or deny the allegations to the extent they are directed to other defendants.

**The Forged General Agency Agreements.**

38.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 38 of the Amended Intervening Complaint.

39.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 39 of the Amended Intervening Complaint.

40.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 40 of the Amended Intervening Complaint.

41.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 41 of the Amended Intervening Complaint.

42.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 42 of the Amended Intervening Complaint.

**The Forged Quota Share Reinsurance Agreements.**

43.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 43 of the Amended Intervening Complaint.

44.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 44 of the Amended Intervening Complaint.   Performance denies that it signed the Quota Share Reinsurance Agreement or that it had knowledge of any forged documents.

45.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 45 of the Amended Intervening Complaint.   Performance denies that it signed the Quota Share Reinsurance Agreement or that it had knowledge of any forged documents.

46.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 46 of the Amended Intervening Complaint.   Performance denies that it signed the Quota Share Reinsurance Agreement or that it had knowledge of any forged documents.

47.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 47 of the Amended Intervening Complaint.   Performance denies that it signed the Quota Share Reinsurance Agreement or that it had knowledge of any forged documents.

48.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 48 of the Amended Intervening Complaint.   Performance denies that it signed the Quota Share Reinsurance Agreement or that it had knowledge of any forged documents.

49.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 49 of the Amended Intervening Complaint.   Performance

denies that it signed the Quota Share Reinsurance Agreement or that it had knowledge of any forged documents.

50.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 50 of the Amended Intervening Complaint.   Performance denies that it signed the Quota Share Reinsurance Agreement or that it had knowledge of any forged documents.

51.     Performance denies the allegations in paragraph 51 of the Amended Intervening Complaint.

52.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 52 of the Amended Intervening Complaint.   Performance denies that it signed the Quota Share Reinsurance Agreement or that it had knowledge of any forged documents.

53.     In response to paragraph 53 of the Amended Intervening Complaint, Performance admits that it has not made premium payments to State National and further states that it had no obligation to make such payments to State National. Performance lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 53 of the Amended Intervening Complaint.

54.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 54 of the Amended Intervening Complaint.   Performance denies that it had knowledge of any forged documents or emails.

55.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 55 of the Amended Intervening Complaint.

56.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 56 of the Amended Intervening Complaint.  Performance denies that it had knowledge of any forged documents or invoices.

**The Insurance Policies.**

57.     Performance denies the allegations in paragraph 57 of the Amended Intervening Complaint to the extent those allegations are directed to Performance or allege wrongdoing by Performance. Performance lacks sufficient knowledge or information to admit or deny the allegations to the extent they are directed to other defendants. Performance denies that it had knowledge of any allegedly "counterfeit" policies.

**The Madera Scheme.**

58.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 58 of the Amended Intervening Complaint.

59.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 59 of the Amended Intervening Complaint.

60.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 60 of the Amended Intervening Complaint.

61.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 61 of the Amended Intervening Complaint.

62.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 62 of the Amended Intervening Complaint.

63.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 63 of the Amended Intervening Complaint.

64.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 64 of the Amended Intervening Complaint.

65.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 65 of the Amended Intervening Complaint.

66.     Performance denies the allegations in paragraph 66 of the Amended Intervening Complaint to the extent those allegations are directed to Performance or allege wrongdoing by Performance. Performance lacks sufficient knowledge or information to admit or deny the allegations to the extent they are directed to other defendants.

**The Gagliardi Scheme.**

67.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 67 of the Amended Intervening Complaint.

68.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 68 of the Amended Intervening Complaint.

69.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 69 of the Amended Intervening Complaint.

70.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 70 of the Amended Intervening Complaint.

71.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 71 of the Amended Intervening Complaint.

72.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 72 of the Amended Intervening Complaint.

73.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 73 of the Amended Intervening Complaint.

74.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 74 of the Amended Intervening Complaint.

**The Royal Waste Scheme.**

75.     Performance denies the allegations in paragraph 75 of the Amended Intervening Complaint to the extent those allegations are directed to Performance or allege wrongdoing by Performance. Performance lacks sufficient knowledge or information to admit or deny the allegations to the extent they are directed to other defendants.

76.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 76 of the Amended Intervening Complaint.

