**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **LEXINGTON INSURANCE COMPANY,** )<br>)<br>**Plaintiff** )<br>)<br>**and** )<br>)<br>**STATE NATIONAL INSURANCE** )<br>**COMPANY, INC,** *et al.* )<br>)<br>**Intervening Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**THE AMBASSADOR GROUP LLC,** *et al.*, )<br>)<br>**Defendants.** ) | **CASE NO. 3:20-CV-00330-DJH** |

**AMBASSADOR DEFENDANTS' ANSWER TO PERFORMANCE'S CROSSCLAIMS**

Defendants The Ambassador Group LLC and Brandon M. White (collectively, "Ambassador Defendants"), for their answer to the crossclaims ("Crossclaim") filed against them by Defendant Performance Insurance Group PSC ("Performance"), state as follows:

1.      With respect to the allegations in paragraph 1 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required.  To the extent any response is required, Ambassador Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within paragraph 1 of the Crossclaim and, therefore, deny same.

2.      Ambassador Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within paragraph 2 of the Crossclaim, and therefore deny same.

3.      Ambassador Defendants admit the allegations contained in paragraph 3 of the Crossclaim.

4.      Ambassador Defendants admit the allegations contained in paragraph 4 of the Crossclaim.

5.      With respect to the allegations in paragraph 5 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required.  To the extent any response is required, Ambassador Defendants deny the allegations contained within paragraph 5 of the Crossclaim.

6.      With respect to the allegations in paragraph 6 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required.  To the extent any response is required, Ambassador Defendants deny the allegations contained within paragraph 6 of the Crossclaim.

7.      With respect to the allegations in paragraph 7 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required. To the extent any response is required, Ambassador Defendants deny the allegations contained in paragraph 7 of the Crossclaim.

8.      With respect to the allegations in paragraph 8 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required.  To

the extent any response is required, Ambassador Defendants deny the allegations contained within paragraph 8 of the Crossclaim.

9.     With respect to the allegations in paragraph 9 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required.  To the extent any response is required, Ambassador Defendants deny the allegations contained within paragraph 9 of the Crossclaim.

10.     Ambassador Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within paragraph 10 of the Crossclaim, and therefore deny same.

11.     Ambassador Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within paragraph 11 of the Crossclaim, and therefore deny same.

12.     Ambassador Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within paragraph 12 of the Crossclaim, and therefore deny same.

13.     Ambassador Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within paragraph 13 of the Crossclaim, and therefore deny same.

14.     Ambassador Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within paragraph 14 of the Crossclaim, and therefore deny same.

15.     Ambassador Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within paragraph 15 of the Crossclaim, and therefore deny same.

16.     Ambassador Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within paragraph 16 of the Crossclaim, and therefore deny same.

17.     With respect to the allegations in paragraph 17 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required.  To the extent any response is required, Ambassador Defendants deny the allegations contained within paragraph 17 of the Crossclaim.

18.     Ambassador Defendants for their answer to paragraph 18 of the Crossclaim incorporate here by reference, pursuant to Fed. R. Civ. P. 10(c), their answers to paragraphs 1 through 17 of the Crossclaim.

19.     With respect to the allegations in paragraph 19 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required.  To the extent any response is required, Ambassador Defendants deny the allegations contained in paragraph 19 of the Crossclaim.

20.     With respect to the allegations in paragraph 20 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required.  To the extent any response is required, Ambassador Defendants deny the allegations contained in paragraph 20 of the Crossclaim.

21.     With respect to the allegations in paragraph 21 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required.  To the extent any response is required, Ambassador Defendants deny the allegations contained in paragraph 21 of the Crossclaim.

22.     With respect to the allegations in paragraph 22 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required.  To the extent any response is required, Ambassador Defendants deny the allegations contained in paragraph 22 of the Crossclaim.

23.     Ambassador Defendants for their answer to paragraph 23 of the Crossclaim incorporate here by reference, pursuant to Fed. R. Civ. P. 10(c), their answers to paragraphs 1 through 22 of the Crossclaim.

24.     With respect to the allegations in paragraph 24 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required.  To the extent any response is required, Ambassador Defendants deny the allegations contained in paragraph 24 of the Crossclaim.

25.     With respect to the allegations in paragraph 25 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required.  To the extent any response is required, Ambassador Defendants deny the allegations contained in paragraph 25 of the Crossclaim.

26.     Ambassador Defendants expressly deny any allegations contained in the Crossclaim not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

27.     The Crossclaim fails to state a claim upon which relief can be granted.

28.     Ambassador Defendants are not liable to Plaintiff Lexington Insurance Company, or Intervening Plaintiffs State National Life Insurance Company, Inc. and National Specialty Insurance Company, for any claim or damages.

29.     Ambassador Defendants are not liable to Performance for any claim or damages.

30.     Ambassador Defendants are entitled to set off any award of damages to Performance on its crossclaims against Ambassador Defendants, with any amount or amounts owed by Performance to Ambassador Defendants for other and distinct debts.

31.     Ambassador Defendants plead any matter which could be asserted as an affirmative defense or avoidance, and reserve the right to amend this answer to the Intervening Complaint in the event that discovery reveals additional defenses.

**Demand For Judgment**

Ambassador Defendants demand judgment in their favor on the claims alleged against them in the Crossclaim as follows:

A.      Dismissing the Crossclaim, and all claims alleged therein against Ambassador Defendants, with prejudice;

B.      Awarding Ambassador Defendants their costs, including but not limited to reasonable attorneys' fees;

C.      Awarding Ambassador Defendants all other relief to which they may be entitled.

/s/ Kevin A. Imhof
Culver V. Halliday
Kevin A. Imhof
STOLL KEENON OGDEN PLLC
500 West Jefferson Street
Suite 2000
Louisville, Kentucky 40202
(502) 333-6000
culver.halliday@skofirm.com
kevin.imhof@skofirm.com

Attorneys for Defendants
The Ambassador Group LLC and
Brandon White

124988.167966/8373995.1