IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 3:20-CV-00330-DJH-LLK |
| THE AMBASSADOR GROUP LLC d/b/a | ) | |
| AMBASSADOR CAPTIVE SOLUTIONS; | ) | Judge David J. Hale |
| GAGLIARDI INSURANCE SERVICES, INC.; | ) | |
| GOLDENSTAR SPECIALTY INSURANCE, | ) | Magistrate Judge Lanny King |
| LLC; PERFORMANCE INSURANCE | ) | |
| COMPANY SPC on behalf of GOLDENSTAR | ) | |
| HOLDINGS COMPANY SP and on behalf of | ) | |
| SMART INSURE SP; and BRANDON WHITE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| STATE NATIONAL INSURANCE | ) | |
| COMPANY, INC. and NATIONAL | ) | |
| SPECIALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff-Intervenors, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE AMBASSADOR GROUP LLC d/b/a | ) | |
| | ) | |
| AMBASSADOR CAPTIVE SOLUTIONS; | ) | |
| BRANDON WHITE; PERFORMANCE | ) | |
| INSURANCE COMPANY SPC; EPREMIUM | ) | |
| INSURANCE AGENCY, LLC; and | ) | |
| GAGLIARDI INSURANCE SERVICES, INC., | ) | |
| | ) | |
| Defendants in Intervention. | ) | |
| | ) | |

**ANSWER OF DEFENDANT EPREMIUM INSURANCE AGENCY, LLC
TO AMENDED INTERVENING COMPLAINT**

Defendant in Intervention ePremium Insurance Agency, LLC ("ePremium"), by and through its undersigned counsel, hereby responds to the Amended Intervening Complaint (the "Amended Complaint") filed by Plaintiff-Intervenors State National Insurance Company, Inc. and National Specialty Insurance Company (collectively, "State National") as follows.  Except as otherwise expressly recognized herein, ePremium denies each and every allegation.  In addition, all headings and subheadings are repeated solely for the Court's convenience and ePremium denies all allegations in the headings, subheadings, footnotes, or prayers for relief in the Amended Complaint, unless expressly indicated otherwise. ePremium expressly reserves the right to seek to amend or supplement its Answer.  Finally, for the sake of clarity, and unless otherwise expressly stated, ePremium uses the defined terms and phrases in the Amended Complaint for purposes of this Answer, but, in so doing, does not concede that any such definitions are correct or proper.

## NATURE OF THE ACTION

1.     The allegations of Paragraph 1 of the Amended Complaint state conclusions of law and Plaintiff's characterizations to which no response is required.  To the extent a response is required, ePremium denies the allegations of Paragraph 1 of the Amended Complaint to the extent that such allegations are directed at or intended to allege any wrongdoing on the part of ePremium, except ePremium admits that Lexington Insurance Company ("Lexington") originally commenced this action against Defendants The Ambassador Group LLC d/b/a Ambassador Captive Solutions, Gagliardi Insurance Services, Inc., Goldenstar Specialty Insurance LLC, Performance Insurance Company SPC on behalf of Goldenstar Holdings Company SP and on behalf of Smart Insure SP, and Brandon White (the "Original Defendants") and respectfully refers the Court to Lexington's Complaint (ECF 1) for a complete and accurate statement of its contents.  By way of further

answer, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other Defendants.

2.      The allegations of Paragraph 2 of the Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required, ePremium denies the allegations of Paragraph 2 of the Amended Complaint to the extent that such allegations are directed at or intended to allege any wrongdoing on the part of ePremium, except that ePremium admits that State National sought leave to intervene in this action and respectfully refers the Court to State National's Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24 (ECF 31) and the Court's Order Granting State National's Motion to Intervene (ECF 43) for a complete and accurate statement of their respective contents.  By way of further answer, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning State National or other Defendants.

3.      The allegations of Paragraph 3 of the Amended Complaint state conclusions of law and Plaintiff's characterizations to which no response is required.  To the extent that a response is required, ePremium denies the allegations of Paragraph 3 of the Amended Complaint to the extent that such allegations are directed at or intended to allege any wrongdoing on the part of ePremium, except that ePremium admits that (i) State National has represented that it never agreed to cover any of the risks in connection with the programs referenced in Paragraph 3, (ii) State National has represented that it never received any premiums or payments in connection with the programs referenced in Paragraph 3, and (iii) State National never received any payments from ePremium in connection with the programs referenced in Paragraph 3. By way of further answer, ePremium

lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning State National or other Defendants.

4.      ePremium denies the allegations of Paragraph 4 of the Amended Complaint to the extent that such allegations are directed at or intended to allege any wrongdoing on the part of ePremium, and admits that Defendants Ambassador and White provided documents that purported to be signed and/or come from State National employees that State National claims were never signed and/or created by them.

5.      The allegations of Paragraph 5 of the Amended Complaint state conclusions of law and Plaintiff's characterizations to which no response is required.  To the extent that a response is required, ePremium denies the allegations of Paragraph 5 of the Amended Complaint to the extent that such allegations are directed at or intended to allege any wrongdoing on the part of ePremium and respectfully refers the Court to the Lanham Act for a complete and accurate statement of its contents.  By way of further answer, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other Defendants.

6.      The allegations of Paragraph 6 of the Amended Complaint state conclusions of law to which no response is required.  To the extent that a response is required, ePremium denies the allegations of Paragraph 6 of the Amended Complaint to the extent that such allegations are directed at or intended to allege any wrongdoing on the part of ePremium and respectfully refers the Court to State National's Amended Complaint for a complete and accurate statement of its

contents.  By way of further answer, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other Defendants.

## JURISDICTION AND VENUE

7.      The allegations of Paragraph 7 of the Amended Complaint state conclusions of law to which no response is required.  To the extent that a response is required, ePremium admits that the Court has subject matter jurisdiction over State National's federal claims.

8.      The allegations of Paragraph 8 of the Amended Complaint state conclusions of law to which no response is required.  To the extent that a response is required, ePremium admits that the Court has supplemental jurisdiction over State National's state and common law claims.

9.      The allegations of Paragraph 9 of the Amended Complaint state conclusions of law to which no response is required.  To the extent that a response is required, ePremium admits that venue is proper in this District but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Amended Complaint concerning the location of "a substantial part of the events" and "much of the fraud."  By way of further answer, ePremium denies the allegations of Paragraph 9 of the Amended Complaint to the extent that such allegations are directed at or intended to allege any wrongdoing on the part of ePremium.

10.     The allegations of Paragraph 10 of the Amended Complaint state conclusions of law to which no response is required.  To the extent that a response is required, ePremium admits that Ambassador is located, domiciled, doing business and otherwise found in Kentucky.

11.     The allegations of Paragraph 11 of the Amended Complaint state conclusions of law to which no response is required.  To the extent that a response is required, ePremium admits that White is domiciled in Kentucky.

12.     The allegations of Paragraph 12 of the Amended Complaint state conclusions of law to which no response is required.  To the extent that a response is required, ePremium admits that Performance transacts business in Kentucky with Ambassador and White.

13.     The allegations of Paragraph 13 of the Amended Complaint state conclusions of law to which no response is required.  To the extent that a response is required, ePremium denies the allegations of Paragraph 13 of the Amended Complaint.  By way of further answer, ePremium denies the allegations of Paragraph 13 of the Amended Complaint to the extent that such allegations are intended to allege any wrongdoing on the part of ePremium.

14.     The allegations of Paragraph 14 of the Amended Complaint state conclusions of law to which no response is required.  To the extent that a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Amended Complaint.

**<u>PARTIES</u>**

15.     ePremium admits on information and belief the allegations of Paragraph 15 of the Amended Complaint.

16.     ePremium admits on information and belief the allegations of Paragraph 16 of the Amended Complaint.

17.     As to the allegations contained in Paragraph 17 of the Amended Complaint, ePremium admits that Ambassador Captive Solutions and/or Mr. Brandon White have represented to ePremium that it or he has an office at 9700 Park Plaza Avenue, Unit 201, Louisville, Kentucky 40241.

18.     As to the allegations contained in Paragraph 18 of the Amended Complaint, ePremium admits that Brandon White has represented to ePremium that he resides in Kentucky.

