## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **LEXINGTON INSURANCE COMPANY,** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| and | ) |
| | ) |
| **STATE NATIONAL INSURANCE** | ) |
| **COMPANY, INC,** *et al.* | ) |
| | ) |
| Intervening Plaintiffs, | )   CASE NO. 3:20-CV-00330-DJH |
| | ) |
| v. | ) |
| | ) |
| **THE AMBASSADOR GROUP LLC,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

### AMBASSADOR DEFENDANTS' ANSWER TO EPREMIUM'S CROSSCLAIMS

Defendants The Ambassador Group LLC and Brandon M. White (collectively, "Ambassador Defendants"), for their answer to the crossclaims ("Crossclaim") filed against them by Defendant ePremium Insurance Agency, LLC ("ePremium"), state as follows:

1. Ambassador Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within paragraph 1 of the Crossclaim and, therefore, deny same.

2. Ambassador Defendants admit the allegations contained in paragraph 2 of the Crossclaim.

3. Ambassador Defendants admit the allegations contained in paragraph 3 of the Crossclaim.

4. Ambassador Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within paragraph 4 of the Crossclaim and, therefore, deny same.

5. With respect to the allegations in paragraph 5 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required. To the extent any response is required, Ambassador Defendants deny the allegations contained within paragraph 5 of the Crossclaim.

6. With respect to the allegations in paragraph 6 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required. To the extent any response is required, Ambassador Defendants deny the allegations contained within paragraph 6 of the Crossclaim.

7. With respect to the allegations in paragraph 7 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required. To the extent any response is required, Ambassador Defendants deny the allegations contained in paragraph 7 of the Crossclaim.

8. With respect to the allegations in paragraph 8 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required. To the extent any response is required, Ambassador Defendants deny the allegations contained within paragraph 8 of the Crossclaim.

9. With respect to the allegations in paragraph 9 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required. To the extent any response is required, Ambassador Defendants deny the allegations contained within paragraph 9 of the Crossclaim.

10. Ambassador Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within paragraph 10 of the Crossclaim, and therefore deny same.

11. Ambassador Defendants admit the allegations contained within paragraph 11 of the Crossclaim.

12. Ambassador Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within paragraph 12 of the Crossclaim, and therefore deny same.

13. Ambassador Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within paragraph 13 of the Crossclaim, and therefore deny same.

14. With respect to the allegations contained in paragraph 14 of the Crossclaim, Ambassador Defendants state that Ambassador was referred to ePremium on or around February of 2019. Ambassador Defendants deny the remaining allegations contained in paragraph 14 of the Crossclaim.

15. Ambassador Defendants admit the allegations contained in paragraph 15 of the Crossclaim.

16. Ambassador Defendants admit the allegations contained in paragraph 16 of the Crossclaim.

17. Ambassador Defendants admit the allegations contained in paragraph 17 of the Crossclaim.

18. Ambassador Defendants deny the allegations contained in paragraph 18 of the Crossclaim.

19. Ambassador Defendants deny the allegations contained in paragraph 19 of the Crossclaim.

20. Ambassador Defendants deny the allegations contained in paragraph 20 of the Crossclaim.

21. With respect to the allegations contained in paragraph 21 of the Crossclaim, Ambassador Defendants state that on or about July 18, 2019, Brandon White sent by email two sample agreements to Troy Scott. Ambassador Defendants deny the remaining allegations contained within paragraph 21 of the Crossclaim.

22. With respect to the allegations contained in paragraph 22 of the Crossclaim, Ambassador Defendants state that on or about July 18, 2019, a telephone conference was held to discuss the subject matter described in the meeting invitation as "ePremium/State National Key Data Point IT Discussion." Ambassador Defendants deny the remaining allegations contained within paragraph 22 of the Crossclaim

23. With respect to the allegations contained in paragraph 23 of the Crossclaim, Ambassador Defendants state that on or about July 25, 2019, Brandon White sent by email two agreements, and tried to facilitate communications between ePremium and State National.

Ambassador Defendants deny the remaining allegations contained in paragraph 23 of the Crossclaim.

24. Ambassador Defendants deny the allegations contained in paragraph 24 of the Crossclaim.

25. Ambassador Defendants deny the allegations contained in paragraph 25 of the Crossclaim.

26. Ambassador Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within paragraph 26 of the Crossclaim, and therefore deny same.

27. Ambassador Defendants deny the allegations contained in paragraph 27 of the Crossclaim.

28. Ambassador Defendants deny the allegations contained in paragraph 28 of the Crossclaim.

29. With respect to the allegations contained in paragraph 29 of the Crossclaim, Ambassador Defendants state that on or about May 29, 2020, Brandon White sent by email an invoice from State National to Troy Scott and Chad Scott. Ambassador Defendants deny the allegations contained in paragraph 29 of the Crossclaim.

30. Ambassador Defendants deny the allegations contained in paragraph 30 of the Crossclaim.

31. Ambassador Defendants deny the allegations contained in paragraph 31 of the Crossclaim.

5

32. Ambassador Defendants deny the allegations contained in paragraph 32 of the Crossclaim.

33. With respect to the allegations contained in paragraph 33 of the Crossclaim, Ambassador Defendants state that on or about October 3, 2019, Brandon White sent by email a proposal for a second fronting agreement. Ambassador Defendants deny the remaining allegations contained in paragraph 33 of the Crossclaim.

