UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LEXINGTON INSURANCE COMPANY,                            Plaintiff,

v.                                     No. 3:20-cv-00330-BJB-LLK

THE AMBASSADOR GROUP LLC, et al.                Defendants.

---

STATE NATIONAL INSURANCE                    Plaintiff–Intervenors,
COMPANY, INC., et al.

v.

THE AMBASSADOR GROUP LLC, et al.             Defendants–Intervenors.

\*   \*   \*   \*   \*

**OPINION AND ORDER**

This insurance-fraud case implicates a complex cast of plaintiffs, defendants, and intervenors affected by "captive insurance" schemes that stretched from Kentucky to the Caribbean. All told, approximately 25 individual claims, counterclaims, and cross-claims are at issue. The Plaintiffs—Lexington Insurance (an AIG subsidiary) and intervenors "State National" (State National Insurance Company and National Specialty Insurance Company)—contend that the five defendants and several affiliates committed fraud and a host of other torts and statutory violations by issuing counterfeit policies under the Plaintiffs' names and trademarks.

The motions to dismiss and stay discovery, now before the Court, concern the connections of one defendant—Performance Insurance Company SPC—to the Commonwealth of Kentucky and to this litigation. Those ties are too tenuous to support personal jurisdiction, according to the motion to dismiss: the only connection between Performance and this litigation is the rental by third-party customers of "cells" in Performance's segregated portfolio. On Performance's view, this falls short of the minimum contacts required to support jurisdiction over a defendant operating only in the Cayman Islands that has never owned property, entered into a contract, had a registered agent, or maintained an office in Kentucky.

Performance's characterization, however, does not capture the full reach of Performance's activity as set forth in the pleadings. The Plaintiffs allege that Performance took part in a fraudulent scheme directed at and executed in the Commonwealth. At this stage, the Plaintiffs bear the burden of establishing the Court's personal jurisdiction over each defendant. But that burden is not especially heavy when the defendant seeking dismissal relies on pleadings and affidavits (which the Court construes in the light most favorable to plaintiffs), rather than on facts

1

established in discovery or an evidentiary hearing.  *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).  In a Rule 12(b)(2) motion based on affidavits alone, "the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal.  *Air Prods. & Controls v. Safetech Int'l*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).

The Plaintiffs muster a persuasive argument that Performance's alleged Kentucky connections, involving co-defendant and agent Brandon White, show that Performance took advantage of the Commonwealth's laws and the benefits of doing business here.  If true, that would suffice to establish the Court's jurisdiction over Performance.  *See, e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

Even more persuasive, and ultimately dispositive, is Plaintiffs' objection to the motion's timeliness—or lack thereof.  Performance failed to object to the Court's jurisdiction until after it entered two general appearances, after it filed an answer that did not assert a personal-jurisdiction defense, and after it actively participated in the case for six months.  Then it switched counsel, advanced this personal-jurisdiction argument, and sought to stay discovery on that basis.  The short-but-involved history of this case confirms Plaintiffs' position: Performance forfeited its personal-jurisdiction defense.  The Court therefore **DENIES** Performance's Rule 12(b)(2) motion to dismiss [DN 79] and **DENIES** as moot its stay motion [DN 80].

* * *

Describing Performance's substantial involvement in this complex litigation—early though it may be—makes the basis for forfeiture clear.  As explained in Plaintiffs' Opposition [DN 85 at 1985], the lawsuit's posture reflects "the typical waiver scenario" under Rule 12(b)(2): "a defendant waives its personal jurisdiction defense if submissions, appearances and filings give the plaintiff a reasonable expectation that the defendant will defend the suit on the merits or cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Innovation Ventures, LLC v. Custom Nutrition Labs., LLC*, 912 F.3d 316, 332–33 (6th Cir. 2018) (quoting *Means v. U.S. Conf. of Catholic Bishops*, 836 F.3d 643, 648 (6th Cir. 2016)).

Shortly after Lexington filed the Complaint and sought a temporary restraining order on May 11, 2020, Performance "defend[ed] the suit on the merits" and "cause[d] the court to go to some effort." *Id.*  It did so by:

- Filing a general appearance, without specifically reserving its rights to contest jurisdiction, on May 13th.
- Proposing an agreed expedited-discovery order, which the Court adopted, on May 14th.
- Proposing another agreed order to extend pleading and discovery deadlines.
- Agreeing to respond to Plaintiffs' first set of interrogatories and requests for production of documents by June 9th.
- Agreeing to a proposed schedule that called for an answer by June 10th.
- Jointly asking the Court to enter a new scheduling order, in order to facilitate settlement discussions, on June 25th.
- Answering Plaintiff's complaint on August 3rd.
- Responding to interrogatories and requests for production on August 4th.

