# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE AMBASSADOR GROUP LLC d/b/a ) <br> AMBASSADOR CAPTIVE SOLUTIONS; ) <br> GAGLIARDI INSURANCE SERVICES, INC.; ) <br> GOLDENSTAR SPECIALTY INSURANCE, ) <br> LLC; PERFORMANCE INSURANCE ) <br> COMPANY SPC on behalf of GOLDENSTAR ) <br> HOLDINGS COMPANY SP and on behalf of ) <br> SMART INSURE SP; and BRANDON WHITE, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:20-CV-00330-BJB-LLK <br><br> Judge Benjamin Beaton <br><br> Magistrate Judge Lanny King |
| STATE NATIONAL INSURANCE ) <br> COMPANY, INC. and NATIONAL ) <br> SPECIALTY INSURANCE COMPANY, ) <br> ) <br> Plaintiff-Intervenors, ) <br> ) <br> vs. ) <br> ) <br> THE AMBASSADOR GROUP LLC d/b/a ) <br> AMBASSADOR CAPTIVE SOLUTIONS; ) <br> BRANDON WHITE; PERFORMANCE ) <br> INSURANCE COMPANY SPC; EPREMIUM ) <br> INSURANCE AGENCY, LLC; and ) <br> GAGLIARDI INSURANCE SERVICES, INC., ) <br> ) <br> Defendants in Intervention. ) | |

**JOINT MOTION FOR ENTRY OF CONSENT DECREE AND RULE 21 MOTION TO DISMISS EPREMIUM AS A PARTY**

Pursuant to Rule 21, Plaintiff-Intervenors State National Insurance Company, Inc. and

National Specialty Insurance Company (collectively, "State National") and Defendant in

Intervention ePremium Insurance Agency, LLC ("ePremium") (together, the "Moving Parties") jointly submit this motion to dismiss ePremium as a party to this case. Plaintiff Lexington Insurance Company ("Lexington") and Defendants The Ambassador Group LLC and Brandon White (collectively, the "Ambassador Defendants") have no objection to this motion, and the remaining parties have filed for bankruptcy or liquidation.[1] In support of this Motion, the Moving Parties state as follows.

In September 2020, State National intervened in this action and filed an Amended Complaint in Intervention against ePremium and others. (ECF Nos. 43, 47.) The Amended Complaint asserts claims against ePremium for declaratory relief and alleges: (1) trademark infringement, unfair competition and false designation of origin under the federal Lanham Act; (2) misappropriation of name under state common law; and (3) deceptive trade practices and unfair competition under state common law (the "Claims"). (ECF No. 47.)

ePremium disputes that it has any liability to State National for the Claims and has asserted affirmative defenses to those claims (the "Affirmative Defenses"). In addition, ePremium has asserted crossclaims against the Ambassador Defendants for alleged: (1) fraudulent misrepresentation; (2) breach of contract; (3) common law indemnity; and (4) unjust enrichment (the "Crossclaims"). (*E.g.*, ECF Nos. 77, 105.)

Recently, State National and ePremium entered into a written Settlement Agreement to resolve State National's Claims and ePremium's Crossclaims. As part of the Settlement Agreement State National and ePremium have agreed to the entry of the attached Consent Order which converts the previously entered Consent Order to Maintain the Status Quo [DE 62] into a

---

[1] The parties that have filed for bankruptcy or liquidation are Gagliardi Insurance Services, Inc., Goldenstar Specialty Insurance, LLC and Performance Insurance Company SPC.

permanent injunction. The claims and defenses the Moving Parties have asserted against each other are being dismissed with prejudice, while ePremium's Crossclaims against the Ambassador Defendants are dismissed without prejudice. State National is not dismissing its claims against any party other than ePremium.

