# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 3:20-CV-00330-BJB-LLK |
| THE AMBASSADOR GROUP LLC d/b/a | ) |
| AMBASSADOR CAPTIVE SOLUTIONS; | ) Judge Benjamin Beaton |
| GAGLIARDI INSURANCE SERVICES, INC.; | ) |
| GOLDENSTAR SPECIALTY INSURANCE, | ) Magistrate Judge Lanny King |
| LLC; PERFORMANCE INSURANCE | ) |
| COMPANY SPC on behalf of GOLDENSTAR | ) |
| HOLDINGS COMPANY SP and on behalf of | ) |
| SMART INSURE SP; and BRANDON WHITE, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |
| STATE NATIONAL INSURANCE | ) |
| COMPANY, INC. and NATIONAL | ) |
| SPECIALTY INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff-Intervenors, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE AMBASSADOR GROUP LLC d/b/a | ) |
| AMBASSADOR CAPTIVE SOLUTIONS; | ) |
| BRANDON WHITE; PERFORMANCE | ) |
| INSURANCE COMPANY SPC; EPREMIUM | ) |
| INSURANCE AGENCY, LLC; and | ) |
| GAGLIARDI INSURANCE SERVICES, INC., | ) |
| | ) |
| Defendants in Intervention. | ) |

**CERTAIN PARTIES' JOINT
SUPPLEMENTAL BRIEF IN SUPPORT OF CONSENT DECREE**

Plaintiff-Intervenors State National Insurance Company, Inc. and National Specialty Insurance Company (together, "State National") and Defendant-in-Intervention and Cross-Claimant ePremium Insurance Agency, LLC ("ePremium") (collectively, the "Parties") hereby jointly submit this supplemental brief to address the Court's questions regarding the appropriateness of the proposed consent order ("Consent Order") that is attached to the Joint Motion for Entry of Consent Decree and Rule 21 Motion to Dismiss ePremium as a Party (the "Motion").

## I. INTRODUCTION.

As part of their settlement agreement, State National and ePremium jointly petitioned the Court to enter the Consent Order, which is intended to create a permanent injunction as part of the final settlement of the disputes between these Parties.[1] (*See* ECF Nos. 130, 135.) Following the October 25, 2021 hearing on the Motion, the Court permitted the Parties to file a supplemental brief regarding the appropriateness of the Consent Order. (ECF No. 135.) As confirmed by the following three points, it is appropriate for the Court to enter the Consent Order because:

First, the Sixth Circuit does not require courts to make merits determinations on underlying claims and defenses before entering consent decrees. Instead, as long as the district court has subject matter jurisdiction—and there is no dispute it has such jurisdiction here—the court has "authority to approve a settlement" including a consent decree, and "[n]o other merits inquiry [is] required." *E.g.*, *Benalcazar v. Genoa Twp., Ohio*, 1 F.4th 421, 425 (6th Cir. 2021).

---

[1] While the Settlement Agreement is subject to a confidentiality provision, upon the Court's request, the Parties will submit the Settlement Agreement to the Court under seal for *in camera* review pursuant to the procedures set forth in Local Rule 5.6.

Second, here, all of the standards required in the Sixth Circuit for the entry of a consent decree have been met. Specifically, the Consent Order is fair, adequate, reasonable and consistent with the public interest, and notice has been given to all affected parties.

Third, entry of the Consent Order has been sought pursuant to the Parties' settlement here and would promote potential future settlements between State National and the other defendants. As numerous courts have held, consent decrees are frequently entered on trademark disputes to enforce settlements through binding injunctions.

## II. BACKGROUND.

In this case, State National alleges widespread insurance fraud and trademark violations by the Defendants. As detailed in the pleadings, State National alleges that Defendants forged its name and mark on many contracts, hundreds of counterfeit insurance policies, and thousands of insurance certificates in connection with seven high-risk insurance schemes implemented through captive insurance companies formed and run in the Cayman Islands. (*See generally* ECF No. 47, 62.)

