# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No.  3:20-CV-00330-BJB-LLK |
| THE AMBASSADOR GROUP LLC d/b/a ) | |
| AMBASSADOR CAPTIVE SOLUTIONS; ) | Judge Benjamin J. Beaton |
| GAGLIARDI INSURANCE SERVICES, INC.; ) | |
| GOLDENSTAR SPECIALTY INSURANCE, ) | Magistrate Judge Lanny King |
| LLC; PERFORMANCE INSURANCE ) | |
| COMPANY SPC on behalf of GOLDENSTAR ) | |
| HOLDINGS COMPANY SP and on behalf of ) | |
| SMART INSURE SP; and BRANDON WHITE, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| STATE NATIONAL INSURANCE ) | |
| COMPANY, INC. and NATIONAL ) | |
| SPECIALTY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff-Intervenors, ) | |
| ) | |
| vs. ) | |
| ) | |
| THE AMBASSADOR GROUP LLC d/b/a ) | |
| AMBASSADOR CAPTIVE SOLUTIONS; ) | |
| BRANDON WHITE; PERFORMANCE ) | |
| INSURANCE COMPANY SPC; ) | |
| HERITAGERM, LLC d/b/a SANFORD & ) | |
| TATUM INSURANCE AGENCY; and ) | |
| GAGLIARDI INSURANCE SERVICES, INC., ) | |
| ) | |
| Defendants in Intervention. ) | |

**STATE NATIONAL'S MOTION FOR LEAVE TO AMEND
ITS AMENDED INTERVENING COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 15 and/or 21, Plaintiff-Intervenors State National Insurance Company, Inc. and National Specialty Insurance Company (collectively, "State National") hereby move for leave to amend its Amended Intervening Complaint (ECF No. 47). In support of this Motion, State National states as follows.

## INTRODUCTION

This action involves complex schemes to counterfeit insurance policies and defraud the public. Together, Defendants The Ambassador Group LLC d/b/a Ambassador Captive Solutions ("Ambassador"), Brandon White ("White"), Performance Insurance Company SPC ("Performance"), HeritageRM, LLC d/b/a Sanford & Tatum Insurance Agency ("Sanford") and Gagliardi Insurance Services, Inc. ("Gagliardi") (collectively, the "Defendants") directed, facilitated and forged thousands of counterfeit insurance policies and certificates—all of which fraudulently bore State National's name and mark without its knowledge or consent.

As detailed in State National's proposed Second Amended Intervening Complaint (the "Second Amended Complaint"), which is attached as Exhibit A, these counterfeit State National policies purport to provide coverage in connection with seven high-risk schemes, which were implemented through captive reinsurance companies formed and run by White, an owner of Ambassador, in the Cayman Islands.

State National is a stranger to each of these insurance programs: it never agreed to cover any such risks and never received any payments in connection with them. Defendants nevertheless misled the purported insureds by making them believe that State National fronted (*i.e.*, issued and backed) insurance policies for them. Additionally, in order to paper these fraudulent insurance programs, Ambassador and White forged or caused to be forged the signatures of purported State National executives on phony agency and reinsurance contracts, as well as emails and invoices

that were purportedly issued by State National. Defendants then pocketed millions of dollars in premiums, fees and commissions from the programs.

Through their conduct, Defendants violated the Lanham Act, which prohibits the unauthorized use of State National's service mark and imposes severe punishments in forgery schemes like those at issue here. In addition, Defendants violated state laws designed to prevent and punish unlawful and deceptive trade practices, the misappropriation of another's name and insurance fraud.

Consequently, on August 19, 2020, State National moved to intervene in this action in order to seek injunctive relief to cease the ongoing fraud schemes and to recover damages for the harm Defendants' fraud has inflicted upon State National. (*E.g.*, ECF No. 31.) On September 17, 2020, the Court granted State National's motion to intervene. (ECF No. 43.) The next day, State National filed its original complaint. (ECF No. 44.) Seven days later, on September 24, 2020, State National filed its Amended Intervening Complaint. (ECF No. 47.)

Since that time, the case has not proceeded beyond the document discovery phase. The Court has vacated the amended scheduling order, which contained discovery deadlines. (ECF No. 122). Nevertheless, the parties that are not in bankruptcy or liquidation[1] have exchanged written and document discovery, and documents have been subpoenaed from numerous third parties. To date, however, oral fact discovery has not commenced.

