# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; and AMERICAN INTERNATIONAL GROUP, INC. | ) ) ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | No.: 3:20-CV-00330-BJB-LLK |
| THE AMBASSADOR GROUP LLC d/b/a AMBASSADOR CAPTIVE SOLUTIONS; GAGLIARDI INSURANCE SERVICES, INC.; GOLDENSTAR SPECIALTY INSURANCE, LLC; PERFORMANCE INSURANCE COMPANY SPC on behalf of GOLDENSTAR HOLDINGS COMPANY SP and on behalf of HERITAGE-RM, LLC D/B/A SANFORD & TATUM INSURANCE AGENCY, | ) ) ) ) ) ) ) ) ) ) ) | Judge Benjamin J. Beaton<br><br>Magistrate Judge Lanny King<br><br>**H**ERITAGE**RM, LLC'**S**, D/B/A **S**ANFORD **& T**ATUM **I**NSURANCE **A**GENCY**'**S **C**ROSSCLAIM **A**GAINST **D**EFENDANTS |
| Defendants | ) ) ) | **AND D**EFENDANTS IN **I**NTERVENTION **T**HE **A**MBASSADOR **G**ROUP**, LLC,** |
| STATE NATIONAL INSURANCE COMPANY, INC. and NATIONAL SPECIALTY INSURANCE COMPANY, | ) ) ) ) ) | **D/B/A A**MBASSADOR **C**APTIVE **S**OLUTIONS**, AND B**RANDON **W**HITE |
| Plaintiffs-Intervenors, | ) ) | |
| v. | ) ) | |
| THE AMBASSADOR GROUP LLC d/b/a AMBASSADOR CAPTIVE SOLUTIONS; BRANDON WHITE; PERFORMANCE INSURANCE COMPANY SPC; HERITAGE-RM, LLC D/B/A SANFORD & TATUM INSURANCE AGENCY; and GAGLIARDI INSURANCE SERVICES, INC., | ) ) ) ) ) ) ) ) | |
| Defendants in Intervention. | ) ) ) | |

Defendant and Intervening Defendant HeritageRM, LLC, d/b/a Sanford & Tatum Insurance Agency (Sanford), by counsel, hereby files this crossclaim against Defendants and Intervening Defendants The Ambassador Group, LLC, d/b/a Ambassador Captive Solutions (Ambassador), and Brandon White (White), upon knowledge as to matters relating to itself and upon information and belief as to all other matters, and alleges as follows:

## **PARTIES**

1. Sanford makes the following crossclaim subject to and without waiving any pleaded defenses and denials and without waiving its right to dismissal of claims alleged against it.

2. Sanford is an insurance agency and Texas limited liability company with its principal place of business at 5241 98th St., Lubbock, Texas 79424.

3. Upon information and belief, Ambassador is a limited liability company organized under the laws of the Commonwealth of Kentucky with its principal office located at 9700 Park Plaza Avenue, in Louisville, Kentucky.

4. Upon information and belief, White is a Kentucky domiciliary and resides at 5008 Hickory Hill Drive, in LaGrange, Kentucky.

## **JURISDICTION**

5. The Court has federal subject matter jurisdiction over Sanford's crossclaim under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. The Court has supplemental jurisdiction over Sanford's crossclaim because it is part of the same case or controversy and shares a common nucleus of operative fact with the federal claims alleged in the Amended Complaint of Plaintiffs Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pa., and American International Group (collectively, Lexington) and the federal claims alleged in the Second Intervening

Complaint of State National Insurance Company, Inc., and National Specialty Insurance Company (collectively, State National) under the Lanham Act (15 U.S.C. § 1121), which confers subject matter jurisdiction to this Court under 28 U.S.C. §§ 1331 and 1338.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Sanford's crossclaim occurred in this district, since Ambassador and White are based in the district and much of the alleged conduct occurred in Kentucky.

8. The Court has personal jurisdiction over Ambassador because it is located, domiciled, doing business, and otherwise found in Kentucky.

