**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **LEXINGTON INSURANCE COMPANY,** )<br>)<br>Plaintiff )<br>)<br>and )<br>)<br>**STATE NATIONAL INSURANCE**  )<br>**COMPANY, INC,** *et al.* )<br>)<br>Intervening Plaintiffs, )<br>)<br>v. )<br>)<br>**THE AMBASSADOR GROUP LLC,** *et al.*, )<br>)<br>Defendants. ) | CASE NO. 3:20-CV-00330-DJH |

**AMBASSADOR AND WHITE'S ANSWER TO SANFORD'S CROSSCLAIM**

**(Jury Demand Included)**

Defendants The Ambassador Group LLC ("Ambassador") and Brandon M. White ("White"), for their answer to the crossclaim ("Crossclaim") filed against them by Defendant HeritageRM, LLC, doing business as Sanford & Tatum Insurance Agency ("Sanford") (DN 174), state as follows:

1. With respect to the allegations in paragraph 1 of the Crossclaim, Ambassador and White state that the allegations are legal conclusions to which no response is required.

2. In response to paragraph 2 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations.

3. With respect to the allegations in paragraph 3 of the Crossclaim, Ambassador and White state that Ambassador is a limited liability company organized under the law of the Commonwealth of Kentucky with its principal office located at 9700 Park Plaza Avenue in Louisville, Kentucky.

4. With respect to the allegations in paragraph 4 of the Crossclaim, Ambassador and White state that White resides at 5008 Hickory Hill Drive in LaGrange, Kentucky.

5. With respect to the allegations in paragraph 5 of the Crossclaim, Ambassador and White state that the allegations are legal conclusions to which no response is required.

6. With respect to the allegations in paragraph 6 of the Crossclaim, Ambassador and White state that the allegations are legal conclusions to which no response is required.

7. With respect to the allegations in paragraph 7 of the Crossclaim, Ambassador and White state that the allegations are legal conclusions to which no response is required.

8. With respect to the allegations in paragraph 8 of the Crossclaim, Ambassador and White state that the allegations are legal conclusions to which no response is required.

9. With respect to the allegations in paragraph 9 of the Crossclaim, Ambassador and White state that the allegations are legal conclusions to which no response is required.

10. With respect to the allegations in paragraph 10 of the Crossclaim, Ambassador and White state that the complaints identified therein speak for themselves.

11. In response to paragraph 11 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations.

12. With respect to the allegations in paragraph 12 of the Crossclaim, Ambassador and White state that the complaints identified therein speak for themselves.

13. With respect to the allegations in paragraph 13 of the Crossclaim, Ambassador and White state that the complaints identified therein speak for themselves.

14. With respect to the allegations in paragraph 14 of the Crossclaim, Ambassador and White state that the complaints identified therein speak for themselves.

15. In response to paragraph 15 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations.

16. With respect to the allegations in paragraph 16 of the Crossclaim, Ambassador and White state that generally speaking, captive intermediary consultants help identify issuing carriers to issue captive insurance policies.  In response to the remaining allegations in paragraph 16 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations.

17. In response to paragraph 17 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations.

18. In response to paragraph 18 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations.

19. Ambassador and White admit the allegations of paragraph 19 of the Crossclaim as they are, in the main, correct.

20. In response to paragraph 20 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations, as it is unclear what "those functions" means.

21. In response to paragraph 21 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations.

22. In response to paragraph 22 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations, as it is unclear what "those functions" means.

23. In response to paragraph 23 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations.

24. In response to paragraph 24 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations, as it is unclear what "those functions" means.

25. In response to paragraph 25 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations.

26. In response to paragraph 26 of the Crossclaim, Ambassador and White deny any allegations against them. In further response to paragraph 26 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations regarding what Sanford knew.

27. In response to paragraph 27 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations.

28. Ambassador and White admit the allegations of paragraph 28 of the Crossclaim as they are, in the main, correct.

29. In response to paragraph 29 of the Crossclaim, Ambassador and White deny any allegations against them. In further response to paragraph 29 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations regarding what Sanford knew.

30. With respect to the allegations in paragraph 30 of the Crossclaim, Ambassador and White state that the email identified therein speaks for itself.

31. With respect to the allegations in paragraph 31 of the Crossclaim, Ambassador and White state that the email identified therein speaks for itself.

32. With respect to the allegations in paragraph 32 of the Crossclaim, Ambassador and White state that the email identified therein speaks for itself.

33. In response to paragraph 33 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations.

34. In response to the allegations in paragraph 34 of the Crossclaim, Ambassador and White deny any allegations against them. In further response to the allegations in paragraph 34 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations.

35. In response to the allegations in paragraph 35 of the Crossclaim, Ambassador and White deny any allegations against them. In further response to the allegations in paragraph 35 of the Crossclaim, Ambassador and White state that they are without knowledge or information sufficient to form a belief about the truth of the allegations.

36. In response to the allegations in paragraph 36 of the Crossclaim, Ambassador and White deny any allegations against them. In further response to the allegations in paragraph 36 of the Crossclaim, Ambassador and White state that the complaints identified therein speak for themselves.

37. Ambassador and White for their response to paragraph 37 of the Crossclaim incorporate here by reference, pursuant to Rule 10(c) of the Federal Rules of Civil Procedure ("FRCP"), their responses to paragraphs 1 through 36 of the Crossclaim.

38. In response to the allegations in paragraph 38 of the Crossclaim, Ambassador and White deny any allegations against them. In further response to the allegations in paragraph 38 of the Crossclaim, Ambassador and White state that the complaints identified therein speak for themselves.

