**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; and AMERICAN INTERNATIONAL GROUP, INC. | ) ) ) ) ) | |
| Plaintiffs | ) ) ) | |
| v. | ) ) | **No. 3:20-CV-00330-BJB-LLK**<br>**Judge Benjamin J. Beaton**<br>**Magistrate Judge Lanny King** |
| THE AMBASSADOR GROUP LLC d/b/a AMBASSADOR CAPTIVE SOLUTIONS; GAGLIARDI INSURANCE SERVICES, INC.; GOLDENSTAR SPECIALTY INSURANCE, LLC; PERFORMANCE INSURANCE COMPANY SPC on behalf of GOLDENSTAR HOLDINGS COMPANY SP and on behalf of HERITAGE-RM, LLC D/B/A SANFORD & TATUM INSURANCE AGENCY, | ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM OF LAW IN SUPPORT OF SANFORD & TATUM INSURANCE AGENCY'S MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING STATE NATIONAL INSURANCE CO.'S AND NATIONAL SPECIALTY INSURANCE CO.'S MISAPPROPRIATION OF NAME CLAIM** |
| Defendants | ) ) ) ) | |
| STATE NATIONAL INSURANCE COMPANY, INC. and NATIONAL SPECIALTY INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs-Intervenors, | ) ) | |
| v. | ) ) | |
| THE AMBASSADOR GROUP LLC d/b/a AMBASSADOR CAPTIVE SOLUTIONS; BRANDON WHITE; PERFORMANCE INSURANCE COMPANY SPC; HERITAGE-RM, LLC D/B/A SANFORD & TATUM INSURANCE AGENCY; and GAGLIARDI INSURANCE SERVICES, INC., | ) ) ) ) ) ) ) ) | |
| Defendants in Intervention. | ) ) | |

Intervening Defendant Heritage-RM, LLC, d/b/a Sanford & Tatum Insurance Agency (Sanford), by counsel, submits the following memorandum of law in support of its Federal Rules of Civil Procedure 12(b)(6) and (c) motion for judgment on the pleadings regarding Intervening Plaintiffs State National Insurance Company, Inc.'s and National Specialty Insurance Company's (collectively, State National) "Count Three" misappropriation of name claim:

## I. SUMMARY OF THE ARGUMENT

Under Rules 12(b)(6) and (c), the Court should dismiss State National's claims for misappropriation of name because Kentucky does not recognize misappropriation liability arising from a *corporation's* alleged rights. A claim for misappropriation of name arises only from an *individual's* right to privacy and right of publicity. Kentucky has never extended these rights to a corporation or found that a corporation has standing to bring a claim for misappropriation of name. State National is a corporation, not a person. Therefore, it has failed to state a claim on which relief can be granted, requiring dismissal by the Court as a matter of law.

## II. STATEMENT OF FACTS

State National amended its intervening complaint in January 2022, adding Sanford as an intervening defendant.[1] Sanford answered, pleading failure to state claim as its first defense.[2] Sanford is a west Texas insurance agency.[3] State National is a large insurance corporation—a business entity—and not a person.[4]

State National's case against Sanford, at bottom, alleges that Sanford assisted The Ambassador Group and Brandon White in trademark infringement by issuing evidence-of-insurance

---

[1] *E.g.* Second Am. Intervening Compl. and Jury Demand, Dec. 27, 2021 (DN 142-1). State National's second amended intervening complaint was tendered on December 27, 2021, and its motion for leave to amend was granted on January 13, 2022. Agreed Order Granting Pl. Intervenors Leave to File Second Am. Intervening Complaint, Jan. 13, 2022 (DN 146). Although styled as an "agreed order," Sanford did not agree to its filing. *See id.*

[2] Answer of Heritage-RM, LLC, d/b/a Sanford & Tatum Ins. Agency to Second Intervening Compl. and Jury Demand 40, Mar. 8, 2022 (DN 162).

[3] *See id.*

[4] *E.g.* Second Am. Intervening Compl. and Jury Demand ¶¶ 18-19, 25.

certificates to residential renters under a captive insurance program developed by Ambassador, White, Atlas Insurance Management, and Smart Insure for Madera Residential, Ltd., an apartment developer in Texas.[5] In addition to claims for trademark infringement and fraud, State National alleges a "Count Three" claim for misappropriation of name "[a]gainst [a]ll Defendants."[6] State National claims that "[a]ll Defendants" unlawfully appropriated its name without its agreement.[7]

