# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **LEXINGTON INSURANCE COMPANY, et al.** | **Plaintiffs** |
| v. | No. 3:20-cv-330-BJB |
| **THE AMBASSADOR GROUP LLC, et al.** | **Defendants** |

| | |
|---|---|
| **STATE NATIONAL INSURANCE COMPANY, INC., et al.** | **Plaintiff–Intervenors** |
| v. | |
| **THE AMBASSADOR GROUP LLC, et al.** | **Defendants–Intervenors** |

\*\*\*

### MEMORANDUM OPINION & ORDER ENTERING CONSENT DECREE

Lexington Insurance Company brought this trademark suit alleging that The Ambassador Group LLC and Brandon White (along with other Defendants) secretly forged Lexington Insurance's name and trademark on hundreds of counterfeit insurance policies and thousands of insurance certificates. *See* Amended Complaint (DN 143-1). Lexington Insurance sought an injunction under the Lanham Act and other relief under a variety of state and federal laws. *E.g., id.* ¶¶ 189, 228, 224, 285, 293. Early in this long-running case, Lexington Insurance, Ambassador Group, and White jointly moved for a consent order (DN 16) "to maintain the status quo." The Court entered an order to that effect (DN 17) in May 2020. National Union Fire Insurance Company of Pittsburgh and American International Group (both affiliated with Lexington Insurance) subsequently joined as plaintiffs. *See* Motion to Amend Complaint (DN 143) at 5–6, 8. Now these parties have reached a settlement contingent on the Court dismissing Plaintiffs' claims against Ambassador Group and White and permanently enjoining them from future infringement of Plaintiffs' trademarks. *See* DN 202.

Despite questions raised by this Court and others regarding the lawfulness and advisability of consent decrees that bind parties apparently no longer in controversy, *see* DN 139 at 1–5, the Sixth Circuit and other courts have held that

district judges may (and often must) do so. *See generally* Michael T. Morley, *Consent of the Governed or Consent of the Government? The Problems with Consent Decrees in Government-Defendant Cases*, 16 U. PA. J. CONST. L. 637, 674 (2014) ("Perhaps the most compelling argument upon which supporters of consent decrees can rely is the judiciary's largely unbroken historical practice of issuing them."). Two primary questions arise in this situation: the existence of the court's jurisdiction and the appropriateness of the parties' injunctive relief.

**1.** As to jurisdiction, three criteria determine whether courts may enter and enforce consent decrees. Under controlling caselaw, permissible consent decrees must "spring from and serve to resolve a dispute within the court's subject-matter jurisdiction," "'com[e] within the general scope of the case made by the pleadings,'" and "further the objectives of the law upon which the complaint was based." *Benalcazar v. Genoa Township*, 1 F.4th 421, 425 (6th Cir. 2021) (quoting *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)). If these conditions are satisfied, "courts retain the inherent power to enforce"—and, by implication, enter as forward-looking orders—"agreements entered into in settlement of litigation pending before them." *United States v. Bd. of County Comm'rs*, 937 F.3d 679, 688 (6th Cir. 2019) (quotation omitted); *see also Vanguards of Cleveland v. City of Cleveland*, 23 F.3d 1013, 1017 (6th Cir. 1994) ("[A] consent decree is a 'settlement agreement subject to continued judicial policing.'") (quoting *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983)).

The proposed order submitted by the Plaintiffs, Ambassador Group, and White satisfies those jurisdictional prerequisites. This Court indisputably has federal-question jurisdiction over the Plaintiffs' Lanham Act claims alleging fraudulent use of a trademark and, by extension, supplemental jurisdiction over the Plaintiffs' state-law claims arising from the same factual nucleus. *See* Amended Complaint ¶¶ 10–11, 175–220 (citing 15 U.S.C. § 1121). The proposed injunction ordering Ambassador Group and White not to violate the Plaintiffs' trademarks "come[s] within the general scope of the case made by the pleadings." *Benalcazar*, 1 F.4th at 425 (quotation marks and alteration omitted). And protecting trademarks by enjoining their violation "further[s] the objectives of the law upon which the complaint was based." *Id.*

**2.** As to remedy, a forward-looking injunction is indeed a standard type of relief in Lanham Act disputes such as this. And that largely answers the second question before the Court: the appropriateness of the consent decree and the injunctive relief it orders. Should the Court, satisfied of its jurisdiction to act, exercise that jurisdiction by entering the injunction contemplated by the consent decree? Congress, by enacting the Lanham Act, has authorized courts to order this remedy in trademark-infringement cases. District courts

> shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant…. A plaintiff seeking any such injunction

> shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction….