77.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 77 of the Amended Intervening Complaint.

78.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 78 of the Amended Intervening Complaint.

79.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 79 of the Amended Intervening Complaint.

80.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 80 of the Amended Intervening Complaint.

81.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 81 of the Amended Intervening Complaint.

82.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 82 of the Amended Intervening Complaint.

**Other Schemes.**

83.     Performance denies the allegations in paragraph 83 of the Amended Intervening Complaint to the extent those allegations are directed to Performance or allege wrongdoing by Performance. Performance lacks sufficient knowledge or information to admit or deny the allegations to the extent they are directed to other defendants.

84.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 84 of the Amended Intervening Complaint.

85.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 85 of the Amended Intervening Complaint.

86.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 86 of the Amended Intervening Complaint.

87.     Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 87 of the Amended Intervening Complaint.

88.     Performance denies the allegations in paragraph 88 of the Amended Intervening Complaint to the extent those allegations are directed to Performance or allege wrongdoing by Performance. Performance lacks sufficient knowledge or information to admit or deny the allegations to the extent they are directed to other defendants. Performance denies knowledge of any "counterfeit" policies or "schemes."

89.     Performance denies the allegations in paragraph 89 of the Amended Intervening Complaint to the extent those allegations are directed to Performance or

allege wrongdoing by Performance. Performance lacks sufficient knowledge or information to admit or deny the allegations to the extent they are directed to other defendants.

## COUNT ONE

### Trademark Infringement, Unfair Competition and False Designation of Origin Under 15 U.S.C. §§ 1125(a), 1116, 1117 (*Against All Defendants*)

90.     Performance incorporates by reference its answers in each paragraph above as if specifically stated herein.

91.     Performance denies the allegations in paragraph 91 of the Amended Intervening Complaint.

92.     Performance denies the allegations in paragraph 92 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

93.     Performance denies the allegations in paragraph 93 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

94.     Performance denies the allegations in paragraph 94 of the Amended Intervening Complaint.

95.     Performance denies the allegations in paragraph 95 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and

lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

96.     Performance denies the allegations in paragraph 96 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

97.     Performance denies the allegations in paragraph 97 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

98.     Performance denies the allegations in paragraph 98 of the Amended Intervening Complaint.

99.     Performance denies the allegations in paragraph 99 of the Amended Intervening Complaint.

100.    Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 100 of the Amended Intervening Complaint.

101.    Performance denies the allegations in paragraph 101 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

102.    Performance denies the allegations in paragraph 102 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and

lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

103.   Performance denies the allegations in paragraph 103 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

104.   Performance denies the allegations in paragraph 104 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

105.   Performance denies the allegations in paragraph 105 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

106.   Performance denies the allegations in Paragraph 106 of the Amended Intervening Complaint.

107.   Performance denies the allegations in paragraph 107 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

108.   Performance denies the allegations in paragraph 108 of the Amended Intervening Complaint.

109.   Performance denies the allegations in paragraph 109 of the Amended Intervening Complaint.

110.   Performance denies the allegations in paragraph 110 of the Amended Intervening Complaint.

111.   Performance denies the allegations in paragraph 111 of the Amended Intervening Complaint.

112.   Performance denies the allegations in paragraph 112 of the Amended Intervening Complaint.

## COUNT TWO

**Indirect (Contributory and Vicarious) Infringement
Under 15 U.S.C. §§ 1114, 1116, and 1117
(*Against Ambassador, White and Performance*)**

113.   Performance incorporates by reference its answers in each paragraph above as if specifically stated herein.

114.   Performance denies the allegations in paragraph 114 of the Amended Intervening Complaint.

115.   Performance denies the allegations in paragraph 115 of the Amended Intervening Complaint.

116.   Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 116 of the Amended Intervening Complaint.

117.   Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 117 of the Amended Intervening Complaint.

118.   Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 118 of the Amended Intervening Complaint.

119.   Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 119 of the Amended Intervening Complaint.

120.   Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 120 of the Amended Intervening Complaint.

121.   Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 121 of the Amended Intervening Complaint.

122.   Performance denies the allegations in paragraph 122 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

123.   Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 123 of the Amended Intervening Complaint.