19.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Amended Complaint.  By way of further answer, ePremium admits that Ambassador Captive Solutions and/or Mr. Brandon White have represented to ePremium that Smart Insure SP, Goldenstar Holdings Company SP, Sustainable Insurance Company SP, Triangle RGK SP, Gen-1 Insurance Company SP and Omega Insurance Company SP are segregated cells of Performance Insurance Company SPC.

20.     ePremium admits the allegations of Paragraph 20 of the Amended Complaint.

21.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Amended Complaint.

**BACKGROUND FACTS**

State National Insurance Company.

22.     ePremium admits on information and belief the allegations of Paragraph 22 of the Amended Complaint, except that ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether State National "dat[es] back to 1984."

23.     ePremium admits on information and belief the allegations of Paragraph 23 of the Amended Complaint that State National uses the mark "State National Insurance Company" and/or "State National" but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning State National's use of the mark "National Specialty Insurance Company" and/or "National Specialty".

24.     ePremium admits on information and belief the allegations of Paragraph 24 of the Amended Complaint that State National uses the mark "State National Insurance Company" and/or "State National" but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the scope and timing of State National's use of the particular marks referenced in Paragraph 24.

25.     ePremium admits on information and belief the allegations of Paragraph 25 of the Amended Complaint that State National uses the mark "State National Insurance Company" and/or "State National" but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether "the insurance community recognizes the State National Mark," whether "the insurance community . . . associates [the State National Mark] with State National," and whether "State National has underwritten its insurance products using the State National Mark across the United States."

The Captive Programs.

26.     The allegations of Paragraph 26 of the Amended Complaint state Plaintiff's characterizations to which no response is required.  To the extent a response is required, ePremium

admits on information and belief that captive reinsurance programs are complex and involve multiple parties.

27.     ePremium admits on information and belief the allegations of Paragraph 27 of the Amended Complaint.

28.     ePremium admits on information and belief the allegations of Paragraph 28 of the Amended Complaint.

29.     ePremium admits on information and belief the allegations of Paragraph 29 of the Amended Complaint.

30.     ePremium admits on information and belief the allegations of Paragraph 30 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief as to the date when Ambassador was founded.

31.     ePremium admits on information and belief the allegations of Paragraph 31 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief as to whether Ambassador and/or White "created the [] Captives relevant to six of the seven schemes in this action."

32.     ePremium denies the allegations of Paragraph 32 of the Amended Complaint.

33.     ePremium denies the allegations of Paragraph 33 of the Amended Complaint except that ePremium admits that it entered a Captive Services Agreement and a Broker Agreement with Ambassador and that ePremium's captive business was operated separately from Performance.

Ambassador Solicited State National.

9

34.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Amended Complaint.

35.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Amended Complaint concerning State National or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations of Paragraph 35 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that Ambassador and/or White represented to ePremium that State National was the Issuing Carrier of its captive business and the Captives identified in paragraph 31 of the Amended Complaint and that State National has recently represented to ePremium that that was not the case.

36.     ePremium denies the allegations of Paragraph 36 of the Amended Complaint, except that ePremium admits that Ambassador and/or White represented to ePremium that State National was the Issuing Carrier of its captive business and the Captives identified in paragraph 31 of the Amended Complaint and that State National has recently represented to ePremium that that was not the case.

37.     The allegations of Paragraph 37 of the Amended Complaint state conclusions of law to which no response is required.  To the extent that a response is required, ePremium denies the allegations of Paragraph 37 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that ePremium entered various contractual arrangements purportedly with State National at the direction of Ambassador and/or White, including  the General Agency Agreement and the Quota Share Reinsurance Agreement, and that State National has recently represented to ePremium that these agreements are not genuine and

contain forged signatures.  By way of further answer, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning State National or other Defendants.

The Forged General Agency Agreements.

38.     ePremium denies the allegations of Paragraph 38 of the Amended Complaint, except that ePremium admits that it entered the General Agency Agreement purportedly with State National at the direction of Ambassador and/or White and that State National has recently represented to ePremium that that agreement is forged.  By way of further answer, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning State National.

39.     ePremium denies the allegations of Paragraph 39 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that it entered the General Agency Agreement purportedly with State National at the direction of Ambassador and/or White, and that State National has recently represented to ePremium that the General Agency Agreement contains a forged signatures and ePremium respectfully refers the Court to the General Agency Agreement attached to the Amended Complaint as Exhibit 1 for a complete and accurate statement of its contents.

40.     ePremium denies the allegations of Paragraph 40 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that it entered the General Agency Agreement purportedly with State National at the direction of Ambassador and/or White, and that State National has recently represented to ePremium that the General Agency Agreement contains a forged signatures and ePremium respectfully refers the Court to the

General Agency Agreement attached to the Amended Complaint as Exhibit 2 for a complete and accurate statement of its contents.

41.    ePremium denies the allegations of Paragraph 41 of the Amended Complaint, except that ePremium admits that it purportedly entered a General Agency Agreement at the direction of Ambassador and/or White and believed it to create a valid general agency relationship with State National.

42.    ePremium denies the allegations of Paragraph 42 of the Amended Complaint to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium, except that ePremium admits that (i) it entered the General Agency Agreement attached to the Amended Complaint as Exhibit 2 at the direction of Ambassador and/or White, (iii) Ambassador and/or White provided ePremium with a fully executed version of the General Agency Agreement bearing a signature on behalf of State National, and (iii) State National has recently represented to ePremium that the General Agency Agreement contains a forged signature.

The Forged Quota Share Reinsurance Agreements.

43.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Amended Complaint concerning State National, the Captives, or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 43 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that it executed certain reinsurance agreements

purportedly with State National at the direction of Ambassador and/or White and that State National has recently represented to ePremium that those agreements contain forged signatures.

44.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Amended Complaint concerning State National.  By way of further answer, ePremium denies the allegations of Paragraph 44 of the Amended Complaint to the extent that such allegations directed at ePremium, except that ePremium admits that it entered into the Quota Share Reinsurance Agreement attached as Exhibit 3 to the Amended Complaint purportedly with State National at the direction of Ambassador and/or White and that State National has recently represented to ePremium that that agreement is forged and ePremium respectfully refers the Court to that agreement for a complete and accurate statement of its contents.

45.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Amended Complaint concerning State National.  By way of further answer, ePremium denies the allegations of Paragraph 45 of the Amended Complaint to the extent that such allegations directed at ePremium, except that ePremium admits that it entered into the Quota Share Reinsurance Agreement attached as Exhibit 4 to the Amended Complaint purportedly with State National at the direction of Ambassador and/or White and that State National has recently represented to ePremium that that agreement is forged and ePremium respectfully refers the Court to that agreement for a complete and accurate statement of its contents.

46.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Amended Complaint concerning State National.  By way of further answer, ePremium denies the allegations of Paragraph 46 of the Amended Complaint to the extent that such allegations directed at ePremium, except that ePremium admits that it entered

into the Quota Share Reinsurance Agreement attached as Exhibit 5 to the Amended Complaint purportedly with State National at the direction of Ambassador and/or White and that State National has recently represented to ePremium that that agreement is forged and ePremium respectfully refers the Court to that agreement for a complete and accurate statement of its contents.

47.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Amended Complaint concerning State National.  By way of further answer, ePremium denies the allegations of Paragraph 47 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that it entered into the Quota Share Reinsurance Agreement attached as Exhibit 6 to the Amended Complaint purportedly with State National at the direction of Ambassador and/or White and that State National has recently represented to ePremium that that agreement is forged and ePremium respectfully refers the Court to that agreement for a complete and accurate statement of its contents.

48.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Amended Complaint concerning State National.  By way of further answer, ePremium denies the allegations of Paragraph 48 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that it entered into the Quota Share Reinsurance Agreement attached as Exhibit 7 to the Amended Complaint purportedly with State National at the direction of Ambassador and/or White and that State National has recently represented to ePremium that that agreement is forged and ePremium respectfully refers the Court to that agreement for a complete and accurate statement of its contents.