34. Ambassador Defendants deny the allegations contained in paragraph 34 of the Crossclaim.

35. Ambassador Defendants deny the allegations contained in paragraph 35 of the Crossclaim.

36. Ambassador Defendants deny the allegations contained in paragraph 36 of the Crossclaim.

37. Ambassador Defendants deny the allegations contained in paragraph 37 of the Crossclaim.

38. Ambassador Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within paragraph 38 of the Crossclaim, and therefore deny same.

39. Ambassador Defendants admit the allegations contained in paragraph 39 of the Crossclaim.

40. Ambassador Defendants deny the allegations contained in paragraph 40 of the Crossclaim.

41. Ambassador Defendants deny the allegations contained in paragraph 41 of the Crossclaim.

42. Ambassador Defendants for their answer to paragraph 42 of the Crossclaim incorporate here by reference, pursuant to Fed. R. Civ. P. 10(c), their answers to paragraphs 1 through 41 of the Crossclaim.

43. Ambassador Defendants deny the allegations contained in paragraph 43 of the Crossclaim.

44. Ambassador Defendants deny the allegations contained in paragraph 44 of the Crossclaim.

45. Ambassador Defendants deny the allegations contained in paragraph 45 of the Crossclaim.

46. Ambassador Defendants deny the allegations contained in paragraph 46 of the Crossclaim.

47. Ambassador Defendants deny the allegations contained in paragraph 47 of the Crossclaim.

48. Ambassador Defendants deny the allegations contained in paragraph 48 of the Crossclaim.

49. Ambassador Defendants for their answer to paragraph 49 of the Crossclaim incorporate here by reference, pursuant to Fed. R. Civ. P. 10(c), their answers to paragraphs 1 through 48 of the Crossclaim.

50. Ambassador Defendants admit the allegations contained in paragraph 50 of the Complaint.

51. Ambassador Defendants deny the allegations contained in paragraph 51 of the Crossclaim.

52. Ambassador Defendants deny the allegations contained in paragraph 52 of the Crossclaim.

53. Ambassador Defendants states that ePremium has paid the Ambassador Defendants for some of the services rendered pursuant to the Captive Services Agreement.

54. Ambassador Defendants deny the allegations contained in paragraph 54 of the Crossclaim.

55. Ambassador Defendants for their answer to paragraph 55 of the Crossclaim incorporate here by reference, pursuant to Fed. R. Civ. P. 10(c), their answers to paragraphs 1 through 54 of the Crossclaim.

56. With respect to the allegations in paragraph 56 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required. To the extent any response is required, Ambassador Defendants deny the allegations contained within paragraph 56 of the Crossclaim.

57. With respect to the allegations in paragraph 57 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required. To the extent any response is required, Ambassador Defendants deny the allegations contained within paragraph 57 of the Crossclaim.

58. With respect to the allegations in paragraph 58 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required. To

the extent any response is required, Ambassador Defendants deny the allegations contained within paragraph 58 of the Crossclaim.

59. With respect to the allegations in paragraph 9 of the Crossclaim, Ambassador Defendants state that the allegations are legal conclusions to which no response is required. To the extent any response is required, Ambassador Defendants deny the allegations contained within paragraph 59 of the Crossclaim.

60. Ambassador Defendants for their answer to paragraph 60 of the Crossclaim incorporate here by reference, pursuant to Fed. R. Civ. P. 10(c), their answers to paragraphs 1 through 59 of the Crossclaim.

61. Ambassador Defendants deny the allegations contained in paragraph 60 "A" of the Crossclaim.

62. Ambassador Defendants deny the allegations contained in paragraph 61 of the Crossclaim.

63. Ambassador Defendants deny the allegations contained in paragraph 62 of the Crossclaim.

64. Ambassador Defendants expressly deny any and all allegations contained in the Crossclaim not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

65. The Crossclaim fails to state a claim upon which relief can be granted.

66. Ambassador Defendants are not liable to Plaintiff Lexington Insurance Company, or Intervening Plaintiffs State National Life Insurance Company, Inc. and National Specialty Insurance Company, for any claim or damages.

67. Ambassador Defendants are not liable to ePremium for any claim or damages.

68. Ambassador Defendants are entitled to set off any award of damages to ePremium on its crossclaims against Ambassador Defendants, with any amount or amounts owed by ePremium to Ambassador Defendants for other and distinct debts.

69. Ambassador Defendants plead any matter which could be asserted as an affirmative defense or avoidance, and reserve the right to amend this answer to the Intervening Complaint in the event that discovery reveals additional defenses.

### Demand For Judgment

Ambassador Defendants demand judgment in their favor on the claims alleged against them in the Crossclaim as follows:

A. Dismissing the Crossclaim, and all claims alleged therein against Ambassador Defendants, with prejudice;

B. Awarding Ambassador Defendants their costs, including but not limited to reasonable attorneys' fees;

C. Awarding Ambassador Defendants all other relief to which they may be entitled.

/s/ Kevin A. Imhof
Culver V. Halliday
Kevin A. Imhof
STOLL KEENON OGDEN PLLC
500 West Jefferson Street
Suite 2000
Louisville, Kentucky 40202
(502) 333-6000
culver.halliday@skofirm.com
kevin.imhof@skofirm.com

Attorneys for Defendants
The Ambassador Group LLC and
Brandon White

124988.167966/8373995.1