- Substituting new counsel, who entered a general appearance, without limitation, on October 7th.
- Asserting cross-claims against co-defendants Ambassador and White in its answer to the Amended Intervenor Complaint on October 16th—for the first time objecting to personal jurisdiction.

Not until November 13th did Performance actually file its motion to dismiss Lexington's claims for lack of personal jurisdiction. By then it had spent much of 2020 defending this suit and inducing substantial efforts on the part of this Court and the eight other parties litigating this suit. Such voluntary, active and extensive participation in the litigation—without entering a special appearance or asserting a personal jurisdiction defense—forfeits the defense under the law of the Sixth Circuit.

*First*, Performance's counsel entered general appearances without offering any indication their client would contest personal jurisdiction. The Sixth Circuit has made clear that a "party waives the right to contest personal jurisdiction by failing to raise the issue when making a responsive pleading or a general appearance." *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1120 (6th Cir. 1994). Performance could've avoided this predicament by filing a special appearance that reserved the right to contest personal jurisdiction. It did not. So its general appearance voluntarily accepted the district court's jurisdiction, which supports forfeiture of this defense. *See Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011).

*Second*, Performance answered the complaint without asserting its defense. This violates the Federal Rules' requirement that defendants must include a personal jurisdiction defense in their first responsive pleading or motion to dismiss. Fed. R. Civ. P. 12(h). The complaint alleged facts that, in Lexington's view, give this Court jurisdiction: Performance transacted business in the Commonwealth with two Kentucky residents (Ambassador and White) and maintained an office in Louisville. In response, the answer offered only a general denial: "Defendants deny the allegations contained in Paragraph 13 of the Complaint." DN 28 at 708; *id.* at 709 (same with respect to ¶ 19). But the answer did not include the words "personal jurisdiction," and the relevant paragraphs it denied included information other than just the jurisdictional assertion. The Plaintiffs, in other words, would not necessarily have had notice that Performance contested jurisdiction even if it tried to parse the answer's every phrase.

The failure to assert personal jurisdiction as a defense in their "first defensive move" may result in forfeiture of that defense—and contributes to the court's denial of the motion here. Fed. R. Civ. P. 12(h)(1)(B); *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978). Courts in this Circuit commonly decide forfeiture arguments on precisely this basis. *See, e.g.*, *Long v. Huffy Corp.*, No. 17-cv-13312, 2018 WL 500288, at *2 (E.D. Mich. Jan. 22, 2018) (defendant waived objection to personal jurisdiction by filing an answer that did not challenge jurisdiction); *Mucerino v. Newman*, No. 3:14-cv-00028, 2017 WL 387202, at *1 (M.D. Tenn. Jan. 26, 2017) (personal jurisdiction existed because defendant answered an amended complaint without asserting a defense of lack of jurisdiction); *Van Sweden Jewelers, Inc. v. 101 VT, Inc.*, No. 1:10-cv-253, 2012 WL 4074620, at *7 (W.D. Mich. June 21, 2012) (holding on summary judgment that defendant forfeited personal-jurisdiction challenge by actively litigating despite prior objection.).

*Third*, even if the answer's generic denial sufficed to timely assert a jurisdictional defense, a defendant "may forfeit the right to seek a ruling on the defense at a later juncture through his

conduct during the litigation." *King v. Taylor*, 694 F.3d 650, 658 (6th Cir. 2012). Performance's affirmative litigation conduct, outlined above, more than sufficed to give the Plaintiffs (and the Court) a reasonable expectation that Performance would defend the suit on the merits.

Performance acknowledges participation in initial, expedited discovery, DN 79-1 at 1934, which included responses to Lexington's interrogatories and document requests, DN 94 at 2199–200. Its activity went beyond that, however. The passage of time and Performance's involvement in even non-dispositive, non-discovery litigation are both relevant to the forfeiture analysis in the Sixth Circuit. *See, e.g.*, *Johnson v. Soal, Inc.*, 2019 U.S. Dist. LEXIS 12030, *4–5 (E.D. Ky. 2019) (accounting for multiple communications with plaintiff, court filings, and court appearances, along with the passage of time and conduct of discovery, in assessing the timeliness of the jurisdictional defense).