In the Sixth Circuit, to dismiss some, but not all, parties and "[t]o dismiss claims against fewer than all defendants in an action, a plaintiff must move to dismiss . . . under Federal Rule of Civil Procedure 21." *E.g.*, *Fekieh v. Allstate Fire & Cas. Ins. Co.*, No. 1:20-CV-1989, 2021 WL 2400949, at *2 (N.D. Ohio June 11, 2021) (citation omitted); *Mullins v. C.R. Bard, Inc.*, No. 0:19-CV-85-JMH-EBA, 2020 WL 4288400, at *1 (E.D. Ky. July 27, 2020) (citations omitted); *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) (citations omitted). Rule 21 provides: "[o]n motion . . . , the court may at any time, on just terms, add or drop a party . . . [or] sever any claim against a party." FED. R. CIV. P. 21. "Under Rule 21, Courts must consider prejudice to the nonmoving party." *Blackwell-Wilson v. Synchrony Bank*, No. 5:19-CV-273-JMH, 2020 WL 2089820, at *2 (E.D. Ky. Apr. 30, 2020) (citations omitted).

Here, dismissal of ePremium will not prejudice the Ambassador Defendants or Lexington, all of whom have consented to this Motion. Likewise, dismissal of ePremium will not prejudice the remaining parties, which have filed for bankruptcy or liquidation, and none has previously asserted claims against ePremium.

WHEREFORE, the Moving Parties respectfully request that the Court grant the Motion, dismiss ePremium as a party to this action, and enter the consent order for a permanent injunction attached as Exhibit A, which also states that:

- ePremium is dismissed as a party to this lawsuit;

- The Claims that State National has asserted against ePremium in the Lawsuit shall be dismissed, with prejudice;

- The Affirmative Defenses that ePremium has asserted against State National in the Lawsuit shall be dismissed, with prejudice;

- The Crossclaims that ePremium has asserted against Ambassador and White in the Lawsuit shall be dismissed, without prejudice; and

- No award of fees or costs is or shall be made in favor of either State National or ePremium.

Dated:  September 29, 2021

| *Counsel for Plaintiff-Intervenors State National Insurance Company, Inc. and National Specialty Insurance Company* | *Counsel for Defendant in Intervention ePremium Insurance Agency, LLC* |
|---|---|
| /s/Jack A. Wheat (by DJK w/permission) | /s/Donald J. Kelly |
| Jack A. Wheat | Donald J. Kelly |
| Peter J. Rosene | Julie L. Watts |
| McBRAYER PLLC | Matthew Robert Palmer-Ball |
| 500 W. Jefferson St., Suite 2400 | WYATT, TARRANT & COMBS, LLP |
| Louisville, KY 40202 | 400 West Market Street |
| Phone:  (502) 327-5400 | Suite 2000 |
| jwheat@mcbrayerfirm.com | Louisville, KY 40202 |
| prosene@mcbrayerfirm.com | Phone:  (502) 562-7327 |
|  | dkelly@wyattfirm.com |
| Steven T. Whitmer (*pro hac vice*) | jwatts@wyattfirm.com |
| Julie L. Young (*pro hac vice*) | mpalmerball@wyattfirm.com |
| LOCKE LORD LLP |  |
| 111 South Wacker Drive | Jeffrey B. Korn (*pro hac vice*) |
| Chicago, IL 60606 | WILLKIE FARR & GALLAGHER LLP |
| Phone:  (312) 443-0700 | 787 Seventh Avenue |
| swhitmer@lockelord.com | New York, NY 10019 |
| jyoung@lockelord.com | Phone:  (212) 728-8000 |
|  | jkorn@wilkie.com |

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing JOINT MOTION FOR ENTRY OF CONSENT DECREE AND RULE 21 MOTION TO DISMISS EPREMIUM AS A PARTY has been furnished via CM/ECF to all attorneys of record on this 29th day of September, 2021.

WYATT, TARRANT & COMBS, LLP

/s/Donald J. Kelly
Donald J. Kelly
Julie L. Watts
Matthew R. Palmer-Ball
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
(502) 589-5235
(502) 589-0309
dkelly@wyattfirm.com
jwatts@wyattfirm.com
mpalmerball@wyattfirm.com

WILLKIE FARR & GALLAGHER LLP
Jeffrey B. Korn (*pro hac vice*)
787 Seventh Avenue
New York, New York 10019-6099
(212) 728-8000

***Attorneys for ePremium Insurance Agency, LLC***

100592999.1