Through its Amended Complaint, State National seeks injunctive relief against ePremium and others on its claims for: (1) trademark infringement, unfair competition and false designation of origin under the federal Lanham Act; (2) indirect, contributory, and vicarious infringement under the Lanham Act; (3) misappropriation of name under Kentucky common law; (4) deceptive trade practices and unfair competition under Kentucky, New York and Texas common law; and (5) insurance fraud under Kentucky law. (*See id.*) On October 13, 2020, the Court entered a preliminary consent order, which granted State National preliminary injunctive relief pending final determination of its claims. (*See* ECF No. 62.)

ePremium disputes liability to State National and has asserted affirmative defenses. (ECF No. 77.) In addition, ePremium filed a Crossclaim against Defendants The Ambassador Group LLC and Brandon White (together, the "Ambassador Defendants") for alleged: (1) fraudulent misrepresentation; (2) breach of contract; (3) common law indemnity; and (4) unjust enrichment. (ECF No. 105.)

Recently, State National and ePremium entered into a written settlement agreement to resolve their claims against each other. As part of the settlement agreement, State National and ePremium agreed to apply for the entry of the Consent Order, which effectively converts the Court's October 13, 2020 preliminary consent order into a permanent injunction. (*See* ECF Nos. 62, 130.) Importantly, the Consent Order only impacts actions/inactions by ePremium—*and not any third parties*—by restricting ePremium from (1) representing to anyone that State National issued any insurance policies or insurance certificates with respect to the insurance programs at issue; (2) issuing any additional insurance policies or certificates bearing the State National name without State National's written consent, and (3) offering for sale, selling, distributing or advertising any and all goods or services, including any insurance related products, using State National's name without State National's written consent. (*See* ECF No. 130.)

On October 25, 2021, the Court held a telephonic hearing regarding the Consent Order and subsequently permitted the Parties to file supplemental briefing to address the "appropriateness of a consent decree in this case." (ECF No. 135.)

### III.   ARGUMENT.

As discussed below, it is appropriate for the Court to enter the Consent Order because (1) courts may enter consent decrees without a developed factual record, (2) the standard for entry of a consent decree is easily satisfied here, and (3) the Consent Order has been sought pursuant to

the Parties' settlement agreement and its entry would confirm binding relief and promote the efficient resolution of this case through other potential settlements.

### A. **<u>Courts May Enter Consent Decrees Without A Developed Factual Record.</u>**

As the Sixth Circuit has made clear, as long as there is subject matter jurisdiction, "the district court ha[s] authority to approve a settlement. No other merits inquiry [is] required," even when the settlement includes a consent decree. *Benalcazar*, 1 F.4th at 425. As a result, district courts may—and regularly do—properly enter a consent decree without first making any merits determinations.

When analyzing a proposed consent decree's validity, "[t]he Court has no occasion to determine the merits of the controversy of the factual underpinning of the legal authorities advanced by the parties." *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983) (citing *Airline Stewards & Stewardesses Ass'n, Loc. 550, TWU, AFL-CIO v. Am. Airlines, Inc.*, 573 F.2d 960, 963 (7th Cir. 1978) ("[T]he district court correctly declined to decide those issues relevant to the merits of the plaintiffs' claims prior to approving the consent decree"); *see also United States v. Armour & Co.*, 402 U.S. 673, 682 (1971) (recognizing that consent decrees are interpreted as written instruments, "not as it might have been written had the plaintiff established his factual claims and legal theories in litigation").