---

[1] In November 2020, Gagliardi filed for bankruptcy in the U.S. Bankruptcy Court for the Northern District of California. (*See* ECF No. 118.) In February 2021, Performance initiated liquidation proceedings in the Cayman Islands, and joint voluntary liquidators (the "Liquidators") were appointed for Performance. (ECF No. 112.) In March 2021, the Liquidators sought, and subsequently received, court supervision of the Performance liquidation through the Grand Court of the Cayman Islands, as well as Chapter 15 recognition of the Cayman liquidation of Performance in the U.S. Bankruptcy Court for the Southern District of Florida. (*See* ECF No. 112.) The proposed Second Amended Complaint does not assert any new claims or requests for relief against either Performance or Gagliardi. *See, e.g., In re Gronczewski*, 444 B.R. 526, 530–31 (Bankr. E.D. Pa. 2011) (holding that the automatic stay does not prevent plaintiffs from amending their complaint to assert claims against non-debtor parties).

Through this Motion, State National seeks leave to amend its operative complaint in order to: (1) add additional information that State National has learned through discovery; (2) add Sanford as an additional party, and (3) remove ePremium Insurance Agency, LLC ("ePremium") as a party, because State National's claims against ePremium have been resolved through settlement.

## ARGUMENT

### A. The Legal Standard.

Rule 15(a)(2) states that "[t]he court should freely give leave" to amend a complaint "when justice so requires."[2] FED. R. CIV. P. 15(a)(2). The U.S. Supreme Court has instructed that Rule 15(a)'s "mandate is to be heeded." *E.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962). Consequently, the Court "should construe Rule 15 liberally, always striving to decide cases on their merits rather than on technicalities." *E.g.*, *Winery v. Wilcher*, No. 3:05-CV-289-S, 2006 WL 8449122, at *7 (W.D. Ky. Feb. 7, 2006); *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) ("[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" (citation omitted)).

"The Supreme Court has long held that . . . leave to amend should be granted in the absence of a good reason to the contrary." *Afshari v. Bear Archery, Inc.*, No. CIV.A. 12-13-KSF, 2012 WL 3027649, at *2 (E.D. Ky. July 24, 2012) (citation omitted). Accordingly, "denial of leave to

---

[2] In addition or in the alternative to Rule 15(a)(2), State National brings this Motion pursuant to Rule 21 and/or Rule 15(d). Where, as here, "an amendment seeks to add parties to a lawsuit," "[t]he Sixth Circuit has yet to decide whether Rule 21 or Rule 15 controls . . . . Regardless, the standard is the same." *E.g.*, *Haynes v. Martin*, No. CIV.A. 6:12-210-DCR, 2014 WL 1159932, at *9 (E.D. Ky. Mar. 21, 2014) (the standard for Rule 15(a)(2) and Rule 21 is the same (citations omitted); *Despain v. Louisville Metro. Gov't*, No. 3:14-CV-P602-CHB, 2021 WL 3699386, at *2 (W.D. Ky. Aug. 19, 2021) (the standard for Rule 15(d) and Rule 15(a)(2) is the same (citations omitted)).

4

amend [a] complaint is appropriate" only in "limited circumstances," particularly where the following factors are present:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment . . . .

*E.g.*, *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998) (citation omitted); *Winery*, 2006 WL 8449122, at *7 (citation omitted).

### B. Why State National Is Seeking Leave To Amend.

State National is seeking leave to file a Second Amended Complaint for three primary reasons.

First, State National seeks to conform its pleading to the evidence learned through discovery. Before and after filing this lawsuit, State National has actively and diligently pursued information regarding Defendants' fraud schemes. State National therefore seeks leave to include additional facts discovered to date.

Second, State National seeks to add Sanford as a Defendant. Through discovery, State National learned that Sanford played an important role in the fraud scheme. (*See, e.g.*, Ex. A, at ¶¶ 61–81.) Sanford, which is the insurance agency that administered the Madera Scheme, was presented with clear warning signs that State National never agreed to provide insurance to Madera. Nevertheless, Sanford, which stood to gain substantial revenue from the program, willfully turned a blind eye to the fraud and facilitated the issuance of numerous fraudulent certificates of insurance bearing the State National mark. (*E.g.*, *id.*) State National therefore seeks leave to add Sanford as a Defendant and to assert against it federal trademark infringement claims, as well as state law claims.