9. This Court has personal jurisdiction over White because he is a Kentucky domiciliary.

## FACTS

10. The Amended Complaint of Lexington and the Second Intervening Complaint of State National (Lexington and State National are hereafter collectively referred to as Plaintiffs) include allegations against Sanford arising from the issuance of insurance policies in the Plaintiffs' names alleged to be "counterfeit," "forged," and/or part of an alleged fraudulent scheme carried out and implemented by Ambassador and/or White and relating to the Madera Residential project, or the "Madera Scheme" (the Madera project).

11. Sanford denies the allegations in the Plaintiffs' Complaints and denies its knowledge of or involvement in any procurement or issuance of any "counterfeit" or "forged" insurance policies, invoices, or related documents pertaining to the Madera project.

12. The Plaintiffs' allege that Ambassador and/or White procured and caused the fraudulent issuance of "counterfeit" insurance policies, certificates, and invoices for the Madera project that fraudulently bore the Plaintiffs' names, without the Plaintiffs' knowledge or consent.

13. The Plaintiffs allege that Ambassador and/or White forged or caused to be forged the

signatures of purported representatives of the Plaintiffs on insurance contracts, emails, and invoices for the Madera project, thereby creating the impression that the Plaintiffs had agreed to insure risks that they never agreed to insure.

14. The Plaintiffs further allege that, through Ambassador's and/or White's alleged fraud and forgeries, Ambassador and White caused the issuance of a number of reinsurance agreements between captive insurance companies and the Plaintiffs for the Madera project.

15. As an insurance agency, Sanford has no role or involvement in the identification or selection of issuing insurance carriers for the Madera project, such as Lexington or State National, to issue policies for captive reinsurance companies.

16. Identification and selection of issuing carriers to issue policies for such captive reinsurance companies is a function performed by captive intermediary consultants, such as Ambassador and/or White, and were without input or involvement of Sanford.

17. Similarly, Sanford had no role or involvement in communications or negotiations with issuing carriers for the Madera project concerning their willingness or agreement to issue policies for captive reinsurance companies.

18. Those communications and functions are performed by other entities, such as captive intermediary consultants or brokers, and were without input or involvement of Sanford.

19. Sanford did not participate in the identification or selection of Lexington or State National as potential issuing insurance carriers for the Madera project.

20. Upon information and belief, those functions were performed by Ambassador and/or White and were without input or involvement of Sanford.

21. Sanford did not participate in any communications or negotiations with the Plaintiffs concerning their willingness or agreement to issue policies for the captive reinsurance

4

companies identified in the Plaintiffs' Complaints and pertaining to the Madera project.

22. Upon information and belief, those functions were performed by Ambassador and/or White and were without input or involvement of Sanford.

23. Sanford did not participate in the procurement or issuance of any of the insurance policies identified in the Plaintiffs' Complaints for the Madera project.

24. Upon information and belief, those functions were performed by Ambassador and/or White and were without input or involvement of Sanford.

25. Sanford did not forge any signatures or falsify any documents in connection with the issuance of any of the insurance policies identified in Plaintiffs' Complaint, for the Madera project.

26. Sanford had no knowledge of any alleged forgeries or allegedly falsified documents being submitted by Ambassador and/or White or other parties to cause the issuance of any of the insurance policies identified in Plaintiffs' Complaints for the Madera project.

27. Sanford relied upon representations and documents from Ambassador and/or White that showed that Plaintiffs had agreed to the issuance of policies bearing their name for the Madera project.

28. Ambassador and/or White represented to Sanford at various times that Lexington and State National were authorized issuing carriers for the Madera project

29. To be clear, to the extent Ambassador and/or White engaged in alleged forgery, falsified documents, and engaged in fraud or negligent misrepresentation pertaining to the Madera project, Sanford was a victim of such conduct and had no knowledge of such conduct until it was informed of same by counsel for State National by letter dated August 19, 2020.

30. White himself acknowledged in an email to Sanford dated May 12, 2020, that Sanford "acted in good faith" with regard to Sanford having no knowledge that Lexington was not

an authorized issuing carrier for Madera.

31. White further acknowledged in an email dated August 20, 2020, that he, alone, was given "authority to add the signature page to each reinsurance contract" purportedly provided by State National, and "I did not confirm with State National that they were aware of each agreement."