39. In response to the allegations in paragraph 39 of the Crossclaim, Ambassador and White deny any allegations against them. In further response to the allegations in paragraph 39 of the Crossclaim, Ambassador and White state that the complaints identified therein speak for themselves.

40. In response to paragraph 40 of the Crossclaim, Ambassador and White deny any and all allegations against them. In further response to the allegations in paragraph 40 of the Crossclaim, Ambassador and White state that the allegations are legal conclusions to which no response is required.

41. Ambassador and White deny any and all allegations of paragraph 41 of the Crossclaim.

42. In response to the allegations in paragraph 42 of the Crossclaim, Ambassador and White deny any and all allegations against them. In further response to the allegations in paragraph 42 of the Crossclaim, Ambassador and White state that the complaints identified therein speak for themselves.

43. Ambassador and White deny any and all allegations of paragraph 43 of the Crossclaim.

44. Ambassador and White for their response to paragraph 44 of the Crossclaim incorporate here by reference, pursuant to FRCP 10(c), their responses to paragraphs 1 through 43 of the Crossclaim.

45. Ambassador and White deny any and all allegations against them in paragraph 45 of the Crossclaim.

46.     Ambassador and White deny any and all allegations against them in paragraph 46 of the Crossclaim.

47.     In response to paragraph 47 of the Crossclaim, Ambassador and White deny any and all allegations against them. In further response to the allegations in paragraph 47 of the Crossclaim, Ambassador and White state that the allegations are legal conclusions to which no response is required.

48.     In response to paragraph 48 of the Crossclaim, Ambassador and White deny any and all allegations against them. In further response to the allegations in paragraph 48 of the Crossclaim, Ambassador and White state that the allegations are legal conclusions to which no response is required.

49.     In response to paragraph 49 of the Crossclaim, Ambassador and White deny any and all allegations against them. In further response to the allegations in paragraph 49 of the Crossclaim, Ambassador and White state that the allegations are legal conclusions to which no response is required.

50.     In response to paragraph 50 of the Crossclaim, Ambassador and White deny any and all allegations against them. In further response to the allegations in paragraph 50 of the Crossclaim, Ambassador and White state that the allegations are legal conclusions to which no response is required.

51.     Ambassador and White for their response to paragraph 51 of the Crossclaim incorporate here by reference, pursuant to FRCP 10(c), their responses to paragraphs 1 through 50 of the Crossclaim.

52. In response to the allegations in paragraph 52 of the Crossclaim, Ambassador and White deny any and all allegations against them. In further response to the allegations in paragraph 52 of the Crossclaim, Ambassador and White state that the complaints identified therein speak for themselves.

53. Ambassador and White deny any and all allegations against them in paragraph 53 of the Crossclaim. In further response to the allegations in paragraph 53 of the Crossclaim, Ambassador and White state that the allegations are legal conclusions to which no response is required.

54. In further response to the allegations in paragraph 54 of the Crossclaim, Ambassador and White state that the allegations are legal conclusions to which no response is required.

55. Ambassador and White deny any and all allegations against them in the Crossclaim not specifically admitted herein.

**Affirmative Defenses**

56. The Crossclaim fails to state a claim against Ambassador and White upon which relief can be granted.

57. Ambassador and White are not liable to Sanford for any claim or amount.

58. Ambassador and White rely upon all defenses available under the Lanham Act, 15 U.S.C. §1051, *et seq.*, as a complete or partial defense to the claims alleged against them in the Crossclaim.

59. Sanford's claims are barred by its own bad faith and/or unclean hands.

60. Sanford has not suffered cognizable injury or damage under the allegations set forth in the Crossclaim. Ambassador and White deny that Sanford has suffered or will suffer the harm or damages as described in the Crossclaim. However, if Sanford has suffered such harm or damages or will suffer such harm or damages, they were caused in whole or in part by the conduct of Sanford, the Plaintiffs or of third parties, and therefore, any award against Ambassador and White should be reduced by virtue of contributory negligence, comparative negligence, contribution, apportionment, or indemnity.

61. Sanford's alleged injuries were the result of an intervening and superseding cause or causes and are not the substantial result of the acts or omissions of Ambassador and White.

62. Sanford has a duty to mitigate damages whenever possible. Any judgment received by Sanford (the entitlement to which Ambassador and White specifically deny) must be reduced in proportion to Sanford's failure to mitigate damages. Sanford's damages, therefore, are barred in whole or in part by their failure to mitigate damages.

63. Sanford's claims are barred, in whole or in part, by waiver, laches, acquiescence, estoppel, or the applicable statute of limitations.

64. Ambassador and White plead any matter which could be asserted as an affirmative defense or avoidance and reserve the right to amend this answer to the Crossclaim in the event that discovery reveals additional defenses.

**Jury Trial Demand**

65. Ambassador and White, pursuant to FRCP 38(b), demand a trial by jury of all issues triable of right by a jury relating to the claims alleged by Sanford against Ambassador and White in the Crossclaim.

**Demand For Judgment**

Ambassador and White demand judgment in their favor on the claims alleged against them by Sanford in the Crossclaim as follows:

A.      Dismissing the Crossclaim, and all claims alleged therein against Ambassador and White, with prejudice;

B.      Awarding Ambassador and White their costs, including but not limited to reasonable attorneys' fees;

C.      Awarding Ambassador and White all other relief to which they may be entitled.

/s/ Kevin A. Imhof
Culver V. Halliday
Kevin A. Imhof
STOLL KEENON OGDEN PLLC
500 West Jefferson Street
Suite 2000
Louisville, Kentucky 40202
(502) 333-6000
culver.halliday@skofirm.com
kevin.imhof@skofirm.com

Attorneys for Defendants
The Ambassador Group LLC and
Brandon White

124988.167966/8841129.1