Sanford did not participate in the procurement or issuance of any of the insurance policies identified in State National's amended intervening complaint for the Madera project.[8] Those functions were performed by Ambassador and/or White and were without input or involvement of Sanford.[9] If accurate—as alleged by State National[10]—Sanford had no knowledge of any alleged forgeries or allegedly falsified documents being submitted by Ambassador and/or White or other parties to cause the issuance of any of the insurance policies for the Madera project.[11] To the extent Ambassador and White engaged in alleged forgery, falsified documents, or engaged in fraud or negligent misrepresentation pertaining to the Madera project, Sanford was a victim of such conduct and had no knowledge of such conduct until it was informed of same by counsel for State National on August 19, 2020, at which point it immediately stopped using any allegedly unauthorized trademark.[12]

---

[5] E.g., id. ¶¶ 59-79. Sanford, of course, denies all claims raised by the intervening plaintiffs, as will be further developed in dispositive motion practice.

[6] Id. at 32 & ¶¶ 151-56. Paragraphs 151 through 156 do not specifically identify Sanford by name, but the "count four" header reads "Against All Defendants." See id.

[7] Id. ¶¶ 151-56.

[8] E.g., Heritage-RM, LLC's, d/b/a Sanford & Tatum Ins. Agency's Crossclaim Against Defs. And Defs. in Intervention The Ambassador Gro., LLC, d/b/a Ambassador Captive Solutions, and Brandon White ¶ 23, July 22, 2022 (DN 174).

[9] Id. ¶ 24.

[10] State National alleges that Ambassador and White engaged in a fraud scheme; that issue is being litigated by those parties. To the extent a fraud occurred, Sanford denies knowledge of same or involvement in same. Sanford was merely the insurance agent for the Madera project—the lowest man on the totem pole, who would not have been in a position to procure the kind of knowledge required to prove intent to infringe or willful blindness. See id. ¶¶ 2-33.

[11] Id. ¶ 26.

[12] Id. ¶ 29.

3

## III. ARGUMENT

**A.    Federal Rules of Civil Procedure 12(b)(6) and (c) support dismissal of State National's claim for misappropriation of name against Sanford.**

The "point" of a Rule 12 motion "is not to test the sufficiency of the plaintiff's evidence but to test the sufficiency of its pleadings." *State Farm Mut. Auto. Ins. Co. v. Newburg Chiropractic, P.S.C.*, 2010 WL 1489973, at *3 (W.D. Ky. Apr. 13, 2010). A Rule 12(b)(6) or (c) motion "is simply one permissible avenue for contending that [a plaintiff's] complaint should be dismissed because it fails to state a claim on which relief can be granted." *Griffin v. Reznick*, 2008 WL 4741738, at *2 (W.D. Mich. Oct. 28, 2008) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006)); *see also* Fed. R. Civ. P. 12(h)(2) (indicating same). "Such motions "presume as a legal matter the lack of any need for an evidentiary hearing." *United States v. Raddatz*, 447 U.S. 667, 693-94 (1980). Rule 12 motions "consist exclusively of issues of law." *Thomas v. Arn*, 474 U.S. 140, 150 n.8 (1985).

The Court should accept all of the complaint's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Tech. Recycling Corp. v. City of Taylor*, 186 F. App'x 624, 640 n.5 (6th Cir. 2006); *see also Bohanan v. Bridgestone/Firestone N Am. Tire, LLC*, 260 F. App'x 905, 906 (6th Cir. 2008). However, the court need not draw unwarranted factual inferences or accept the plaintiff's *legal* conclusions. *Bohanan*, 260 F. App'x at 906 (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). Moreover, the challenged claim's "factual allegations must plausibly suggest a viable claim; the claim must be plausible and not merely conceivable." *Zanke-Jodway v. City of Boyne City*, 2009 WL 3205969, at *7 (W.D. Mich. Sept. 28, 2009) (citing *Griffin*, 2008 WL 4741738, at *3). "The 'factual allegations must be enough to raise a right to relief above the speculative level,'" not merely create a "'suspicion of a legally cognizable cause of action.'" *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombley*, 550 US. 544, 555 (2007)). There must be either direct or inferential allegations regarding all the material elements of each claim. *LULAC v. Bredesen*, 500 F.2d 523, 527 (6th Cir. 2007).

4

Here, State National's claim for misappropriation of name is legally insufficient under Kentucky law. Thus, State National has failed to state a claim on which relief can be granted.