15 U.S.C. § 1116(a). An injunction "is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Audi AG v. D'Amatoi*, 469 F.3d 534, 550–51 (6th Cir. 2006) (quotation omitted). This is "the usual and normal remedy once trademark infringement has been found in a final judgment." 5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30:1 (5th ed. 2017). "From at least the early 19th century, courts have granted injunctive relief upon a finding of infringement in the vast majority of patent cases. This long tradition of equity practice is not surprising, given the difficulty of protecting a right to exclude through monetary remedies that allow an infringer to use an invention against the patentee's wishes." *eBay Inc., et al. v. MercExchange, LLC*, 547 U.S. 388, 395 (2006) (Roberts, C.J., concurring) (quotation marks omitted).

The Sixth Circuit has recognized district courts' "broad" and "inherent" discretion in fashioning injunctive relief in connection with a private settlement. *Hamilton County*, 937 F.3d at 688 (citation omitted). But it has also emphasized district judges' obligation to exercise this authority based on reasons consistent with public policy's general "presumption in favor of voluntary settlement of litigation." *United States v. Lexington-Fayette Urban County Gov't*, 591 F.3d 484, 490–91 (6th Cir. 2010) (quotation marks omitted). To guide that discretion, the Court of Appeals has set forth a list of factors a judge should consider in connection with a proposed consent decree: "The criteria to be applied when a district court decides whether to approve and enter a proposed consent decre[e] are whether the decree is fair, adequate, and reasonable, as well as consistent with the public interest." *Id.* at 489 (quotation omitted); *see also Williams*, 720 F.2d at 922–23 (similar); *Pedreira v. Sunrise Children's Servs.*, 802 F.3d 865, 872 (6th Cir. 2015) (applying the considerations set forth in *Lexington–Fayette*).

As in this Court's prior order entering a consent decree in connection with the agreed dismissal of ePremium (DN 139), the requested injunction contemplated by the consent decree currently before the Court appears to be fair, adequate, and reasonable. Consistent with the preliminary injunction and the claims set forth in the pleadings, it would enjoin any future misappropriation of the Plaintiffs' trademarks by Ambassador Group and White. *See* Proposed Consent Decree (DN 202-1) at 4–5. The Plaintiffs may limit renewed violations of its trademarks, while Ambassador Group and White may limit the costs of ongoing litigation and trial. *See United States v. Armour & Co.*, 402 U.S. 673, 681–82 (1971). This approach is undoubtedly more efficient than continuing down a risky path toward trial. And the relief commanded by the consent decree furthers the public interest by supporting trademark rights and deterring misleading or fraudulent insurance sales. *See generally Williams*, 720 F.2d at 923; *Audi*, 469 F.3d at 550–51.

The Court therefore adopts and enters the proposed order (DN 202-1).

## CONSENT ORDER

1. This Consent Order is entered as part of a settlement between Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, and American International Group (Plaintiffs) and The Ambassador Group LLC and Brandon White (Defendants) that will fully and finally resolve the disputes between them in the Lawsuit.

2. Defendants, their agents, employees, officers, attorneys, successors, assigns and all persons in active concert or participation with any of them shall not represent to anyone that Plaintiffs issued any insurance policies or insurance certificates, or are responsible for any loss, related to the Unauthorized Policies.

3. Defendants, their agents, employees, officers, attorneys, successors, assigns and all persons in active concert or participation with any of them shall not issue any additional insurance policies or certificates bearing the names or marks of Plaintiffs or their affiliates.

4. Defendants, their agents, employees, officers, attorneys, successors, assigns and all persons in active concert or participation with any of them shall not use in any manner Plaintiffs' names or marks or the names or marks of Plaintiffs' affiliates in offering for sale, selling, distributing or advertising any and all goods or services, including, but not limited to, all insurance products, insurance policies, certificates of insurance, insurance forms or any other documents purporting to evidence insurance.

**Further:**

1. The Court dismisses with prejudice the Plaintiffs' claims against The Ambassador Group, LLC and Brandon White;

2. Each party is responsible for its own costs and expenses;

3. This Order doesn't affect any claims besides those against The Ambassador Group, LLC and Brandon White; and

4. The Plaintiffs shall file a status report within 90 days of this order and every 90 days thereafter until the case is resolved.

Benjamin Beaton, District Judge
United States District Court

February 2, 2024