124.   Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 124 of the Amended Intervening Complaint.

125.   Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 125 of the Amended Intervening Complaint.

126.   Performance denies the allegations in paragraph 126 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

127.   Performance denies the allegations in paragraph 127 of the Amended Intervening Complaint.

128.    Performance denies the allegations in paragraph 128 of the Amended Intervening Complaint.

## COUNT THREE

### Misappropriation of Name
### (*Against All Defendants*)

129.    Performance incorporates by reference its answers in each paragraph above as if specifically stated herein.

130.    Performance denies the allegations in paragraph 130 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

131.    Performance denies the allegations in paragraph 131 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

132.    Performance denies the allegations in paragraph 132 of the Amended Intervening Complaint.

133.    Performance denies the allegations in paragraph 133 of the Amended Intervening Complaint.

134.    Performance denies the allegations in paragraph 134 of the Amended Intervening Complaint.

## COUNT FOUR

### Deceptive Trade Practices and Unfair Competition
### Under Kentucky, New York and Texas Common Law
### (*Against All Defendants*)

135.    Performance incorporates by reference its answers in each paragraph above as if specifically stated herein.

136.    Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 136 of the Amended Intervening Complaint.

137.    Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 137 of the Amended Intervening Complaint.

138.    Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 138 of the Amended Intervening Complaint.

139.    Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 139 of the Amended Intervening Complaint.

140.    Performance denies the allegations in paragraph 140 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

141.    Performance denies the allegations in paragraph 141 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

142.    Performance denies the allegations in paragraph 142 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and

lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

143.   Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 143 of the Amended Intervening Complaint.

144.   Performance denies the allegations in paragraph 144 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

145.   Performance denies the allegations in paragraph 145 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

146.   Performance denies the allegations in paragraph 146 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

147.   Performance denies the allegations in paragraph 147 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

148.   Performance denies the allegations in paragraph 148 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and

lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

149.    Performance denies the allegations in paragraph 149 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

150.    Performance denies the allegations in paragraph 150 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

151.    Performance denies the allegations in paragraph 151 of the Amended Intervening Complaint.

152.    Performance denies the allegations in paragraph 152 of the Amended Intervening Complaint.

153.    Performance denies the allegations in paragraph 153 of the Amended Intervening Complaint.

154.    Performance denies the allegations in paragraph 154 of the Amended Intervening Complaint.

**<u>COUNT FIVE</u>**

**Insurance Fraud**
**Under K.R.S. §§ 304.47-020(d), (1)(g), and (6)**
**(*Against Ambassador, White and Performance*)**

155.    Performance incorporates by reference its answers in each paragraph above as if specifically stated herein.

156.    Performance denies the allegations in paragraph 156 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

157.    Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 157 of the Amended Intervening Complaint.

158.    Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 158 of the Amended Intervening Complaint.

159.    Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 159 of the Amended Intervening Complaint.

160.    Performance denies the allegations in paragraph 160 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

161.    Performance denies the allegations in paragraph 161 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

162.    Performance denies the allegations in paragraph 162 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

163.    Performance denies the allegations in paragraph 163 of the Amended Intervening Complaint.

164.    Performance denies the allegations in paragraph 164 of the Amended Intervening Complaint.

165.    Performance denies the allegations in paragraph 165 of the Amended Intervening Complaint.

<u>**COUNT SIX**</u>

**Common Law Fraud**
**(*Against Ambassador and White*)**

166.    Performance incorporates by reference its answers in each paragraph above as if specifically stated herein.

167.    The allegations in paragraph 167 of the Amended Intervening Complaint pertain to defendants other than Performance, and therefore, require no response from Performance.  To the extent a response is required, Performance lacks sufficient information to admit or deny the allegations in paragraph 167 of the Amended Intervening Complaint.

168.    The allegations in paragraph 168 of the Amended Intervening Complaint pertain to defendants other than Performance, and therefore, require no response from Performance. To the extent a response is required, Performance lacks sufficient information to admit or deny the allegations in paragraph 168 of the Amended Intervening Complaint.

169.    The allegations in paragraph 169 of the Amended Intervening Complaint pertain to defendants other than Performance, and therefore, require no response from Performance.  To the extent a response is required, Performance lacks sufficient

information to admit or deny the allegations in paragraph 169 of the Amended Intervening Complaint.