49.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Amended Complaint concerning State National.  By way

of further answer, ePremium denies the allegations of Paragraph 49 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that it entered into the Quota Share Reinsurance Agreement attached as Exhibit 8 to the Amended Complaint purportedly with State National at the direction of Ambassador and/or White and that State National has recently represented to ePremium that that agreement is forged and ePremium respectfully refers the Court to that agreement for a complete and accurate statement of its contents.

50.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Amended Complaint concerning State National.  By way of further answer, ePremium denies the allegations of Paragraph 50 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that it entered into the Quota Share Reinsurance Agreement attached as Exhibit 9 to the Amended Complaint purportedly with State National at the direction of Ambassador and/or White and that State National has recently represented to ePremium that that agreement is forged and ePremium respectfully refers the Court to that agreement for a complete and accurate statement of its contents.

51.    ePremium denies the allegations of Paragraph 51 of the Amended Complaint, except that ePremium admits that ePremium entered the Quota Share Reinsurance Agreements purportedly with State National attached as Exhibits 3-9 to the Amended Complaint at the direction of Ambassador and/or White and respectfully refers the Court to those agreements for a complete and accurate statement of their respective contents.  By way of further answer, ePremium lacks

knowledge or information sufficient to form a belief as to the truth of the allegations concerning the conduct of other Defendants.

52.     ePremium denies the allegations of Paragraph 52 of the Amended Complaint to the extent that such allegations are directed at ePremium, except ePremium admits that it executed the Quota Share Reinsurance Agreements purportedly with State National attached as Exhibits 3-9 to the Amended Complaint at the direction of Ambassador and/or White, that ePremium received from Ambassador and/or White versions of those agreements that bore a signature purportedly on behalf of State National and State National has recently represented to ePremium that those agreements contained forged signatures.

53.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Amended Complaint concerning State National or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations of Paragraph 53 of the Amended Complaint to the extent that such allegations are directed at ePremium, except ePremium admits that State National never received any payments from ePremium in connection with the Quota Share Reinsurance Agreements.

54.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Amended Complaint, and respectfully refers the Court to Exhibit 10 of the Amended Complaint for a complete and accurate statement of its contents.

55.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Amended Complaint concerning State National or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations of Paragraph 55 of the Amended Complaint to the extent that such allegations are directed at

ePremium, except that ePremium admits that White provided ePremium with the invoice attached to the Amended Complaint as Exhibit 11 on or about May 25, 2020 and State National never received any payments from ePremium and respectfully refers the Court to Exhibit 11 of the Amended Complaint for a complete and accurate statement of its contents.

56.     ePremium denies the allegations of Paragraph 56 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that White provided ePremium with the invoice attached to the Amended Complaint as Exhibit 11 and that State National has recently represented to ePremium that the referenced emails and invoice had been forged.

The Insurance Policies.

57.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Amended Complaint concerning State National or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations of Paragraph 57 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that it sold insurance policies based on representations by Ambassador and White for which State National was identified as the insurer.

The Madera Scheme.

58.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Amended Complaint.

59.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Amended Complaint.  By way of further answer, ePremium denies the allegations of Paragraph 68 of the Amended Complaint to the extent that

17

such allegations are directed at ePremium, except that ePremium admits that State National never received any payments from ePremium and that State National has recently represented to ePremium that the Quota Share Reinsurance Agreement for the Madera program contains a forged signature.

60.     The allegations of Paragraph 60 of the Amended Complaint state conclusions of law to which no response is required.  ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Amended Complaint.

61.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Amended Complaint.

62.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Amended Complaint, and respectfully refers the Court to Exhibit 12 to the Amended Complaint for a complete and accurate statement of its contents.

63.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Amended Complaint, and respectfully refers the Court to Exhibit 12 to the Amended Complaint for a complete and accurate statement of its contents.

64.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Amended Complaint, and respectfully refers the Court to Exhibit 12 to the Amended Complaint for a complete and accurate statement of its contents.

65.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Amended Complaint, and respectfully refers the Court to Exhibit 13 to the Amended Complaint for a complete and accurate statement of its contents.

66.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Amended Complaint concerning the conduct of other Defendants.  By way of further answer, ePremium denies the allegations of Paragraph 66 of the Amended Complaint to the extent that such allegations are directed at ePremium.

The Gagliardi Scheme.

67.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Amended Complaint.

68.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Amended Complaint concerning State National.  By way of further answer, ePremium denies the allegations of Paragraph 68 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that State National never received any payments from ePremium and that State National has recently represented to ePremium that the Quota Share Reinsurance Agreement for the Gagliardi program contains a forged signature.

69.     The allegations of Paragraph 69 of the Amended Complaint state conclusions of law to which no response is required.  ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Amended Complaint.

70.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the Amended Complaint, and respectfully refers the Court to Exhibit 14 to the Amended Complaint for a complete and accurate statement of its contents.

71.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the Amended Complaint.

72.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Amended Complaint, and respectfully refers the Court to Exhibit 15 to the Amended Complaint for a complete and accurate statement of its contents.

73.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Amended Complaint, and respectfully refers the Court to Exhibit 16 to the Amended Complaint for a complete and accurate statement of its contents.

74.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Amended Complaint, and respectfully refers the Court to Exhibit 17 to the Amended Complaint for a complete and accurate statement of its contents.

The Royal Waste Scheme.

75.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Amended Complaint.

76.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the Amended Complaint concerning State National.  By way of further answer, ePremium denies the allegations of Paragraph 76 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that State National never received any payments from ePremium and that State National has recently represented to ePremium that the Quota Share Reinsurance Agreement for the Royal Waste program contains a forged signature.

77.     The allegations of Paragraph 77 of the Amended Complaint state conclusions of law to which no response is required.  ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the Amended Complaint.

78.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 of the Amended Complaint, and respectfully refers the Court to Exhibit 18 to the Amended Complaint for a complete and accurate statement of its contents.

79.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the Amended Complaint, and respectfully refers the Court to Exhibit 19 to the Amended Complaint for a complete and accurate statement of its contents.

80.     The allegations of Paragraph 80 of the Amended Complaint state conclusions of law to which no response is required.  ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the Amended Complaint.

81.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 of the Amended Complaint, and respectfully refers the Court to Exhibit 20 to the Amended Complaint for a complete and accurate statement of its contents.

82.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the Amended Complaint.

Other Schemes.

83.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of the Amended Complaint concerning the conduct of other Defendants.  By way of further answer, ePremium denies the allegations of Paragraph 83 of the

Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that Ambassador and/or White represented to ePremium that State National was the Issuing Carrier of its captive business, State National has recently represented to ePremium that that was not the case, and that ePremium sold insurance policies to its customers purporting to provide coverage by State National based on representations from Ambassador and White.

84.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the Amended Complaint, and respectfully refers the Court to Exhibit 21 to the Amended Complaint for a complete and accurate statement of its contents.

85.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the Amended Complaint, and respectfully refers the Court to Exhibit 22 to the Amended Complaint for a complete and accurate statement of its contents.

86.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the Amended Complaint, and respectfully refers the Court to Exhibit 23 to the Amended Complaint for a complete and accurate statement of its contents.

87.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 of the Amended Complaint, and respectfully refers the Court to Exhibit 24 to the Amended Complaint for a complete and accurate statement of its contents.

88.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 of the Amended Complaint concerning the conduct of other Defendants.  By way of further answer, ePremium denies the allegations of Paragraph 88 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that

ePremium admits that Ambassador and/or White represented to ePremium that State National was the Issuing Carrier of its captive business and that State National has recently represented to ePremium that that was not the case.

89.     The allegations of Paragraph 89 of the Amended Complaint state conclusions of law or contentions to which no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 of the Amended Complaint concerning the conduct of other Defendants.  By way of further answer, ePremium denies the allegations of Paragraph 89 of the Amended Complaint to the extent that such allegations are directed at ePremium.

### COUNT ONE
**Trademark Infringement, Unfair Competition
and False Designation of Origin Under 15 U.S.C. §§ 1125(a), 1116, 1117
(*Against All Defendants*)**

90.     ePremium repeats and realleges each paragraph above as if set forth fully and verbatim herein.