The touchstone is the reasonable expectations and efforts spurred by a defendant's conduct. *Innovation*, 912 F.3d at 332–33. Performance's substantial involvement in this case created both. As the Plaintiffs note, between May and November of 2020, Performance actively engaged in this litigation by entering into agreed orders and joint reports, communicating with the parties and the Court, and asserting crossclaims against Ambassador and White before moving to dismiss. DN 85 at 1976–77. Even when Performance objected to jurisdiction in its answer to the intervenor complaint, it failed to move for dismissal on that basis for a month, allowing the litigation to continue still further before addressing this threshold issue. All the while, this case, which Performance acknowledges is "extremely complex," DN 79-1 at 1930, carried on. The Plaintiffs and the Court undertook efforts that would be wasted if it turned out now that the Court lacked personal jurisdiction. As the Sixth Circuit recognized in *Parchman v. SLM Corporation*, "conduct" including "appearances and filings" may "waive [a defendant's] personal jurisdiction defense" by "constitut[ing] legal submission to the jurisdiction of the court" and "constructive consent" to jurisdiction. 896 F.3d 728, 734 (6th Cir 2018).

This litigation conduct therefore represents another way in which Performance forfeited its defense. Other trial courts have reached similar conclusions. *Music City Metals v. Jinchang Cai* offers an instructive analog. *See* No. 3:17-cv-766, 2017 WL 4641866, at *4 (M.D. Tenn. Oct. 17, 2017). The district court, applying *Gerber* and *King*, concluded that defendants forfeited a personal-jurisdiction defense because they (like Performance) filed a notice of appearance without reserving any rights, and because they (like Performance) made a number of substantive filings, all before challenging the Court's jurisdiction. *See id.*; *see also Asmar v. Benchmark Literacy Grp., Inc.*, No. 04-70711, 2005 WL 2562965, at *6 (E.D. Mich. Oct. 11, 2015) (despite raising personal jurisdiction as an affirmative defense, defendant's participation in the litigation on the merits waived its objection); *HTC Sweden AB v. Innovatech Prods. & Equip. Co.*, No. 3:07-cv-232, 2010 WL 2163122, at *7 (E.D. Tenn. 2010) (despite one-word denial in responsive pleading, defendant forfeited jurisdictional defense based on conduct and delay in the litigation).

Performance's contrary arguments are unavailing.

It relies heavily on the Sixth Circuit's no-forfeiture decision in *Parchman*, but that decision is readily distinguishable. Though the defendant there made submissions, appearances, and filings, it promptly and consistently maintained that the court lacked personal jurisdiction with respect to one claim in the amended complaint. And the *Parchman* defendant initially made a special appearance in order to contest personal jurisdiction. *See, e.g.*, 896 F.3d at 734 (defendant objected to interrogatories and requests for production on personal-jurisdiction grounds). As a result, the

trial court and the Sixth Circuit concluded the plaintiff had no reasonable expectation that the defendant would willingly defend the suit in that forum.  *Id.* at 734.  In each of these respects, Performance's litigation conduct between the filing of the complaint and filing of its motion differed from that in *Parchman*.

Nor may Performance disavow that conduct as the acts of prior counsel.  The law does not recognize any such distinction: until their withdrawal on September 25th, Performance's initial counsel could represent and bind Performance to the same degree that its current counsel can today. "Since the client voluntarily chose counsel as his representative in the action," it "cannot later avoid the consequences of the acts or omissions of the party's freely selected agent."  *State Auto Ins. Co. v. Thomas Landscaping & Constr. Inc.*, 494 F. App'x 550, 554 (6th Cir. 2012). Performance's position "would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer–agent and is considered to have 'notice of all facts.'"  *Id.* (citation omitted).  In *State Auto*, as here, the district court based its ruling on the answer and responses of initial counsel that indicated personal jurisdiction was not a defense.  In any event, the break between prior and current counsel is not as clean as Performance suggests: even the second appearance of counsel was general and unqualified.  *See* DN 58.

## ORDER

Because Performance's two general appearances, answer, and extensive litigation conduct all support the conclusion that it forfeited its right to object to personal jurisdiction, the Court **DENIES** the motion to dismiss [DN 79] and **DENIES** as moot the motion to stay discovery [DN 80] pending the Court's resolution of the jurisdictional motion.

February 16, 2021

Benjamin Beaton, District Judge

United States District Court

Copies to:       All Counsel