Instead, when assessing whether it is appropriate to enter a consent decree, district courts should only engage in a merits inquiry to the extent needed to determine whether it has subject matter jurisdiction over the pertinent claims. *See Benalcazar*, 1 F.4th at 424–25 ("Subject-matter jurisdiction over a dispute is one thing; the merits of the underlying dispute are another. Rarely do the twain meet"). Here, it is undisputed that the Court has subject matter jurisdiction over the disputes among the parties to this matter. As a result, there is no reason for the Court to consider

merits issues before entering the Consent Order. *See, e.g.*, *McKeon Prod., Inc. v. Howard S. Leight & Assocs., Inc.*, 15 F.4th 736, 739 (6th Cir. 2021) (affirming a district court's injunction pursuant to the parties' prior consent decree governing a trademark infringement dispute, even though the consent decree was (1) entered into prior to deciding the plaintiff's motion for a preliminary injunction, (2) neither party had admitted liability, and (3) the district court did not make any finding of consumer confusion).

### B. The Standard For Entry Of A Consent Decree Is Easily Satisfied Here.

In this Circuit, a consent order may be entered as long as it is fair, adequate, reasonable and consistent with the public interest. *E.g.*, *Pedreira v. Sunrise Children's Servs., Inc.*, 802 F.3d 865, 872 (6th Cir. 2015). Also, "[n]otice should be given to all individuals who may be affected by the decree." *Williams*, 720 F.2d at 922. Importantly, when determining whether to enter a consent decree, courts are to apply "a presumption in favor of voluntary settlement." *E.g.*, *United States v. Lexington-Fayette Urb. Cty. Gov't*, 591 F.3d 484, 490 (6th Cir. 2010) (remanding to the district court to provide support for its decision to reject the proposed consent decree or, alternatively, instructing district court to approve the agreement); *c.f. United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1435 (6th Cir. 1991) ("[W]e may not substitute our own judgment for that of the parties to the decree").

For the following five reasons, this Circuit's test for entering the Consent Order is readily satisfied here.

First, the Consent Order is fair. Whether a consent decree is fair is determined by the impact of the consent decree on those affected, not by an evaluation of the facts underlying the dispute. *See Williams*, 720 F.2d at 921. A consent decree is fair if it is the product of an arms-length transaction that seeks to resolve underlying litigation. *See, e.g.*, *Benalcazar v. Genoa Twp.*,

*Ohio*, No. 2:18-CV-01805, 2020 WL 4933797, at *7 (S.D. Ohio Aug. 24, 2020), *aff'd*, 1 F.4th 421 (6th Cir. 2021); *United States v. Goodrich Corporation*, No. 5:20-CV-00154-TBR, 2021 WL 297577, at *2 (W.D. Ky. Jan. 28, 2021) ("In evaluating a consent decree's fairness, the Sixth Circuit has considered 'the strength of plaintiff's case, the good faith efforts of the negotiators, the opinions of counsel, and the possible risks involved in the litigation if the settlement is not approved.'") (citation omitted).

Here, the Consent Order is fair because, among other reasons: (1) it merely puts constraints on ePremium, which has willingly agreed to those constraints; (2) the Parties have agreed to its terms through good faith, arms-length settlement negotiations in which each of the Parties was represented by counsel; (3) the Consent Order is pursuant to an agreement to resolve the disputes on the Amended Complaint and Crossclaims and avoid expensive litigation between the Parties. *See, e.g.*, *Benalcazar*, 2020 WL 4933797, at *7 (holding that the proposed consent decree was fair and reasonable because it resolved the underlying dispute, avoided expensive litigation, each party was represented by counsel and the agreement was the result of arm's length settlement discussions).

<u>Second</u>, the Consent Order is adequate. A consent decree is adequate if it is proportional to the risk of liability exposure. *See Williams*, 720 F.2d at 922 ("The court must also evaluate the adequacy of the decree "by weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement.") (citing *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981). Also, in assessing the risk of liability exposure, "[t]he court should defer to the judgment of experienced counsel." *Id*.

Here, the Consent Order is adequate because the underlying allegations expose ePremium to significant liability, including statutory and punitive damages, and the Consent Order has been sought pursuant to a settlement that resolves this liability as agreed to by the Parties.