Third, State National seeks to remove ePremium as a party. Recently, all of State National's claims against ePremium were resolved through settlement. As a result, on December 9, 2021, the Court issued its Opinion and Order dismissing all claims against ePremium with prejudice. (ECF No. 139).

**C. There Is No Good Reason To Deny State National's Request To Amend.**

The Court may properly grant leave to amend here because, for four reasons, there is no good reason to deny amendment under these circumstances.

1. State National Has Not Unduly Delayed Seeking This Amendment.

As an initial matter, State National has not been dilatory in seeking to amend its operative complaint. To the extent there has been delay, that delay has not been "undue," but rather attributable to the parties' good faith efforts at settlement, which have, among other things, resulted in the dismissal of ePremium as a defendant. (*E.g.*, ECF Nos. 121, 129, 136, 139–40.) Additionally, State National has sought leave to amend by the December 27, 2021 deadline to amend the pleadings and add parties. (ECF No. 141.) This factor therefore weighs in favor of permitting amendment. *See, e.g.*, *S. Fifth Towers, LLC v. Aspen Ins. UK, Ltd*, No. 3:15-CV-00151-CRS, 2015 WL 7571906, at *5 (W.D. Ky. Nov. 24, 2015) ("Although South Fifth may have waited until the deadline to amend pleadings, it met that deadline. . . . The Court finds that this factor weighs in favor of granting South Fifth leave to amend.").

2. State National's Proposed Amendments Are Not Futile.

State National's proposed amendments here are not futile. In this Circuit, "[a]n amendment is 'futile' if 'the proposed amendment would not permit the complaint to survive a motion to dismiss.'" *E.g.*, *United States ex rel. Griffith v. Conn*, No. CV 11-157-ART, 2015 WL 8682294, at *3 (E.D. Ky. Dec. 11, 2015) (citations omitted). "If a proposed amendment is not *clearly* futile,

however, then the court should allow the amendment." *Id.* (emphasis in original) (citation and internal marks omitted).  "The proper vehicle to address an amendment that is subject to dismissal—but not *clearly* so—is a standalone motion to dismiss." *Id.*  Here, there is nothing about the proposed amendments that creates "facial pleading deficiencies," much less a clear pleading deficiency.  *See, e.g.*, *TRUCK AND AUTO EXTRAS, LLC, et al., Plaintiffs, v. MARTY K. ANDERSON, et al., Defendants. Additional Party Names: George Clay*, No. 5:19-CV-280-REW, 2019 WL 13108763, at *3 (E.D. Ky. Dec. 16, 2019).

        3.    State National's Proposed Amendments Will Not Cause Undue Prejudice To The Existing Defendants.

State National's proposed amendments will not cause the current Defendants to suffer undue prejudice.  "[T]o deny a motion to amend, a court must find at least some significant showing of prejudice to the opponent." *E.g.*, *Tarter v. AP/AIM RiverCenter Suites, LLC*, No. CV 16-78-DLB-CJS, 2017 WL 11188366, at *3 (E.D. Ky. Mar. 22, 2017) (citations and internal marks omitted).  Here, for four reasons, the proposed amendments would not cause the Defendants to suffer prejudice.

First, State National's proposed amendments would not cause the existing Defendants to overhaul their strategy or to "have to address any new claims or legal issues." *See, e.g.*, *Winery*, 2006 WL 8449122, at *8 ("Cherry Hill presents the same substantive issues as Huber; the defendants will not have to address any new claims or legal issues."); *TRUCK AND AUTO EXTRAS, LLC*, 2019 WL 13108763, at *2–3 ("[T]he same foundational allegations underly both Complaint variants; the previously and newly asserted claims all stem from a common factual landscape, and Defendants have been on notice of the action's factual basis from case outset[.] There is no conceivable prejudice to Defendants' ability to investigate the claims in this case or develop corresponding defensive strategy.").

7

<u>Second</u>, even if the Defendants would have to engage in additional discovery due to the amendments, that fact is insufficient to create undue prejudice where, as here, discovery has not yet closed and no depositions have taken place. *E.g.*, *Tarter*, 2017 WL 11188366, at *4 ("While the amendments may require the parties to engage in further discovery, this does not cause undue prejudice to RiverCenter. The discovery deadline set in this matter is not until October 28, 2017, allowing the parties ample time to complete any discovery necessitated by the amendment.").