32. White further acknowledged, "I will continue to work through these issues as they are discovered, but I wanted all to know that I will personally do what it takes to make it right as I know several businesses *and agencies* are suffering in the meantime."

33. Sanford is one of those agencies "suffering in the meantime," as a result of the conduct of White and/or Ambassador.

34. As a result of being a victim of such conduct, Sanford has now been further victimized by being sued for conduct it had no knowledge of, did not condone, and would not have condoned had it known of such conduct.

35. Sanford has suffered pecuniary loss, due to the acts and omissions of Ambassador and/or White and its justifiable reliance upon statements, communications, and documents provided by Ambassador and/or White showing that Lexington and/or State National were authorized issuing carriers for the Madera project.

36. The alleged actions and omissions by Ambassador and/or White were the primary alleged causes of the events for which the Plaintiffs claim to seek damages and other relief, including any claims the Plaintiffs are pursuing against Sanford.

### COUNT I
### (Common-Law Indemnity)

37. Sanford repeats and reiterates all the foregoing allegations as though fully set forth herein.

38. Ambassador and/or White, by the actions and omissions alleged in the Plaintiffs' Complaints and referred to herein, are alleged to have acted willfully and fraudulently by

6

obtaining through forgery the issuance of the policies, reinsurance contracts, insurance certificates, and invoices that are the subject of Plaintiffs' claims.

39. According to the Complaints, the actions and omissions alleged in Plaintiffs' Complaints and referred to herein directly caused the injuries that Plaintiffs allegedly incurred and seek to recover against all Defendants, including Sanford.

40. In the event that Sanford is found liable to Plaintiffs—which it should not be—Sanford's liability would be secondary to that of Ambassador and/or White, whose actions and omissions Plaintiffs allege were direct, active, primary, proximate, efficient, and superseding causes of the injuries alleged by Plaintiffs.

41. Sanford is entitled to a judgment of indemnity against Ambassador and/or White for all amounts assessed against Sanford with reimbursement for all costs, including attorney fees, incurred by Sanford in defending against the Plaintiffs' claims.

42. The Plaintiffs' Complaints assert that Sanford is constructively, secondarily, and/or vicariously liable to the Plaintiffs based on the actions and omissions of the Ambassador Defendants.

43. Therefore, for this alternative reason as well, Sanford is entitled to complete indemnification from Ambassador and/or White, for all amounts assessed against Sanford and incurred by Sanford in defending against the Plaintiffs' claims, including reimbursement for all costs and attorney fees incurred by Sanford.

## COUNT II
### (Negligent Misrepresentation)

44. Sanford repeats and reiterates all the foregoing allegations as though fully set forth herein.

45. In the course of their business, profession, or employment in which they had a pecuniary interest, Ambassador and/or White supplied false information for the guidance of Sanford in its role as insurance agent for the Madera project.

46. Namely, Ambassador and/or White represented to Sanford at various times that Lexington and State National were authorized issuing carriers for the Madera project

47. Sanford justifiably relied upon these representations of Ambassador and/or White.

48. Ambassador and/or White—at a minimum—failed to exercise reasonable care or competence in obtaining and/or communicating to Sanford at various times that Lexington and State National were authorized issuing carriers for the Madera project.

49. Ambassador and/or White acted recklessly in communicating to Sanford at various times that Lexington and State National were authorized issuing carriers for the Madera project.

50. As a result, Sanford has suffered and continues to suffer pecuniary losses for such conduct of Ambassador and/or White.

## COUNT III
### (Declaratory Judgment)

51. Sanford repeats and reiterates all the foregoing allegations as though fully set forth herein.

52. Plaintiffs' Complaints allege, among other things, that Ambassador and/or White and other Defendants wrongfully used the Plaintiffs' trademarks and caused the Plaintiffs' alleged injuries.

53. These allegations create an actual and substantial dispute and controversy between Sanford and Ambassador and/or White regarding alleged liability for any such alleged injuries.