**B.     The Court should grant Sandford's motion for judgment on the pleadings because corporations do not have publicity and privacy interests that can be invaded by misappropriation of name.**

*1.     A cause of action for misappropriation of name arises from an* individual's *right of privacy and publicity.*

Kentucky recognizes an *individual's* cause of action for misappropriation of name. *E.g.*, *McCall v. Courier-Journal and Louisville Times Co.*, 623 S.W.2d 882, 887 (Ky. 1981). The claim arises from the common-law principles of an individual's right to privacy and right of publicity. *Montgomery v. Montgomery*, 60 S.W.3d 524, 528 (Ky. 2001); *McCall*, 623 S.W.2d at 887. The right to privacy is aimed to protect an individual's right "to be let alone," and the right of publicity is aimed to protect "the commercial value of one's identity." *Montgomery*, 60 S.W.3d at 528 (citing Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy,* 4 Harv. L. Rev. 193, 195 (Dec. 15, 1890), and Melville B. Nimmer, *The Right of Publicity*, 19 Law & Contemp. Probs. 203-04 (1954)).

In 1984, the right of publicity protecting an individual's name was codified at KRS 391.170, under Kentucky's larger Decedents' Estates, or Wills, Act. The statute "recognizes that *a person* has property rights in his name" and prohibits the use of a person's name for commercial profit without written consent. Ky. Rev. Stat. Ann. § 391.170(1)-(2) (West 2022) (emphasis added). The statute further uses the terms "individual" and "death" in explaining that the right of protection "of an *individual's* personality for commercial exploitation[] does not terminate upon *death*." *Id.* § 391.170(1) (emphasis added). At no point, has Kentucky ever extended the right to privacy or right of publicity to corporations.

**2.      Under Kentucky law, a corporation does not have rights to privacy or of publicity and, thus, has no standing to bring a claim for misappropriation of name.**

Under Kentucky law, a corporation has no rights to privacy or of publicity. *Williamson v. Schneider*, 205 S.W.3d 224, 229 (Ky. App. 2006) ("The defendant, a corporation[,] has no personal right of privacy."); *Earle v. Cobb*, 156 S.W.3d 257, 260 (Ky. 2005) (quoting same); *Montgomery v. Montgomery*, 60 S.W.3d 524, 528 (Ky. 2001) (The "right of publicity protects the right to control the commercial value of *one's identity* . . . it is clearly the commercial interests in *one's identity* that the appropriation prong of tort serves to protect the most."). Because the right of privacy "directly involves injury to human dignity and feelings, the clear majority view is that nonhumans, such as corporations, possess no right to privacy. A partnership or corporation, apart from the individuals in it, has no feelings to hurt. A corporation is only a make-believe 'person.'" J. Thomas McCarthy, *The Right of Publicity and Privacy* § 4:43 (2d ed. 2000 & May 2022 update); *see also Jalin Realty Capital Advisors, LLC v. A Better Wireless, NISP, LLC*, 917 F. Supp. 2d 927, 941 (D. Minn. 2013) (citing McCarthy, *supra*, and finding no reason to predict that a Minnesota state court would allow a commercial entity, as opposed to a human being, to bring a claim for misappropriation of name because it would not serve any purpose that was not already served by plaintiff's other causes of action, *including one for trademark infringement*); *Intercity Maintenance Co. v. Local 254 Serv. Employees Int'l Union*, 62 F. Supp. 2d 483, 506 (D.R.I 1999) (reasoning that appropriation claim is not actionable against a corporation because corporations do not enjoy privacy rights). Nor does the *Restatement (Second) of Torts* "support the position that a corporation may bring an appropriation claim resting on notions of privacy." *Felsher v. Univ. of Evansville*, 755 N.E.2d 589, 594 (Ind. 2001). Such an assessment "is consistent with an overwhelming majority of other states that have addressed the issue of corporate actions" for misappropriation of name. *Id.*

Accordingly, a corporation lacks standing to bring a claim for misappropriation of name

arising therefrom, whether brought under the common-law right to privacy, the common-law right to publicity, or the statutory right of publicity under KRS 391.170. Where Kentucky's appellate courts have never recognized a particular cause of action, a trial court should dismiss the plaintiff's unrecognized claim as a matter of law. *E.g.*, *Harris Corp. v. Comair, Inc.*, 712 F.2d 1069, 1071 (6th Cir. 1983) ("Thus, inasmuch as Kentucky law does not recognize a claim on behalf of a decedent's employer, the district court properly dismissed counts one and three of Harris' complaint."); *Jackson v. Murray State Univ.*, 2011 WL 2746826, at *4 (W.D. Ky. July 13, 2011) ("Since Kentucky law does not recognize a private cause of action under its Constitution, this portion of Jackson's complaint is inappropriate."); *Powell v. Tosh*, 2010 WL 3395685, at *9 (W.D. Ky. Aug. 25, 2010) ("The Court . . . finds that negligent encouragement is not an available cause of action in Kentucky. . . . [T]here is no indication to this Court that Kentucky would in fact adopt this cause of action. Plaintiffs claim for negligent encouragement is dismissed."). And "[f]ederal courts generally follow a policy against expanding state law . . . . A federal court's role is to apply state law as it exists, not to surmise or suggest its expansion." *Zetter v. Griffith Aviation, Inc.*, 2006 WL 1117678, at *13 (E.D. Ky. Apr. 25, 2006). "When choosing between an interpretation of state law which reasonably restricts liability, and one which greatly expands liability, courts should choose the narrower and more reasonable path." *Goins v. Interstate Blood Bank, Inc.*, 2005 WL 1653611, at *3 (W.D. Ky. July 12, 2005) (citing *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004)).