170.   The allegations in paragraph 170 of the Amended Intervening Complaint pertain to defendants other than Performance, and therefore, require no response from Performance.   To the extent a response is required, Performance lacks sufficient information to admit or deny the allegations in paragraph 170 of the Amended Intervening Complaint.

171.   The allegations in paragraph 171 of the Amended Intervening Complaint pertain to defendants other than Performance, and therefore, require no response from Performance.   To the extent a response is required, Performance lacks sufficient information to admit or deny the allegations in paragraph 171 of the Amended Intervening Complaint.

172.   The allegations in paragraph 172 of the Amended Intervening Complaint pertain to defendants other than Performance, and therefore, require no response from Performance.   To the extent a response is required, Performance lacks sufficient information to admit or deny the allegations in paragraph 172 of the Amended Intervening Complaint.

173.   The allegations in paragraph 173 of the Amended Intervening Complaint pertain to defendants other than Performance, and therefore, require no response from Performance.   To the extent a response is required, Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 173 of the Amended Intervening Complaint.

174.   The allegations in paragraph 174 of the Amended Intervening Complaint pertain to defendants other than Performance, and therefore, require no response from Performance.  To the extent a response is required, Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 174 of the Amended Intervening Complaint.

## COUNT SEVEN

**Negligence Per Se**
**Under K.R.S. §446.070**
**(*Against Ambassador and White*)**

175.   Performance incorporates by reference its answers in each paragraph above as if specifically stated herein.

176.   The allegations in paragraph 176 of the Amended Intervening Complaint pertain to defendants other than Performance, and therefore, require no response from Performance.  To the extent a response is required, the allegations in paragraph 176 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Performance lacks sufficient knowledge or information to admit or deny the allegations.

177.   The allegations in paragraph 177 of the Amended Intervening Complaint pertain to defendants other than Performance, and therefore, require no response from Performance.  To the extent a response is required, Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 177 of the Amended Intervening Complaint.

178.   The allegations in paragraph 178 of the Amended Intervening Complaint pertain to defendants other than Performance, and therefore, require no response from

Performance.  To the extent a response is required, Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 178 of the Amended Intervening Complaint.

179.   The allegations in paragraph 179 of the Amended Intervening Complaint pertain to defendants other than Performance, and therefore, require no response from Performance.  To the extent a response is required, Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 179 of the Amended Intervening Complaint.

180.   The allegations in paragraph 180 of the Amended Intervening Complaint pertain to Defendants other than Performance, and therefore, require no response from Performance.  To the extent a response is required, the allegations in paragraph 180 of the Amended Intervening Complaint are legal conclusions to which no response is required.  To the extent a response is required, Performance denies the allegations.

181.   The allegations in paragraph 181 of the Amended Intervening Complaint pertain to defendants other than Performance, and therefore, require no response from Performance.  To the extent a response is required, the allegations in paragraph 181 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Performance denies the allegations.

182.   The allegations in paragraph 182 of the Amended Intervening Complaint pertain to defendants other than Performance, and therefore, require no response from Performance.  To the extent a response is required, the allegations in paragraph 182 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Performance denies the allegations.

183.    The allegations in paragraph 183 of the Amended Intervening Complaint pertain to defendants other than Performance, and therefore, require no response from Performance.  To the extent a response is required, the allegations in paragraph 183 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Performance denies the allegations.

184.    The allegations in paragraph 184 of the Amended Intervening Complaint pertain to defendants other than Performance, and therefore, require no response from Performance.  To the extent a response is required, the allegations in paragraph 184 contain no factual averments requiring a response.

185.    The allegations in paragraph 185 of the Amended Intervening Complaint pertain to defendants other than Performance, and therefore, require no response from Performance. To the extent a response is required, Performance lacks sufficient knowledge or information to admit or deny the allegations in paragraph 185 of the Amended Intervening Complaint.