91.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 of the Amended Complaint.

92.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 of the Amended Complaint concerning State National, the State National Mark, or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 92 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that it sold insurance policies to its customers

purporting to provide coverage by State National based on representations from Ambassador and White until it became aware of this action.

93.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 of the Amended Complaint concerning State National, the State National Mark, or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 93 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that State National's name appeared on its website and it sold insurance policies to its customers purporting to provide coverage by State National based on representations from Ambassador and White until it became aware of this action.

94.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 of the Amended Complaint concerning the State National Mark or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 94 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that it sold insurance policies to its customers purporting to provide coverage by State National based on representations from Ambassador and White until it became aware of this action.

95.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 of the Amended Complaint concerning State National, the State National Mark, the conduct of other Defendants, or the Captive Cell insurance programs.  By way of further answer, ePremium denies the allegations in Paragraph 95 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that it sold

insurance policies to its customers purporting to provide coverage by State based on representations from Ambassador and White until it became aware of this action.

96.     The allegations of Paragraph 96 of the Amended Complaint state conclusions of law and Plaintiff's characterizations to which no response is required.  To the extent a response is required, ePremium denies the allegations in Paragraph 96 of the Amended Complaint to the extent that such allegations are directed at ePremium and respectfully refers the Court to the Order to Maintain the Status Quo, entered on October 13, 2020 (ECF 62) ("Status Quo Order").

97.     The allegations of Paragraph 97 of the Amended Complaint state conclusions of law and Plaintiff's characterizations to which no response is required.  To the extent a response is required, ePremium denies the allegations in Paragraph 97 of the Amended Complaint to the extent that such allegations are directed at ePremium and respectfully refers the Court to the Status Quo Order.

98.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 of the Amended Complaint concerning the State National Mark or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 98 of the Amended Complaint to the extent that such allegations are directed at ePremium.

99.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of the Amended Complaint concerning the State National Mark or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations

in Paragraph 99 of the Amended Complaint to the extent that such allegations are directed at ePremium.

100.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of the Amended Complaint concerning State National, the State National Mark, or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 100 of the Amended Complaint to the extent that such allegations are directed at ePremium.

101.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 of the Amended Complaint concerning the State National Mark or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 101 of the Amended Complaint to the extent that such allegations are directed at ePremium.

102.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of the Amended Complaint concerning State National, the public, or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 102 of the Amended Complaint to the extent that such allegations are directed at ePremium.

103.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 of the Amended Complaint concerning State National, the State National Mark, or the conduct of other Defendants.  By way of further answer, ePremium

denies the allegations in Paragraph 103 of the Amended Complaint to the extent that such allegations are directed at ePremium.

104.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 of the Amended Complaint concerning State National, the public, or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 104 of the Amended Complaint to the extent that such allegations are directed at ePremium.

105.     The allegations of Paragraph 105 of the Amended Complaint state conclusions of law and Plaintiff's characterizations to which no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 of the Amended Complaint concerning State National or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 105 of the Amended Complaint to the extent that such allegations are directed at ePremium.

106.     ePremium denies the allegations in Paragraph 106 of the Amended Complaint.

107.     ePremium denies the allegations in Paragraph 107 of the Amended Complaint.

108.     ePremium denies the allegations in Paragraph 108 of the Amended Complaint.

109.     The allegations of Paragraph 109 of the Amended Complaint state conclusions of law and Plaintiff's characterizations to which no response is required.  To the extent a response is required, ePremium denies the allegations in Paragraph 109 of the Amended Complaint.

110.    The allegations of Paragraph 110 of the Amended Complaint state conclusions of law and Plaintiff's characterizations to which no response is required.  To the extent a response is required, ePremium denies the allegations in Paragraph 110 of the Amended Complaint.

111.    The allegations of Paragraph 111 of the Amended Complaint state conclusions of law and Plaintiff's characterizations to which no response is required.  To the extent a response is required, ePremium denies the allegations in Paragraph 111 of the Amended Complaint.

112.    The allegations of Paragraph 112 of the Amended Complaint state conclusions of law and Plaintiff's characterizations to which no response is required.  To the extent a response is required, ePremium denies the allegations in Paragraph 112 of the Amended Complaint and respectfully refers the Court to the Status Quo Order.

<u>**COUNT TWO**</u>
**Indirect (Contributory and Vicarious)**
**Infringement Under 15 U.S.C. §§ 1114, 1116,**
**and 1117(Against Ambassador, White and Performance)**

113.    ePremium repeats and realleges each paragraph above as if set forth fully and verbatim herein.

114.    The allegations of Paragraph 114 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 of the Amended Complaint, which concern the conduct of other

Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

115.    The allegations of Paragraph 115 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

116.    The allegations of Paragraph 116 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

117.    The allegations of Paragraph 117 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

118.    The allegations of Paragraph 118 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required,

ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

119.     The allegations of Paragraph 119 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

120.     The allegations of Paragraph 120 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

121.     The allegations of Paragraph 121 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121 of the Amended Complaint, which concern the conduct of other

Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

122.     The allegations of Paragraph 122 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

123.     The allegations of Paragraph 123 of the Amended Complaint state conclusions of law and concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

124.     The allegations of Paragraph 124 of the Amended Complaint state conclusions of law and concern a claim not asserted against ePremium and thus no response is required  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

125.     The allegations of Paragraph 125 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required,

ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

126.    The allegations of Paragraph 126 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

127.    The allegations of Paragraph 127 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127 of the Amended Complaint, which concern the conduct of other Defendants, denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

128.    The allegations of Paragraph 128 of the Amended Complaint state conclusions of law and concern a claim not asserted against ePremium and thus no response is required  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128 of the Amended Complaint, which concern the

conduct of other Defendants, denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

**COUNT THREE**
**Misappropriation of Name**
**(Against All Defendants)**

129.    ePremium repeats and realleges each paragraph above as if set forth fully and verbatim herein.

130.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130 of the Amended Complaint concerning the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 130 of the Amended Complaint to the extent that such allegations are directed at ePremium.

131.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 of the Amended Complaint concerning the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 131 of the Amended Complaint to the extent that such allegations are directed at ePremium.

132.    The allegations of Paragraph 132 of the Amended Complaint state conclusions of law and Plaintiff's characterizations to which no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132 of the Amended Complaint concerning the conduct of other

Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 132 of the Amended Complaint to the extent that such allegations are directed at ePremium.

133.     The allegations of Paragraph 133 of the Amended Complaint state conclusions of law and Plaintiff's characterizations to which no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133 of the Amended Complaint concerning the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 133 of the Amended Complaint to the extent that such allegations are directed at ePremium, and respectfully refers the Court to the Status Quo Order.

134.     The allegations of Paragraph 134 of the Amended Complaint state conclusions of law and Plaintiff's characterizations to which no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 of the Amended Complaint concerning the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 134 of the Amended Complaint to the extent that such allegations are directed at ePremium, and respectfully refers the Court to the Status Quo Order.

**<u>COUNT FOUR</u>**
**Deceptive Trade Practices and Unfair**
**Competition Under Kentucky, New York and**
**Texas Common Law (Against All Defendants)**

135.     ePremium repeats and realleges each paragraph above as if set forth fully and verbatim herein.

136.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136 of the Amended Complaint.

137.     ePremium admits on information and belief the allegations of Paragraph 137 of the Amended Complaint that State National uses the trade name "State National Insurance Company" and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning "National Specialty Insurance Company."

138.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138 of the Amended Complaint.

139.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139 of the Amended Complaint.

140.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140 of the Amended Complaint concerning the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 140 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that State National's name appeared on its website and it sold insurance policies to its customers purporting to provide coverage by State National based on representations by Ambassador and White until it became aware of this action.

141.     ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 141 of the Amended Complaint concerning the conduct of other

Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 141 of the Amended Complaint to the extent that such allegations are directed at ePremium.

142.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142 of the Amended Complaint concerning State National, the public, or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 142 of the Amended Complaint to the extent that such allegations are directed at ePremium.

143.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 143 of the Amended Complaint concerning State National or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 143 of the Amended Complaint to the extent that such allegations are directed at ePremium.