Third, the Consent Order is reasonable. A consent decree is reasonable if it resolves the dispute in a manner proportional to the risks that the underlying law seeks to remedy. *See, e.g.*, *Goodrich*, 2021 WL 297577 at *2 ("[T]he reasonableness of a consent decree may be measured by 'the nature/extent of hazards; the degree to which the remedy will adequately address the hazards; possible alternatives for remedying hazards; and the extent to which the decree furthers the goals of the statute.'") (citation omitted).

Here, the Consent Order is reasonable because the requested injunction is proportional to the risks associated with trademark infringement, particularly where, as here, the risks stem from an alleged complex fraudulent scheme. *See, e.g.*, *La Bamba Licensing, LLC v. La Bamba Authentic Mexican Cuisine, Inc.*, 295 F. Supp. 3d 756, 771 (W.D. Ky. 2018) (granting a permanent injunction where the relief would prevent consumers from being "misled in the future."). Indeed, "[i]njunctive relief is the Sixth Circuit's preferred remedy for trademark and unfair competition cases." *Id*. at 770-71 (citing *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006)). Moreover, as explained above, the Consent Order only limits the going-forward actions of ePremium, and in no way restricts actions or inactions of any third parties. (*See* ECF No. 130.) Here, given that ePremium has willingly consented to these restrictions through the settlement agreement, the Consent Order is reasonable.

Fourth, as explained in the Motion, the Parties have provided the affected parties with notice. In addition, Plaintiff Lexington Insurance Company and the Ambassador Defendants have

stated they have no objection to the entry of the Consent Order, and the remaining parties have filed for bankruptcy or liquidation. (*See* ECF No. 130, at 2 & n.1.)

<u>Fifth</u>, entry of the Consent Order serves the public interest. Protection of the public interest is the "key consideration" in determining a consent decree's validity. *Akzo Coatings of Am., Inc.*, 949 F.2d at 1435. A consent decree is consistent with the public interest if it aligns with the underlying law's public objectives. *See Williams*, 720 F.2d at 923. Notably, "[v]oluntary compliance will frequently contribute to the ultimate achievement of the public objectives." *Id*.

"[P]ublic policy generally supports 'a presumption in favor of voluntary settlement' of litigation." *United States v. Lexington-Fayette Urb. Cty. Gov't,* 591 F.3d at 490 (citing *United States v. Akzo Coatings of Am., Inc.,* 949 F.2d at 1436). Here, to the extent that the public interest is implicated by the Consent Order, the injunction furthers trademark protection and fraud deterrence, while simultaneously furthering the law's preference for voluntary settlements, particularly when resolving trademark disputes, and voluntary compliance with federal trademark law.

### C. <u>The Consent Order Is Being Sought Pursuant to A Settlement Agreement.</u>

Finally, as a practical matter, it is appropriate for the Court to enter the Consent Order to effectuate State National's settlement with ePremium, and to also potentially effectuate settlement agreements in this case with the other defendants. State National believes that a contractual settlement agreement, standing alone, is insufficient to protect State National's interest in avoiding future trademark infringement by the Defendants. As detailed in the Amended Complaint, State National has alleged a complex fraud scheme that, if continued, threatens to expose State National to irreparable harm. (*See generally* ECF No. 47.) As a result, absent the opportunity for a

9

permanent injunction through a consent decree, State National will effectively be required to advance this case to a final hearing on the merits to protect State National from such harm.