<u>Third</u>, it is not unduly prejudicial for a plaintiff to add additional parties in order to ensure "that it has named all the entities that are financially responsible." *See, e.g.*, *Dura Glob. Techs., Inc. v. Magna Donnelly Corp.*, No. 2:07-CV-10945, 2011 WL 4532875, at *4 (E.D. Mich. Sept. 30, 2011) ("It appears to the Court that Dura is seeking to add the additional Magna entities simply to make sure that it has named all the entities that are financially responsible. The Court notes that judicial economy favors making sure that all proper defendants are added to this case.").

<u>Fourth</u>, the Defendants would not be unduly prejudiced here by the addition of facts addressing the scope of the fraud schemes at issue or the inclusion of Sanford as a party because the Defendants have known from the outset about Sanford's central role in the Madera Scheme. *See, e.g.*, *TRUCK AND AUTO EXTRAS, LLC*, 2019 WL 13108763, at *4 (existing defendants "would surely have been aware" of a new party's "factual involvement in the case from inception," so allowing joinder of the new party would not cause "any unfair surprise or prejudice"; additionally, the new party's "inclusion in this action is judicially expedient and promotes full and complete case resolution").

For all these reasons, this factor weighs in favor of granting State National leave to amend its complaint.

      4.   <u>There Is No Other Reason To Deny State National's Proposed Amendment Here.</u>

Finally, there is no other reason to deny State National's request to amend its operative complaint. For example, State National has not "repeated[ly] fail[ed] to cure deficiencies by previous amendments," as State National has only amended its complaint once, and that amendment was as a matter of right prior to any party responding to its originally filed complaint. (*See* ECF No. 47.) Additionally, State National is not bringing the Motion in bad faith, and nothing in the record demonstrates otherwise.

For all these reasons, there is no justification for denying State National's Motion, and State National should therefore be granted leave to file its Second Amended Complaint. *See, e.g.*, *Foman*, 371 U.S. at 182 (directing that leave to amend should be freely given unless there is an "apparent or declared reason" for denying the request); *Afshari v. John Schaffer Performance Archery Prods., Inc.*, No. 5:13-003-DCR, 2013 WL 4434949, at *8 (E.D. Ky. Aug. 15, 2013) ("[A] plaintiff's motion for leave to amend should be granted absent a justifiable reason . . . .").

## CONCLUSION

For the foregoing reasons, State National respectfully requests that the Court grant the Motion and permit it to file the Second Amended Complaint attached as Exhibit A.

DATED: December 27, 2021

State National Insurance Company, Inc. and National Specialty Insurance Company

By: /s/ *Jack A. Wheat*

One of their Attorneys

Jack A. Wheat
jwheat@mcbrayerfirm.com
Peter J. Rosene
prosene@mcbrayerfirm.com

McBRAYER PLLC
500 W. Jefferson St., Ste. 2400
Louisville, KY 40202
Phone:  502.327.5400
Fax:      502.327.5444

Steven T. Whitmer (*pro hac vice*)
swhitmer@lockelord.com
Julie L. Young (*pro hac vice*)
jyoung@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Phone:  312.443.0700
Fax:      312.896.6254

*Counsel for Intervening Plaintiffs*

## CERTIFICATE OF SERVICE

I, Jack A. Wheat, an attorney, do hereby certify that on December 27, 2021, I electronically filed the foregoing with the Clerk of the Court using the electronic case filing system, which will send notification of such filings to the parties registered with the Court's CM/ECF system.

/s/ *Jack A. Wheat*
Jack A. Wheat

Jack A. Wheat
jwheat@mcbrayerfirm.com
Peter J. Rosene
prosene@mcbrayerfirm.com
McBRAYER PLLC
500 W. Jefferson St., Ste. 2400
Louisville, KY 40202
Phone:  502.327.5400
Fax:     502.327.5444

Steven T. Whitmer (*pro hac vice*)
swhitmer@lockelord.com
Julie L. Young (*pro hac vice*)
jyoung@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Phone:  312.443.0700
Fax:     312.896.6254

*Counsel for Intervening Plaintiffs*