54. Sanford seeks all appropriate relief under the Declaratory Judgment Act, including a judgment declaring that Sanford did not owe or breach any duties to Plaintiffs and that Sanford is entitled to be indemnified by that Ambassador and/or White against alleged liability based on alleged acts or omissions by them, with reimbursement for all costs, including attorney fees, incurred by Sanford in defending against the Plaintiffs' claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant and Intervening Defendant HeritageRM, LLC, d/b/a Sanford & Tatum Insurance Agency, respectfully requests the following relief:

1. That Lexington's Amended Complaint be dismissed with prejudice;

2. That State National's Second Intervening Complaint be dismissed with prejudice;

3. That Sanford be awarded all compensatory damages suffered as a result of the conduct of Ambassador and/or White;

4. That Sanford be awarded appropriate indemnification against Ambassador and/or White;

5. That the Court grant the declaratory relief requested herein;

6. That Sanford be awarded pre-judgment and post-judgment interest and its reasonable attorneys' fees and other costs and expenses incurred in defending against this action;

7. For leave to amend its crossclaim to add further causes of action, such as fraud, should justice require it;

8. Trial by jury; and

9. All other and further relief as the Court may deem just and equitable.

Respectfully Submitted,

/s/ Chad O. Propst
_____
W. KENNEDY SIMPSON
CHAD O. PROPST
THOMPSON MILLER & SIMPSON PLC
734 West Main Street, Suite 400
Louisville, Kentucky 40202
(502) 585-9900
ksimpson@tmslawplc.com
cpropst@tmslawplc.com
*Counsel for Heritage-RM, LLC d/b/a*
*Sanford & Tatum Insurance Agency*

10

**CERTIFICATE OF SERVICE**

On July 22, 2022, a copy of the foregoing was filed with this Court's CM/ECF system and also served by email to the following:

Adam J. Kaiser
Joanna H. Schorr
Alston & Bird LLP – New York
90 Park Avenue
New York, NY 10016-1387
P 212-210-9400
F 212-210-9444
adam.kaiser@alston.com
1Ioanna.schorr@alston.com

Carolyn P. Michener
Joel T. Beres
Stites & Harbison, PLLC
400 W. Market St., Ste. 1800
Louisville, KY 40202
P 502-587-6391
cmichener@stites.com
jberes@stites.com

Kelsey L. Kingsbery
Alston & Bird, LLP – Raleigh
555 Fayetteville St., Ste. 600
Raleigh, NC 27601
P 919-862-2227
F 919-862-2260
Kelsey.kingsbery@alston.com

Michael R. Hoernlein
Alston & Bird – Charlotte
Bank of America Plaza
101 South Tryon St., Ste. 4000
Charlotte, NC 28080
P 704-444-1041
F 704-444-1951
Michael.hoernlein@alston.com
*Counsel for Plaintiffs Lexington Insurance Company, American International Group, Inc., National Union Fire Insurance Company of Pittsburgh, PA*

Jack Allen Wheat
Peter J. Rosene
McBrayer PLLC
500 W. Jefferson St., Ste. 2400
Louisville, KY 40202
P 502-327-5400
F 502-327-5444
jwheat@mmlk.com
prosene@mcbrayerfirm.com

Julie L. Young
Steven T. Whitmer
Locke Lord LLP
111 S. Wacker DR.
Chicago, IL 606065
P 312-443-0700
F 312-896-6254
jyoung@locelord.com
swhitmer@lockelord.com
*Counsel for Intervenor Plaintiff State National Insurance Company, Inc., National Specialty Insurance Company*

Christopher E. Schaefer
Culver V. Halliday
Douglas C. Ballantine
Kevin A. Imhof
Stoll Keenon Ogden PLLC
500 W. Jefferson St., Ste. 2000
Louisville, KY 40202
christopher.schaefer@skofirm.com
culver.halliday@skofirm.com
douglas.ballantine@skofirm.com
kevin.imhof@skofirm.com
*Counsel for Defendant The Ambassador Group LLC d/b/a Ambassador Captive Solutions, Gagliardi Insurance Service, Inc., Brandon White*

11

Pro Se Defendant Goldenstar Specialty Insurance, LLC

Pro Se Defendant Performance Insurance Company SPC on behalf of Goldenstar Holdings Company SP on behalf of Smart Insure SP

/s/ Chad O. Propst

CHAD O. PROPST
*Counsel for Heritage-RM, LLC,*
*d/b/a Sanford & Tatum Insurance Agency*