Here, State National and National Specialty—corporations, nonhumans—do not have rights to privacy or rights of publicity under Kentucky law. Therefore, they do not have standing to bring a claim for misappropriation of name. Under Rules 12(b)(6) and (c), State National's and National Specialty's claims for misappropriation of name should be dismissed as a matter of law.

## IV. CONCLUSION

The Court should grant Sanford's Rule 12 motion because Kentucky has never recognized that a corporation has a publicity and privacy interest that could be invaded by misappropriation of name. Therefore, State National's and National Specialty's count three claim for misappropriation of name fails to state a claim on which relief can be granted.

Respectfully Submitted,

/s/ Chad O. Propst
_____

W. KENNEDY SIMPSON
CHAD O. PROPST
ABBIE C. O'BRIEN
THOMPSON MILLER & SIMPSON PLC
734 West Main Street, Suite 400
Louisville, Kentucky 40202
(502) 585-9900
ksimpson@tmslawplc.com
cpropst@tmslawplc.com
aobrien@tmslawplc.com
*Counsel for Heritage-RM, LLC d/b/a*
*Sanford & Tatum Insurance Agency*

## CERTIFICATE OF SERVICE

On December 12, 2022, a copy of the foregoing was filed with this Court's CM/ECF system and also served by email to the following:

Adam J. Kaiser
Joanna H. Schorr
Alston & Bird LLP – New York
90 Park Avenue
New York, NY 10016-1387
P 212-210-9400
F 212-210-9444
adam.kaiser@alston.com
9oanna.schorr@alston.com

Carolyn P. Michener
Joel T. Beres
Stites & Harbison, PLLC
400 W. Market St., Ste. 1800
Louisville, KY 40202
P 502-587-6391
cmichener@stites.com
jberes@stites.com

Kelsey L. Kingsbery
Alston & Bird, LLP – Raleigh
555 Fayetteville St., Ste. 600
Raleigh, NC 27601
P 919-862-2227
F 919-862-2260
Kelsey.kingsbery@alston.com

Michael R. Hoernlein
Alston & Bird – Charlotte
Bank of America Plaza
101 South Tryon St., Ste. 4000
Charlotte, NC 28080
P 704-444-1041
F 704-444-1951
Michael.hoernlein@alston.com
*Counsel for Plaintiffs Lexington Insurance Company, American International Group, Inc., National Union Fire Insurance Company of Pittsburgh, PA*

Jack Allen Wheat
Peter J. Rosene
McBrayer PLLC
500 W. Jefferson St., Ste. 2400
Louisville, KY 40202
P 502-327-5400
F 502-327-5444
jwheat@mmlk.com
prosene@mcbrayerfirm.com

Julie L. Young
Steven T. Whitmer
Locke Lord LLP
111 S. Wacker DR.
Chicago, IL 606065
P 312-443-0700
F 312-896-6254
jyoung@locelord.com
swhitmer@lockelord.com
*Counsel for Intervenor Plaintiff State National Insurance Company, Inc., National Specialty Insurance Company*

Christopher E. Schaefer
Culver V. Halliday
Douglas C. Ballantine
Kevin A. Imhof
Stoll Keenon Ogden PLLC
500 W. Jefferson St., Ste. 2000
Louisville, KY 40202
christopher.schaefer@skofirm.com
culver.halliday@skofirm.com
douglas.ballantine@skofirm.com
kevin.imhof@skofirm.com
*Counsel for Defendant The Ambassador Group LLC d/b/a Ambassador Captive Solutions, Gagliardi Insurance Service, Inc., Brandon White*

Pro Se Defendant Goldenstar Specialty Insurance, LLC

Pro Se Defendant Performance Insurance Company SPC on behalf of Goldenstar Holdings Company SP on behalf of Smart Insure SP

/s/ Chad O. Propst

CHAD O. PROPST
*Counsel for Heritage-RM, LLC,*
*d/b/a Sanford & Tatum Insurance Agency*