## COUNT EIGHT

### Declaratory Relief
### (*Against All Defendants*)

186.    Performance incorporates by reference its answers in each paragraph above as if specifically stated herein.

187.    Performance denies the allegations in paragraph 187 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

28

188.   Performance denies the allegations in paragraph 188 of the Amended Intervening Complaint to the extent those allegations are directed to Performance and lacks sufficient knowledge or information to admit or deny the allegations to the extent directed to other defendants.

189.   Performance denies the allegations in paragraph 189 of the Amended Intervening Complaint.

190.   The allegations in paragraph 190, including subparts (a) through (c) contain no factual averments requiring a response.   Performance denies that State National is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

191.   Performance expressly denies any allegations in the Amended Intervening Complaint not specifically admitted herein.

192.   Performance denies that State National is entitled to any relief on the claims made in its Amended Intervening Complaint.

193.   Performance denies any unnumbered Prayer for Relief of the Amended Intervening Complaint.

194.   State National's alleged damages, if any, were caused by the acts of third parties and not by any act or omission attributable to Performance.

195.   State National's alleged damages, if any, were caused solely and proximately by the acts of State National, and not by Performance.

196.   The claims asserted in the Amended Intervening Complaint are barred based upon failure or lack of consideration.

197.    State National has failed to mitigate, reduce or otherwise avoid its alleged damages.

198.    The Amended Intervening Complaint is barred by the doctrines of lack of privity of contract, lack of consideration, estoppel, waiver, comparative negligence, acquiescence, laches and the applicable statute of limitations.

199.    State National has failed to join and include in this action all identifiable and indispensable parties without whom in equity and in fairness this action should not proceed.

200.    State National's claims are barred because it has received payment in full.

201.    State National's claims are barred because the alleged conduct of Performance was not a proximate cause of the loss or damage, if any, to State National.

202.    State National's claims are barred because Performance acted in good faith.

203.    State National's claims are barred because Performance acted in accordance with established custom and usage of its industry.

204.    State National's claims are barred because the relief sought would result in its unjust enrichment.

205.    State National is not entitled to recover attorneys' fees under Kentucky law.

206.    Performance is entitled to set-off from any amount being claimed by State National, any and all amounts due Performance from State National.

207.    Performance states that State National failed to affix statutory notice of its alleged registered trademark rights to its mark.

208.   Performance had no actual notice of State National's alleged trademark registration.

209.   Performance states that neither the marks used nor the services provided by the parties are substantially indistinguishable.

210.   Performance states that State National has not suffered cognizable injury or damage under the allegations set forth in its Amended Intervening Complaint. Performance denies that State National has suffered the harm or damages as described in the Amended Intervening Complaint. However, if it has suffered such harm or damages, they were caused in whole or in part by the conduct of the State National or of third parties, and therefore, any award against Performance should be reduced by virtue of contributory negligence, comparative negligence, contribution, apportionment, or indemnity.

211.   Performance states that State National expressly or impliedly authorized some or all of the actions of defendants about which it now complains.

212.   Performance is not organized or formed in the Commonwealth of Kentucky, does not maintain a place of business in the Commonwealth of Kentucky, and does not transact business within the Commonwealth of Kentucky.   Similarly, Performance does not have sufficient minimum contacts with the Commonwealth of Kentucky to subject it to personal jurisdiction before the courts of the Commonwealth of Kentucky in this matter.   Performance pleads and relies upon lack of personal jurisdiction over Performance as a defense to all claims asserted against it.

213.   Performance pleads lack of and/or improper venue for this action as an affirmative defense.

214.    Performance incorporates all affirmative defenses properly pleaded by the other defendants in this matter which may be applicable, intends to reply on all other properly provable defenses, and reserves the right to amend its Answer to and through the time of trial.

215.    Performance states that it pleads any matter which could be asserted as an affirmative defense or avoidance, and reserve the right to amend this Answer in the event that discovery reveals additional defenses.

<u>**CROSSCLAIM AGAINST BRANDON WHITE AND THE
AMBASSADOR GROUP LLC D/B/A AMBASSADOR CAPTIVE SOLUTIONS**</u>

For its Crossclaim against Brandon White ("White") and the Ambassador Group LLC d/b/a Ambassador Captive Solutions ("Ambassador"), Performance states as follows:

1.    Performance makes the following crossclaim subject to and without waiving its right to dismissal of claims against it based on any of the grounds alleged herein.