144.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144 of the Amended Complaint concerning conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 144 of the Amended Complaint to the extent that such allegations are directed at ePremium.

145.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145 of the Amended Complaint concerning State National or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in

Paragraph 145 of the Amended Complaint to the extent that such allegations are directed at ePremium.

146.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146 of the Amended Complaint concerning conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 146 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that it sold insurance policies to its customers purporting to provide coverage by State National based on representations by Ambassador and White until it became aware of this action and respectfully refers and respectfully refers the Court to the Status Quo Order.

147.    The allegations of Paragraph 147 of the Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147 of the Amended Complaint concerning the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 147 of the Amended Complaint to the extent that such allegations are directed at ePremium.

148.    The allegations of Paragraph 148 of the Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148 of the Amended Complaint concerning the conduct of other Defendants.  By way of further

answer, ePremium denies the allegations in Paragraph 148 of the Amended Complaint to the extent that such allegations are directed at ePremium.

149.    The allegations of Paragraph 149 of the Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149 of the Amended Complaint concerning the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 149 of the Amended Complaint to the extent that such allegations are directed at ePremium.

150.    The allegations of Paragraph 150 of the Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150 of the Amended Complaint concerning the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 150 of the Amended Complaint to the extent that such allegations are directed at ePremium.

151.    The allegations of Paragraph 151 of the Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151 of the Amended Complaint concerning the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 151 of the Amended Complaint to the extent that such allegations are directed at ePremium.

152.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152 of the Amended Complaint concerning the conduct of other

Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 152 of the Amended Complaint to the extent that such allegations are directed at ePremium.

153.    The allegations of Paragraph 153 of the Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153 of the Amended Complaint concerning the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 153 of the Amended Complaint to the extent that such allegations are directed at ePremium.

154.    The allegations of Paragraph 154 of the Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154 of the Amended Complaint concerning the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 154 of the Amended Complaint to the extent that such allegations are directed at ePremium.

**COUNT FIVE**
**Insurance Fraud**
**Under K.R.S. §§ 304.47-020(1)(d), (1)(g), and (6)**
**(Against Ambassador, White and Performance)**

155.    ePremium repeats and realleges each paragraph above as if set forth fully and verbatim herein.

156.    The allegations of Paragraph 156 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 156 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

157.    The allegations of Paragraph 157 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 157 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

158.    The allegations of Paragraph 158 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

159.    The allegations of Paragraph 159 of the Amended Complaint state conclusions of law and concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 159 of the Amended Complaint, which concern the

conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

160.    The allegations of Paragraph 160 of the Amended Complaint state conclusions of law and concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 160 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

161.    The allegations of Paragraph 161 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 161 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

162.    The allegations of Paragraph 162 of the Amended Complaint state conclusions of law and concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 162 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

163.    The allegations of Paragraph 163 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required,

ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 163 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

164.    The allegations of Paragraph 164 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 164 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

165.    The allegations of Paragraph 165 of the Amended Complaint state conclusions of law and concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 165 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

## COUNT SIX
### Common Law Fraud
### (Against Ambassador and White)

166.    ePremium repeats and realleges each paragraph above as if set forth fully and verbatim herein.

167.    The allegations of Paragraph 167 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required,

ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 167 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

168.    The allegations of Paragraph 168 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 168 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

169.    The allegations of Paragraph 169 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 169 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

170.    The allegations of Paragraph 170 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 170 of the Amended Complaint, which concern the conduct of other

Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

171.    The allegations of Paragraph 171 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 171 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

172.    The allegations of Paragraph 172 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 172 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

173.    The allegations of Paragraph 173 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 173 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

174.    The allegations of Paragraph 174 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required,

ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

**COUNT SEVEN**
**Negligence Per Se Under**
**K.R.S. § 446.070**
**(Against  Ambassador and White)**

175.     ePremium repeats and realleges each paragraph above as if set forth fully and verbatim herein.

176.     The allegations of Paragraph 176 of the Amended Complaint state conclusions of law and concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 176 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

177.     The allegations of Paragraph 177 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 177 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

178.    The allegations of Paragraph 178 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 178 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

179.    The allegations of Paragraph 179 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 179 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

180.    The allegations of Paragraph 180 of the Amended Complaint state conclusions of law and concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 180 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

181.    The allegations of Paragraph 181 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 181 of the Amended Complaint, which concern the conduct of other

Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

182.    The allegations of Paragraph 182 of the Amended Complaint state conclusions of law and concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 182 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

183.    The allegations of Paragraph 183 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 183 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

184.    The allegations of Paragraph 184 of the Amended Complaint state conclusions of law and concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required, ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 184 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

185.    The allegations of Paragraph 185 of the Amended Complaint concern a claim not asserted against ePremium and thus no response is required.  To the extent a response is required,

ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 185 of the Amended Complaint, which concern the conduct of other Defendants, and ePremium denies the allegations to the extent that such allegations are directed at ePremium or allege any misconduct on the part of ePremium.

**COUNT EIGHT**
**Declaratory Relief**
**(Against All Defendants)**

186.    ePremium repeats and realleges each paragraph above as if set forth fully and verbatim herein.

187.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 187 of the Amended Complaint concerning the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 187 of the Amended Complaint to the extent that such allegations are directed at ePremium, except that ePremium admits that it sold insurance policies to its customers purporting to provide coverage by State National based on representations by Ambassador and White until it became aware of this action.

188.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188 of the Amended Complaint concerning State National or the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 188 of the Amended Complaint to the extent that such allegations are directed at ePremium.

189.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 189 of the Amended Complaint concerning the conduct of other

Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 189 of the Amended Complaint to the extent that such allegations are directed at ePremium and respectfully refers the Court to the Status Quo Order.

190.    ePremium lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 190 of the Amended Complaint concerning the conduct of other Defendants.  By way of further answer, ePremium denies the allegations in Paragraph 190 of the Amended Complaint to the extent that such allegations are directed at ePremium and respectfully refers the Court to the Status Quo Order.

## REQUEST FOR RELIEF

191.    State National's Request for Relief states conclusions of law to which no response is required.  To the extent that a response is required, ePremium denies that State National is entitled to any relief.

## <u>AFFIRMATIVE DEFENSES</u>

In addition to the foregoing denials, ePremium asserts the following defenses and reserves the right to assert other defenses and claims when and if they become appropriate and/or available in this action and to withdraw defenses that it determines are not applicable during the course of discovery and other proceedings in this action.  By asserting these defenses, ePremium does not assume the burden of proof, production, or persuasion for any fact, issue, or element of a cause of action as to which the applicable law places that burden on State National.  No assertion of any defense is intended or may be construed as a concession that any particular issue or subject matter is relevant to State National's allegations.

### FIRST AFFIRMATIVE DEFENSE

State National's claims are barred, in whole or in part, because State National fails to state a claim for which relief can be granted in the Amended Complaint.

### SECOND AFFIRMATIVE DEFENSE

State National's alleged damages, if any, were caused by the acts of other Defendants and/or third parties, not by any act or omission attributable to ePremium.

### THIRD AFFIRMATIVE DEFENSE

State National's alleged damages, if any, were caused solely and proximately by the acts of State National, and not by ePremium

### FOURTH AFFIRMATIVE DEFENSE

State National has failed to mitigate, reduce or otherwise avoid its alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

State National's claims are barred, in whole or in part, by equitable principles including, but not limited to, estoppel, waiver, comparative negligence, acquiescence, and/or laches.

### SIXTH AFFIRMATIVE DEFENSE

State National's claims are barred, in whole or in part, because State National has failed to join and include in this action all identifiable and indispensable parties without whom in equity and in fairness this action should not proceed.

### SEVENTH AFFIRMATIVE DEFENSE

State National's claims are barred, in whole or in part, because the alleged conduct of ePremium was not a proximate cause of the loss or damage, if any, to State National.

## EIGHTH AFFIRMATIVE DEFENSE

State National's claims are barred, in whole or in part, because ePremium acted in good faith.

## NINTH AFFIRMATIVE DEFENSE

State National's claims are barred, in whole or in part, because ePremium acted in accordance with established custom and usage of its industry.