For similar reasons, and particularly in disputes involving trademark infringement, parties frequently request—and courts frequently grant—consent decrees that enforce settlement agreements through binding injunctions. *See McKeon Prod., Inc. v. Howard S. Leight & Assocs., Inc.*, 15 F.4th 736, 739 (6th Cir. 2021) (discussing a consent decree entered in a trademark dispute and styled as a "permanent injunction"); *N. Techs. Int'l Corp. v. SKS Indus., Inc.*, No. 1:02CV-828, 2009 WL 10689367, at *1, 4 (N.D. Ohio Mar. 6, 2009) (enforcing a consent decree's permanent injunction regarding defendant's infringement of plastic packaging products); *Masco Corp. of Indiana v. Delta Imports LLC*, No. 11-CV-14720, 2013 WL 12180798, at *1 (E.D. Mich. Sept. 3, 2013) ("The parties resolved this trademark infringement dispute involving competing uses of the mark "DELTA" by entering into a Consent Judgment."); *Am. Girl, Inc. v. Hammer*, No. 3:04-CV-392-TAV-HBG, 2014 WL 3507339, at *1 (E.D. Tenn. July 14, 2014) ("Under the consent judgment, defendant was permanently enjoined from using any other mark which so resembles the American Girl Marks.") (internal quotation mark omitted); *Wilcox Assocs., Inc. v. Xspect Sols.*, No. 08-14695, 2009 WL 3059151, at *4 n.7 (E.D. Mich. Sept. 24, 2009) ("The case was originally settled when the parties entered into a Consent Judgment, whereby the defendant was permanently enjoined from manufacturing, distributing, or selling automobile accessory products bearing the plaintiff's trademarks in the United States."); *Liberty Couns., Inc. v. Ohio Liberty Council Corp.*, No. 2:11-CV-789, 2013 WL 1327075, at *1 (S.D. Ohio Mar. 28, 2013) ("After plaintiff brought suit against defendant Ohio Liberty Council for trademark infringement, the parties entered into a court-approved consent decree under which defendant agreed to change

its name to Ohio Liberty Coalition."). Like the permanent injunctions entered in these cases, the Consent Order is appropriate here.

## IV. CONCLUSION.

For the foregoing reasons, it is appropriate for the Court to enter the Consent Order in this case. The Parties therefore respectfully request that the Court dismiss ePremium as a party to this action. In addition, the Parties request the Court grant the Motion and enter the Consent Order.

Dated: November 9, 2021

*Counsel for Plaintiff-Intervenors State National Insurance Company, Inc. and National Specialty Insurance Company*

/s/ Jack A. Wheat

Jack A. Wheat
Peter J. Rosene
McBRAYER PLLC
500 W. Jefferson St., Suite 2400
Louisville, KY 40202
Phone: (502) 327-5400
jwheat@mcbrayerfirm.com
prosene@mcbrayerfirm.com

Steven T. Whitmer (*pro hac vice*)
Julie L. Young (*pro hac vice*)
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Phone: (312) 443-0700
swhitmer@lockelord.com
jyoung@lockelord.com

*Counsel for Defendant in Intervention ePremium Insurance Agency, LLC*

/s/ Donald J. Kelly

Donald J. Kelly
Julie L. Watts
Matthew Robert Palmer-Ball
WYATT, TARRANT & COMBS, LLP
400 West Market Street
Suite 2000
Louisville, KY 40202
Phone: (502) 562-7327
dkelly@wyattfirm.com
jwatts@wyattfirm.com
mpalmerball@wyattfirm.com

Jeffrey B. Korn (*pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Phone: (212) 728-8000
jkorn@wilkie.com

## CERTIFICATE OF SERVICE

I, Jack A. Wheat, an attorney, do hereby certify that on November 10, 2021, I electronically filed the foregoing with the Clerk of the Court using the electronic case filing system, which will send notification of such filings to the parties registered with the Court's CM/ECF system.

/s/ Jack A. Wheat
Jack A. Wheat

Jack A. Wheat
jwheat@mcbrayerfirm.com
Peter J. Rosene
prosene@mcbrayerfirm.com
McBRAYER PLLC
500 W. Jefferson St., Ste. 2400
Louisville, KY 40202
Phone: 502.327.5400
Fax:     502.327.5444

Steven T. Whitmer (*pro hac vice*)
swhitmer@lockelord.com
Julie L. Young (*pro hac vice*)
jyoung@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Phone: 312.443.0700
Fax:     312.896.6254

*Counsel for Plaintiff-Intervenors*
*State National Insurance Company, Inc. and*
*National Specialty Insurance Company*