<u>**PARTIES**</u>

2.    Defendant-Cross Plaintiff Performance is a segregated portfolio company organized under the laws of the Cayman Islands with its principal place of business in the Cayman Islands.

3.    Upon information and belief, Cross Defendant White is a resident of Kentucky and resides in Louisville, Kentucky.

4.    Upon information and belief, Cross Defendant Ambassador is a Kentucky limited liability company with a principal place of business in Kentucky.  White and

Ambassador are collectively referred to in this Crossclaim as the "Ambassador Defendants."

5.      The Complaint of Plaintiff Lexington Insurance Company ("Lexington") and the Amended Intervening Complaint of State National Insurance Company, Inc. and National Specialty Insurance Company (collectively, "State National") (Lexington and State National are collectively referred to as "Plaintiffs") include allegations against Performance arising from the issuance of insurance policies in Plaintiffs' names alleged to be "counterfeit," "forged," and/or part of an alleged fraudulent scheme carried out and implemented by the Ambassador Defendants. Performance denies the allegations in Plaintiffs' Complaints and denies its knowledge of or involvement in any procurement or issuance of any "counterfeit" or "forged" insurance policies, invoices, or related documents.

6.      Performance brings this Crossclaim as a precaution against the possibility that Performance may be found liable to Plaintiffs because of anything that the Ambassador Defendants allegedly did or allegedly failed to do. In that event, Performance would be entitled to indemnification from the Ambassador Defendants. Performance is also entitled to declaratory relief.

7.      Plaintiffs' allegations are broadly that the Ambassador Defendants procured and caused the fraudulent issuance of counterfeit insurance policies, certificates, and invoices fraudulently bearing Plaintiffs' names, without Plaintiffs' knowledge or consent.

8.      Plaintiffs specifically allege that the Ambassador Defendants forged or caused to be forged the signatures of purported representatives of Plaintiffs on

insurance contracts, emails, and invoices, thereby creating the impression that Plaintiffs had agreed to insure risks that they never agreed to insure.

9.      The Complaints further allege that, through their alleged fraud and forgeries, the Ambassador Defendants caused the issuance of a number of reinsurance agreements between captive insurance companies and Plaintiffs.

10.      As a segregated portfolio company, Performance has no role or involvement in the identification or selection of issuing insurance carriers, such as Plaintiffs in this action, to issue policies for captive reinsurance companies who rent cells in Performance's segregated portfolios.  Identification and selection of issuing carriers to issue policies for such captive reinsurance companies is a function performed by captive intermediary consultants, such as the Ambassador Defendants, without input or involvement of Performance.

11.      Similarly, Performance has no role or involvement in communications or negotiations with issuing carriers concerning their willingness or agreement to issue policies for captive reinsurance companies who rent cells in Performance's segregated portfolios.  Those communications and functions are performed by other entities, such as captive intermediary consultants or brokers, without input or involvement of Performance.

12.      Performance did not participate in the identification or selection of Plaintiffs as potential issuing insurance carriers for the captive reinsurance companies identified in Plaintiffs' Complaints.  Upon information and belief, those functions were performed by the Ambassador Defendants, without input or involvement of Performance.

13.     Performance did not participate in any communications or negotiations with Plaintiffs concerning their willingness or agreement to issue policies for the captive reinsurance companies identified in Plaintiffs' Complaints. Upon information and belief, those functions were performed by the Ambassador Defendants, without input or involvement of Performance.

14.     Performance did not participate in the procurement or issuance of any of the insurance policies, insurance certificates, or invoices identified in Plaintiffs' Complaints. Upon information and belief, those functions were performed by the Ambassador Defendants or other parties.

15.     Performance did not forge any signatures or falsify any documents in connection with the issuance of any of the insurance policies, certificates, or invoices identified in Plaintiffs' Complaint, nor are there allegations that Performance engaged in any such conduct, as those documents were prepared by the Ambassador Defendants and other parties without Performance's involvement or participation.  Similarly, Performance had no knowledge of any alleged forgeries or allegedly falsified documents being submitted by the Ambassador Defendants or other parties to cause the issuance of any of the insurance policies or insurance certificates identified in Plaintiffs' Complaints.