## TENTH AFFIRMATIVE DEFENSE

State National's claims are barred, in whole or in part, because the relief sought would result in State National's unjust enrichment.

## ELEVENTH AFFIRMATIVE DEFENSE

State National is not entitled to recover attorneys' fees under Kentucky law.

## TWELFTH AFFIRMATIVE DEFENSE

State National's claims are barred, in whole or in part, because State National has failed to affix statutory notice of its alleged registered trademark rights to its mark.

## THIRTEENTH AFFIRMATIVE DEFENSE

State National's claims are barred, in whole or in part, because ePremium had no actual notice of State National's alleged trademark registration.

## FOURTEENTH AFFIRMATIVE DEFENSE

State National's claims are barred, in whole or in part, because the marks used or the services provided by the parties are substantially distinguishable.

## FIFTEENTH AFFIRMATIVE DEFENSE

State National's claims are barred, in whole or in part, to the extent ePremium did not use the State National mark.

## SIXTEENTH AFFIRMATIVE DEFENSE

ePremium denies that State National has suffered the harm or damages as described in the Amended Complaint. However, if it has suffered such harm or damages, they were caused in whole or in part by the conduct of State National or of third parties, and therefore, any award against ePremium should be reduced by virtue of contributory negligence, comparative negligence, contribution, apportionment, or indemnity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

ePremium incorporates all affirmative defenses properly pleaded by the other defendants in this matter which may be applicable, intends to reply on all other properly provable defenses, and reserves the right to amend its Answer to and through the time of trial.

**CROSSCLAIM AGAINST DEFENDANTS in intervention BRANDON WHITE, THE
AMBASSADOR GROUP LLC D/B/A AMBASSADOR CAPTIVE SOLUTIONS, AND
PERFORMANCE INSURANCE COMPANY SPC**

Defendant in Intervention and Crossclaim-Plaintiff ePremium Insurance Agency, LLC
("ePremium"), by and through its undersigned counsel, hereby files this Crossclaim against
Defendants in Intervention and Crossclaim-Defendants Brandon White ("Mr. White"), the
Ambassador Group LLC d/b/a Ambassador Captive Solutions ("Ambassador"), and Performance
Insurance Company SPC ("Performance" and, with Ambassador and Mr. White, the "Ambassador
Crossclaim-Defendants"), upon knowledge as to matters relating to itself and upon information
and belief as to all other matters, and alleges as follows:

**PARTIES**

1.      ePremium is an Ohio limited liability corporation with its principal place of
business in Ohio.  ePremium is an insurance agency that solicits, writes, and binds insurance
policies through various insurance companies.

2.      Upon information and belief, Crossclaim-Defendant Mr. White is a resident of
LaGrange, Kentucky.  Upon information and believe, Mr. White is the President of Ambassador,
which he helped found.

3.      Upon information and belief, Crossclaim-Defendant Ambassador is a Kentucky
limited liability corporation with its principal place of business in Kentucky.

4.      Upon information and belief, Crossclaim-Defendant Performance is a segregated
portfolio company organized under the laws of the Cayman Islands with its principal place of
business in the Cayman Islands.

## JURISDICTION AND VENUE

5.      This court has federal subject matter jurisdiction over ePremium's Crossclaim under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds  $75,000, exclusive of interests and costs.

6.      This court has supplemental jurisdiction over ePremium's Crossclaim because it is part of the same case or controversy and shares a common nucleus of operative fact with Plaintiff-Intervenors State National Insurance Company, Inc. and National Specialty Insurance Company's (together, "State National") federal claims pursuant to Section 39 of the Lanham Act (15 U.S.C. § 1121), which this Court has subject matter jurisdiction over pursuant to 28 U.S.C. §§ 1331 and 1338.

7.      Venue is proper in this District pursuant to 28 U.S.C.  § 1391(b)(2) because a substantial part of the events giving rise to ePremium's Crossclaim occurred in this District, as Ambassador and White are based in Louisville, Kentucky and much of the fraud occurred in Kentucky.

8.      This Court has personal jurisdiction over Ambassador because it is located, domiciled, doing business and otherwise found in Kentucky.

9.      This Court has personal jurisdiction over Mr. White because, upon information and belief, White is domiciled in Kentucky, residing at 5008 Hickory Hill Drive, LaGrange, Kentucky.

10.      This Court has personal jurisdiction over Performance pursuant to Ky. Rev. Stat. § 454.210(2)(a)(1) because it transacts business in the Commonwealth with (1) Ambassador, a Kentucky company, and (2) Mr. White, a Kentucky resident.

**FACTUAL ALLEGATIONS**

ePremium Explores A Captive Business

11.     A captive reinsurance company, or simply captive, is an insurance company formed by an insurance broker or other entity that is responsible for paying some or all of the losses on policies sold by the company that formed the captive.  Captives rely on licensed commercial insurers to issue policies which the captive then reinsures, a legitimate insurance business practice known as fronting.  The commercial insurers typically receive a fee or commission, as well as collateral, to issue the policies.

12.     Between 2017 and 2018, after receiving interest from its clients in forming captives, and after losing a client that wanted to form its own captive, ePremium began exploring the possibility of entering the captive insurance business.

13.     In 2019, ePremium resumed exploring the question of forming a captive and considered hiring a captive manager, which would create the captive program, including by finding an insurer to serve as a fronting carrier for the captive business.

ePremium Engages The Ambassador Crossclaim-Defendants To Establish A Captive Program

14.     In February 2019, an employee at ePremium met and spoke with an employee of InCite Performance Group, Ambassador's parent company, who suggested Ambassador as a captive insurance consultant.

15.     ePremium began discussions with Mr. White in March 2019 about Ambassador serving as the captive consultant for ePremium's contemplated captive program.

16.      The Ambassador Crossclaim-Defendants held themselves out as a captive consultant with substantial experience in designing captive insurance programs and represented

that they had handled nearly 500 captive formations, including for major-national companies. They also represented that Ambassador would be able to establish the captive program more efficiently than other managers.

17.     In April 2019, ePremium entered into a Captive Services Agreement with Ambassador, under which Ambassador agreed to design and implement ePremium's captive insurance program (the "Ambassador Engagement").  Ambassador's duties under the Ambassador Engagement included the preparation of final captive pro-forma financial statements and accredited actuarial analysis to include with incorporation of the captive, preparation of the final business plan, setting up the accounting functions for the captive, selection of appropriate vendors for the captive (legal, banking, audit, actuarial, administration, etc.), formulating and implementing the captive structure, and obtaining licensing for the captive.

18.     Ambassador failed to satisfy its obligations under the Ambassador Engagement.

The Ambassador Crossclaim-Defendants Falsely Represented That ePremium Entered Into Valid General Agency and Reinsurance Agreements With State National

19.     Among their duties, the Ambassador Crossclaim-Defendants were responsible for obtaining an Issuing Carrier (also known as a fronting carrier) for ePremium's captive insurance program, and, on or about July 10, 2019, they informed ePremium that they had secured State National to serve in that capacity.

20.     Thereafter, from July 2019 until August 2020, the Ambassador Crossclaim-Defendants engaged in an elaborate ruse designed to induce ePremium into operating its captive insurance program without the necessary approvals or authorizations.

21.    On July 18, 2019, Mr. White informed Mr. Troy Scott, Executive Vice President at ePremium, that he had a conversation with a "Dan from State National," and attached two documents purportedly from that individual, titled "SAMPLE Property Compliance Audit – Weekly.xlsx" and "SAMPLE Property Coverage Data Needed – Insurance Report October 2017.xlsx."  Upon information and belief, no one from State National ever requested or authorized Mr. White to transmit sample documents to ePremium.

22.    Also on July 18, 2019, Mr. Troy Scott, Mr. Colton Southerland of Ambassador, and Mr. White held a call together; an invitation for the call described the subject matter as "ePremium/State National Key Data Point IT Discussion."   On this call, Mr. White and Mr. Southerland discussed various issues related to the selection of State National as a fronting carrier, deliberately concealing the fact that State National had expressed no interest in moving forward with Ambassador.