16.     Performance relied upon representations and documents from the Ambassador Defendants that purported to show that Plaintiffs had agreed to the issuance of policies bearing their name.

17.   The alleged actions and omissions by the Ambassador Defendants were the primary alleged causes of the events for which Plaintiffs claim to seek damages and other relief, including any claims Plaintiffs are pursuing against Performance.

## CROSSCLAIM
## COUNT I
## (Common-Law Indemnity)

18.   Performance repeats and reiterates all the foregoing allegations as though fully set forth herein.

19.   The Ambassador Defendants, by the actions and omissions alleged in Plaintiffs' Complaints and referred to herein, are alleged to have acted willfully and fraudulently by obtaining through forgery the issuance of the policies, reinsurance contracts, insurance certificates, and invoices that are the subject of Plaintiffs' claims.

20.   According to the Complaints, the actions and omissions alleged in Plaintiffs' Complaints and referred to herein directly caused the injuries that Plaintiffs allegedly incurred and seek to recover against all Defendants, including Performance.

21.   In the event that Performance may be found liable to Plaintiffs, Performance's liability would be secondary to that of the Ambassador Defendants, whose actions and omissions Plaintiffs allege were direct, active, primary, proximate, efficient, and superseding causes of the injuries alleged by Plaintiffs. In such an event, Performance is entitled to a judgment of indemnity against the Ambassador Defendants for all amounts assessed against Performance, with reimbursement for all costs, including attorney fees, incurred by Performance in defending Plaintiffs' claims.

22.   Plaintiffs' Complaints assert that Performance is constructively, secondarily, and/or vicariously liable to Plaintiffs based on the actions and omissions

of the Ambassador Defendants. Therefore, for this alternative reason as well, Performance is entitled to complete indemnification from the Ambassador Defendants, for all amounts assessed against Performance and incurred by Performance in defending Plaintiffs' claims, including reimbursement for all costs and attorney fees incurred by Performance.

## COUNT II
### (Declaratory Judgment)

23.     Performance repeats and reiterates all the foregoing allegations as though fully set forth herein.

24.     Plaintiffs' Complaints allege, among other things, that the Ambassador Defendants and Defendants wrongfully used Plaintiffs' trademarks and caused Plaintiffs' alleged injuries. These allegations create an actual and substantial dispute and controversy between Performance and one or more of the Ambassador Defendants regarding alleged liability for any such alleged injuries.

25.     Performance seeks all appropriate relief under the Declaratory Judgment Act, including a judgment declaring that Performance did not owe or breach any duties to Plaintiffs and that Performance is entitled to be indemnified by the Ambassador Defendants against alleged liability based on alleged acts or omissions by them, with reimbursement for all costs, including attorney fees, incurred by Performance in defending Plaintiffs' claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Performance Insurance Company SPC respectfully requests the following relief:

A.      That Plaintiff's Amended Intervening Complaint be dismissed with prejudice;

B.      That Performance be awarded appropriate indemnification against the Ambassador Defendants;

C.      That the Court grant the declaratory relief requested herein;

D.      An award to Performance of its costs and disbursements, including reasonable attorneys' fees, of this action;

E.      Trial by jury; and

F.      All other and further relief as the Court may deem just and equitable

Respectfully submitted,

/s/ W. Mitchell Hall, Jr.
W. Mitchell Hall, Jr., Esq.
Keri E. Hieneman, Esq.
VANANTWERP ATTORNEYS, LLP
1544 Winchester Avenue, Fifth Floor
P.O. Box 111
Ashland KY 41105-1111
Office: (606) 329-2929
Fax: (606) 329-0490
whall@vanattys.com
khieneman@vanattys.com
*Counsel for Defendant, Performance Insurance Company SPC*

## CERTIFICATE OF SERVICE

I, the undersigned, on this the 16th day of October, 2020, hereby certify that a true and accurate copy of the foregoing was electronically filed through the Court's CM/ECF e-filing system which provides service to the parties registered with the Court's CM/ECF system.

/s/ W. Mitchell Hall, Jr.
*Counsel for Defendant, Performance Insurance Company SPC*