23.    On July 25, 2019, Mr. White sent Mr. Troy Scott two agreements that he represented were provided by State National in order to establish the fronting relationship:  a General Agency Agreement and a Quota Share Reinsurance Agreement (i.e., "State National Agreements").  Mr. White also sent information requests and claimed he was trying to arrange a call with State National.  In fact, State National had not authorized Mr. White to send any agreements to ePremium on its behalf.

24.    Ultimately, the Ambassador Crossclaim-Defendants provided fully executed State National Agreements that they represented were signed by State National.  ePremium reasonably relied upon the Ambassador Crossclaim-Defendants that the State National Agreements were valid agreements prepared and executed by State National.  According to State National, however, the

purported signatures on behalf of State National on the State National Agreements were forged by the Ambassador Crossclaim-Defendants.

25.     On August 8, 2019, in response to a request from Mr. Troy Scott for help creating new policy forms for the captive program with State National information, Mr. White transmitted blank policy forms, despite knowing that State National would not serve as an insurance carrier and therefore the forms would not be valid.

26.     As a result of ePremium's reliance on the Ambassador Crossclaim-Defendants' representations, ePremium began operating its captive business in August 2019—that is, preexisting polices were transferred to State National, claims were processed by ePremium's captive, and new policies were sold using State National name.

27.     From August 2019 through August 30, 2020, when ePremium terminated the relationship, the Ambassador Crossclaim-Defendants, and in particular Mr. White, continuously provided directions and instructions to ePremium regarding how to operate its captive insurance program, despite knowing that the program was not valid and that State National had never agreed to authorize ePremium to use its name when selling insurance.

28.     From August 2019 through August 30, 2020, the Ambassador Crossclaim-Defendants, and in particular Mr. White, repeatedly represented that they were in communication with State National regarding ePremium's captive insurance program.  Yet, the Ambassador Crossclaim-Defendants never informed ePremium of any problems or the fact that there was not actually a relationship with State National.  Examples of these misrepresentations include:

- Sometime prior to August 19, 2019, Mr. White represented to ePremium that State National had requested audited financials. In fact, State National never made such a request, having decided not to pursue any of the opportunities offered by Ambassador.

- On August 22, 2019, Mr. White claimed he was waiting on a response from State National regarding the Mutual Non-Disclosure Agreement (the "NDA") that ePremium required State National to execute prior to providing audited financial statements, and promised to follow up on the request. Given no relationship with State National existed, he had never actually transmitted the NDA.

- On August 30, 2019, Mr. White sent what he asserted was the fully-executed NDA, when in fact no one at State National had signed such an agreement; State National's signature was a forgery.

- On November 7, 2019, Mr. White sent what he claimed was an executed version of an amended NDA; in fact again no one at State National had reviewed or signed such an agreement.

- On October 9, 2019, Mr. White sent Mr. Troy Scott a call invitation for a call with State National personnel; he subsequently reached out to Mr. Scott claiming the invitation was sent in error. The invitation included communications purportedly between Mr. White and State National personnel. In fact, those communications were fabrications, and Mr. White sent the email to mislead ePremium into believing a relationship with State National existed.

- On August 21, 2020, Mr. White forwarded to Kynect Risk Management a purported email chain involving Mr. Troy Scott and a "Sarah Cloud" at State National. In fact, Mr. White or someone else at the Ambassador Crossclaim-Defendants fabricated the exchange, which never took place.

29.     On May 29, 2020, Mr. White circulated what he represented was an invoice from State National for the 2019 fronting fee to Mr. Troy Scott and Mr. Chad Scott. In fact, State National had sent no such invoice, as it had no actual business relationship with ePremium.

The Ambassador Crossclaim-Defendants Falsely Represented That They Formed And Licensed A Cayman Island Insurance Company To Serve As The Resinsurer For ePremium's Captive Business.

30.     Under the Captive Services Agreement, it was the Ambassador Crossclaim-Defendants' responsibility to establish and obtain the licensing from the Cayman Islands Monetary Authority ("CIMA") of a captive reinsurer in the Cayman Islands. From July 2019 through August

2020, the Ambassador Crossclaim-Defendants repeatedly represented that they had formed an entity named ePremium Insurance Company SPC (the "Cayman Insurer"), and had obtained appropriate licenses from CIMA.  As ePremium would only learn in August 2020, however, the Cayman Insurer does not exist.   Contrary to the Ambassador Crossclaim-Defendants' representations, it was never formed, never licensed, and all the documents shown to ePremium suggesting that it was were fabricated by the Ambassador Crossclaim-Defendants out of whole cloth.  Examples of these misrepresentations include:

    a.    On July 19, 2019, Mr. White represented that he had a call scheduled with the "Cayman regulator" to discuss ePremium; in fact there is no evidence such a call ever was scheduled or took place.

    b.    On October 17, 2019, Mr. White forwarded Mr. Troy Scott what he represented was the formal license documentation from CIMA.  On information and belief, the Ambassador Crossclaim-Defendants fabricated that letter.

    c.    On November 6, 2019, in response to requests for additional documentation, Mr. White provided ePremium with what he represented was a second letter from CIMA that they also represented confirmed formal license approval.   On information and belief, the Ambassador Crossclaim-Defendants fabricated that letter.

    d.    On December 19, 2019, Mr. White sent ePremium what he represented was a certificate of good standing from CIMA for the Cayman Insurer.  On information and belief, the Ambassador Crossclaim-Defendants fabricated that document.

31.   The Ambassador Crossclaim-Defendants did not, among other things, set up the accounting functions for the Cayman Insurer, select appropriate vendors for the Cayman Insurer (legal, banking, audit, actuarial, administration, etc.), or formulate and implement the captive structure.

The Ambassador Crossclaim-Defendants Fraudulently Induced ePremium To Enter Into Purported Agreements With State National Concerning Other Captive Programs.

32.     In addition to the ePremium insurance program, the Ambassador Crossclaim-Defendants also fraudulently induced ePremium to enter into additional agreements purportedly with State National.   In these additional agreements, based on the Ambassador Crossclaim-Defendants' misrepresentations, ePremium was to act using the agency authority that it believed it had legitimately received pursuant to its General Agency Agreement with State National.

33.     To that end, on October 3, 2019, Mr. White emailed ePremium personnel about a proposed second fronting arrangement that involved the issuance of State National policies through other captives (the "Special Captives"). The Ambassador Crossclaim-Defendants made this proposal knowing that the State National Agreements had been forged.

34.     On March 18, 2020, Mr. White sent ePremium what he represented were draft reinsurance agreements for six Special Captives which would need to be signed by State National. Mr. White and the Ambassador Crossclaim-Defendants knew State National had not authorized any fronting authority.

35.     On  August 21, 2020, Mr. White sent  what he represented were reinsurance agreements executed by State National.  In fact, these agreements had not been executed by State National, and the signatures were forged.  Along with the supposed agreements he included purported emails between "Sarah Cloud" and Mr. Troy Scott—emails that were fabricated by the Ambassador Crossclaim-Defendants.

36.     ePremium relied on the Ambassador Crossclaim-Defendants' misrepresentations to execute agreements with the Special Captives.  ePremium, however, did not participate in the sale of insurance through the Special Captives.  Because State National never actually countersigned

these agreements, they are null and void and any actions purportedly by the Ambassador Crossclaim-Defendants taken under them using ePremium's name or on its behalf are invalid.

<u>The Ambassador Crossclaim-Defendants Received Substantial Payments for Non-Existent Services And Their Fraud Caused Substantial Damages To ePremium.</u>

37.     While the scope of how much the Ambassador Crossclaim-Defendants profited from their fraud on ePremium and potentially others is currently unknown, ePremium made multiple fraud induced payments to Ambassador for its purported services, including but not limited to:

> a.     An initial payment of $5,000 before Ambassador began the process of establishing a captive program.
>
> b.     A further payment of $55,000 for services under the Captive Services Agreement, including the purported selection of State National as the fronting carrier, paid on June 23, 2020.
>
> c.     A third payment of $15,000 under the Captive Services Agreement, paid in July 2020.
>
> d.     Payment of Ambassador's percentage of the policy premiums, which totaled approximately $32,205.33.

38.     ePremium did not learn of the Ambassador Crossclaim-Defendants' fraudulent acts until it learned about this lawsuit in August 2020.

39.     Soon thereafter, on August 30, 2020, ePremium ended its business relationship with the Ambassador Crossclaim-Defendants, terminating the Captive Services Agreement and any other business relationship, informal or formal, with them.

40.     As a result of the fraud perpetrated by the Ambassador Crossclaim-Defendants, ePremium has suffered substantial damages.  ePremium has incurred and will incur significant legal and compliance expenses as a result of the Ambassador Crossclaim-Defendants' fraud.

ePremium also immediately undertook efforts to obtain replacement coverage for its customers, and, on October 23, 2020, notified its clients that the insurance policies it had issued them with State National as the insurer were in fact not effective.

41.     As a result, the fraud perpetrated by the Ambassador Crossclaim-Defendants has caused ePremium to suffer, and it continues to suffer, substantial damages.

## CROSSCLAIM
## COUNT I
## (FRAUDULENT MISREPRESENTATION)

42.     ePremium repeats and reiterates all the foregoing allegations as though fully set forth herein.

43.     The Ambassador Crossclaim-Defendants repeatedly and knowingly made false representations to ePremium, including but not limited to the following:

a.     The Ambassador Crossclaim-Defendants represented to ePremium, verbally and in writing, that State National agreed to serve, and in fact was serving, as the fronting carrier for ePremium's captive insurance business.

b.     The Ambassador Crossclaim-Defendants transmitted the State National Agreements to ePremium, telling ePremium that State National had either authored or approved of the agreements.

c.     The Ambassador Crossclaim-Defendants sent ePremium what it represented were fully executed copies of the State National Agreements, with State National's signatures.

d.     The Ambassador Crossclaim-Defendants sent ePremium what it represented were NDAs executed by State National.

e.     The Ambassador Crossclaim-Defendants falsely represented various communications with State National.

f.     The Ambassador Crossclaim-Defendants sent ePremium what it represented was an invoice from State National.

g.    The Ambassador Crossclaim-Defendants represented to ePremium that they had formed and secured final license approval for ePremium Insurance Company SPC from CIMA.

h.    The Ambassador Crossclaim-Defendants represented that State National was participating in the issuance of insurance through the Special Captives, and represented that State National executed agreements with ePremium with the Special Captives.

44.    In fact, State National had never agreed to serve as a fronting carrier for any business generated by Ambassador, had never approved of or signed the State National Agreements, and never prepared an invoice for ePremium, with whom it had no business relationship.

45.    Moreover, contrary to the Ambassador Crossclaim-Defendants' representations, ePremium Insurance Company SPC was never formed and does not exist.  Nor did CIMA ever issue a formal license approval for ePremium Insurance Company SPC.

46.    The Ambassador Crossclaim-Defendants made these representations in order to induce ePremium to pay Ambassador and to operate what ePremium believed was a legitimate captive insurance business.

47.    Based upon the Ambassador Crossclaim-Defendants' representations, ePremium paid multiple invoices to Ambassador, totaling in excess of $100,000 following the first representation, for services that the Ambassador Crossclaim-Defendants never performed.

48.    ePremium has been damaged by the Ambassador Crossclaim-Defendants' fraud, including but not limited to reputational harm, lost business, and the risk of potential liability in this lawsuit or otherwise.  In addition, as a result of the Ambassador Crossclaim-Defendants' conduct, ePremium will incur the costs of investigating their misconduct and defending itself in the instant lawsuit.

**CROSSCLAIM**
**COUNT II**
**(BREACH OF CONTRACT)**

49.      ePremium repeats and reiterates all the foregoing allegations as though fully set forth herein.

50.      ePremium and Ambassador entered into the Captive Services Agreement, pursuant to which, in exchange for consideration, the Ambassador Crossclaim-Defendants would assist ePremium in establishing and implementing its captive insurance business.

51.      Pursuant to the Captive Services Agreement, the Ambassador Crossclaim-Defendants agreed to obtain a fronting carrier for ePremium's captive insurance business, and to obtain final license approval from CIMA.

52.      The Ambassador Crossclaim-Defendants did not secure a legitimate fronting carrier relationship, and did not form a Cayman reinsurer or obtain approval from CIMA.

53.      ePremium paid the Ambassador Crossclaim-Defendants $107,205.33 in consideration for the services it purported to render.

54.      ePremium is entitled to reimbursement for the costs it paid Ambassador, as well as an amount sufficient to make ePremium whole for the expenses it incurred to obtain coverage for its policyholders and certificate holders.

**CROSSCLAIM**
**COUNT III**
**(COMMON LAW INDEMNITY)**

55.      ePremium repeats and reiterates all the foregoing allegations as though fully set forth herein.

56.     The Ambassador Crossclaim-Defendants, by the actions and omissions alleged in State National's Amended Complaint and referred to herein, are alleged to have acted willfully and fraudulently by obtaining through forgery the issuance of the policies, reinsurance contracts, insurance certificates, and invoices that are the subject of State National's claims.

57.     According to State National's Amended Complaint, the actions and omissions alleged in State National's Amended Complaint and referred to herein directly caused the injuries that State National allegedly incurred and seek to recover against all Defendants, including ePremium.

58.     In the event that ePremium may be found liable to State National, ePremium's liability would be secondary to that of the Ambassador Crossclaim-Defendants, whose actions and omissions Plaintiffs allege were direct, active, primary, proximate, efficient, and superseding causes of the injuries alleged by State National.  In such an event, ePremium is entitled to a judgment of indemnity against the Ambassador Crossclaim-Defendants for all amounts assessed against ePremium, with reimbursement for all costs, including attorneys' fees, incurred by ePremium in defending Plaintiffs' claims.

59.     State National asserts that ePremium is constructively, secondarily, and/or vicariously liable to State National based on the actions and omissions of the Ambassador Crossclaim-Defendants.  Therefore, for this alternative reason, ePremium is entitled to complete indemnification from the Ambassador Crossclaim-Defendants for all amounts assessed against ePremium and incurred by ePremium in defending State National's claims, including reimbursement for all costs and attorneys' fees incurred by ePremium.

**CROSSCLAIM**
**COUNT IV**
**(UNJUST ENRICHMENT)**

60.　　ePremium repeats and reiterates all the foregoing allegations as though fully set forth herein.

A.　　The Ambassador Crossclaim-Defendants received in excess of $100,000 in compensation at ePremium's expense.

61.　　The Ambassador Crossclaim-Defendants retained the invoices and enjoyed use of the proffered funds.

62.　　The Ambassador Crossclaim-Defendants did not provide a benefit to ePremium in exchange for the benefit it received.

63.　　The Ambassador Crossclaim-Defendants should be required to repay the money that they received from ePremium.

**PRAYER FOR RELIEF**

WHEREFORE, ePremium respectfully requests that this Court:

A.　　Award damages including punitive damages against the Ambassador Crossclaim-Defendants at an amount to be determined at trial;

B.　　Award appropriate indemnification against the Ambassador Crossclaim-Defendants;

C.      Award ePremium pre-judgment and post-judgment interest and its reasonable attorneys' fees and other costs and expenses incurred in defending against this action;

D.      Order disgorgement of all fees, expenses or compensation paid to or profits earned by the Ambassador Crossclaim-Defendants; and

E.      Grant such other and further relief this Court deems just and proper.

WYATT, TARRANT & COMBS, LLP

/s/Donald J. Kelly
Donald J. Kelly
Julie Laemmle Watts
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
(502) 589-5235
(502) 589-0309
dkelly@wyattfirm.com
jwatts@wyattfirm.com

OF COUNSEL:

WILLKIE FARR & GALLAGHER LLP
Jeffrey B. Korn (*pro hac vice* forthcoming)
787 Seventh Avenue
New York, New York 10019-6099
(212) 728-8000

*Attorneys for ePremium Insurance Agency, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 6, 2020, I electronically filed the foregoing with the Clerk of this Court using the electronic case filing system, which will send notification of such filings to the parties registered with this Court's CM/ECF system.

/s/ Donald J. Kelly\
Donald J. Kelly

100392940